Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead*
*Plaintiff and for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>ENOCHIAN BIOSCIENCES INC., MARK DYBUL, LUISA PUCHE, RENÈ SINDLEV, CAROL L. BROSGART, GREGG ALTON, JAMES SAPIRSTEIN, CARL SANDLER, HENRIK GRØNFELDT-SØRENSEN, JAYNE MCNICOL, and EVELYN D'AN,<br><br>   Defendants. | Case No. 8:22-cv-01374-JWH-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KYLE RANKHORN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL**<br><br>CLASS ACTION<br><br>JUDGE: John W. Holcomb<br>Hearing Date: November 18, 2022<br>Time: 9:00 a.m.<br>CTRM: 9D (Santa Ana) |

[Additional caption on next page]

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KYLE RANKHORN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 8:22-cv-01374-JWH-JDE

| PIER LUIGI MANICI and SARA CAVAGNA MANICI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ENOCHIAN BIOSCIENCES, INC. f/k/a DANDRIT BIOTECH USA, INC., ERIC LEIRE, MARK DYBUL, ROBERT WOLFE and LUISA PUCHE, <br><br> Defendants. | Case No. 2:22-cv-05237-JWH-JDE <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: John W. Holcomb |
|---|---|

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Kyle Rankhorn ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)  consolidating the above-captioned actions;

(2)  appointing Movant as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired the securities of Enochian BioSciences, Inc. ("Enochian" or the "Company") between January 17, 2018 and June 27, 2022[1], inclusive (the "Class Period"), to recover damages caused by defendants' violations of the federal securities laws (the "Class"); and

---

[1] The first-filed action, *Chow v. Enochian BioSciences Inc., et al*., case no. 8:22-cv-01374-JWH-JDE has a class period of September 24, 2020 through May 31, 2022, inclusive. The later-filed action, *Manici, et al., v. Enochian BioSciences, Inc. f/k/a DanDrit Biotech USA, et al*., case no. 2:22-cv-05237-JWH-JDE, has a

2

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.  PERTINENT BACKGROUND

On July 26, 2022, this action was commenced against the Company and certain of its executives and directors[2] for violations under the Exchange Act. That same day, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The above-captioned related action styled as *Manici, et al., v. Enochian BioSciences, Inc. f/k/a DanDrit Biotech USA, et al.,* case no. 2:22-cv-05237-JWH-JDE, was subsequently filed in this District asserting substantially similar facts and claims as the instant action with a longer Class Period and certain of the Company's current and former officers.

The complaints allege that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business,

class period of January 17, 2018 through June 27, 2022. A more inclusive class period is favored at the lead plaintiff stage. *See, e.g., In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

[2] *Chow v. Enochian BioSciences Inc., et al.,* case no. 8:22-cv-01374-JWH-JDE, includes the following defendants: Mark Dybul, Luisa Puche, Renè Sindlev, Carol L. Brosgart, Gregg Alton, James Sapirstein, Carl Sandler, Henrik Grønfeldt-Sørensen, Jayne Mcnicol, and Evelyn D'An. *Manici, et al., v. Enochian BioSciences, Inc. f/k/a DanDrit Biotech USA, et al.,* case no. 2:22-cv-05237-JWH-JDE, includes the following defendants: Eric Leire, Mark Dybul, Robert Wolfe, and Luisa Puche.

3

operational and financial results. Specifically, Ddfendants made materially false and/or misleading statements and/or failed to disclose that: (1) co-founder and inventor Serhat Gumrukçu ("Gumrukçu") was engaged in a variety of frauds; (2) Gumrukçuwas not a licensed doctor anywhere in the world and had no verifiable degrees beyond high school; (3) as a result of the foregoing, the scientific and technological underpinnings of Enochian's product pipeline, purportedly invented by Gumrukçu, were dubious at best and Gumrukçu's purported contributions to the Company lacked a reasonable basis; (4) Enochian's senior leadership knew Gumrukçu had a criminal history that included fraud; (5) as a result of the foregoing, the Company had overstated its commercial prospects; (6) Enochian's reliance on Gumrukçu, and its consulting and licensing agreements with G-Tech Bio, LLC ("G-Tech") and Seraph Research Institute ("SRI"), subjected the Company to a heightened risk of reputational and financial harm, as well as threatened the integrity of the Company's scientific findings; (7) Gumrukçu had improperly diverted approximately $20 million from Enochian to entities he owned; and (8) as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Then on May 25, 2022, the U.S. Department of Justice ("DOJ") announced that Gumrukçu had been arrested and charged in a murder-for-hire conspiracy. On this news, Enochian's stock price fell $2.17 per share, or 36%, to close at $3.70 per share on May 25, 2022.

Then on June 1, 2022, Hindenburg Research ("Hindenburg") published a report on Enochian entitled "Miracle Cures and Murder For Hire: How A Spoon-Bending Turkish Magician Built A $600 Million Nasdaq-Listed Scam Based On A Lifetime Of Lies" (the "Hindenburg Report"). The Hindenburg Report stated, among other things, that the individual in whose murder Gumrukçu was implicated, Gregory Davis, "was murdered … just 19 days before Gumrukçu was

4

scheduled to appear in court to defend himself against felony fraud allegations related to a 2016 deal with Davis" and that "[f]ederal prosecutors argued that the prospective merger deal that eventually resulted in Enochian going public served as a key motive for the murder." The Hindenburg Report also stated that "[u]nbeknownst to investors (but known to Enochian's senior leadership) Gumrukcu's latest arrest for a murder conspiracy is simply the most recent in a string of alleged crimes by Gumrukcu," who "was arrested based on accusations of falsely posing as a doctor" in his native Turkey in 2012 and "[i]n February 2017, Gumrukcu was arrested by authorities after the State of California accused him of a slew of white-collar crimes, including fraud, identity theft, and check kiting – a total of 14 felonies." The Hindenburg Report further stated that "[w]e have been unable to find any jurisdiction in which Gumrukçu is licensed as a medical doctor" and that "Gumrukcu looks to have purchased a fake Russian medical degree on the black market[.]" On this news, Enochian's stock price fell $1.495 per share, or 28%, to close at $3.765 per share on June 1, 2022.

Then on June 27, 2022, The Wall Street Journal published an article entitled "Biotech Wizard Left a Trail of Fraud—Prosecutors Allege It Ended in Murder," claiming that Gumrukçu owed Davis over $900,000 after Gumrukçu coaxed Davis into entering into a fraudulent oil deal with him. The article further alleged that FBI agents were suspicious that Gumrukçu "had fabricated his resume and held neither a medical degree nor a doctoral degree."

On this news, the Company's shares fell $0.73, or 21%, to close at $2.60 per share on June 27, 2022. When the true details entered the market, the lawsuits claim that investors suffered damages.

## ARGUMENT

## II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent

unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KYLE RANKHORN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 8:22-cv-01374-JWH-JDE

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $5,457 on purchases of Enochian securities in connection with the alleged fraud at issue. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KYLE RANKHORN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 8:22-cv-01374-JWH-JDE

securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and

8

his claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Enochian and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.    Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The

9

Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel. The firm has been actively researching the class' and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   September 26, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and for the Class*

11

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On September 26, 2022, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KYLE RANKHORN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 26, 2022.


/s/ Laurence Rosen
Laurence M. Rosen

12