**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway Street, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Amanda Hollingworth*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ENOCHIAN BIOSCIENCES INC., MARK DYBUL, LUISA PUCHE, RENÈ SINDLEV, CAROL L. BROSGART, GREGG ALTON, JAMES SAPIRSTEIN, CARL SANDLER, HENRIK GRØNFELDT-SØRENSEN, JAYNE MCNICOL, and EVELYN D'AN, <br><br> Defendants. | No.: 8:22-cv-01374-JWH-JDE <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF AMANDA HOLLINGWORTH FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge: Hon. John W. Holcomb <br> Date: October 28, 2022 <br> Time: 9:00 a.m. <br> Courtroom #9D |

[Additional caption on following page]

| | |
|---|---|
| PIER LUIGI MANICI and SARA CAVAGNA MANICI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES, INC. f/k/a DANDRIT BIOTECH USA, INC., ERIC LEIRE, MARK DYBUL, ROBERT WOLFE and LUISA PUCHE,<br><br>Defendants. | No.: 2:22-cv-05237-JWH-JDE<br><br>Judge: Hon. John W. Holcomb |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................... 1

II.   STATEMENT OF FACTS ........................................................................ 2

III.  ARGUMENT ........................................................................................... 5

      A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............... 5

      B.  MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS
          APPROPRIATE ............................................................................ 5

          1. The Procedure Required by the PSLRA ..................................... 5

             a. Movant Is Willing to Serve As Class Representative ......................... 6

             b. Movant Has the Requisite Financial Interest in the Relief Sought
                by the Class ........................................................................... 7

      C.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules
          of Civil Procedure........................................................................ 8

             a. Movant's Claims are Typical of the Claims of all the Class
                Members.............................................................................. 9

             b. Movant Will Adequately Represent the Class ................................. 10

      D.  APPROVING MOVANT'S CHOICE OF COUNSEL IS
          APPROPRIATE ............................................................................ 11

IV.   CONCLUSION........................................................................................ 12

# TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002)............................................................2, 7, 8, 9

*In re Coinbase Global Securities Litigation,*
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) .......................11

*Crawford v. Honig,*
  37 F.3d 485 (9th Cir. 1994) ............................................................10

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
  2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .........................................12

*Deinnocentis v. Dropbox, Inc.,*
  2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)...................................12

*In re Drexel  Burnham Lambert Group,*
  960 F.2d 285 (2d Cir. 1992)..............................................................10

*Ferrari v. Gisch,*
  225 F.R.D. 599 (C.D. Cal. 2004) ...................................................... 9

*Gen. Tel. Co. of the Southwest v. Falcon,*
  457 U.S. 147 (1982) ..................................................................... 9

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998)............................................................ 9

*Haung v. Acterna Corp.,*
  220 F.R.D. 255 (D. Md. 2004).......................................................... 9

*Hufnagle v. Rino Int'l Corp.,*
  No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011) ......................................................................... 5

*Jiang v. BlueCity Holdings Limited, et al.,*
  No. 1:21-cv-04044-CLP (E.D.N.Y. Dec. 22, 2021) .......................................11

*Maiden v. Merge Techs., Inc.*,

No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)....... 7

*Malriat v. Quantumscape Corp.*,

2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ..............................12

*In re Milestone Sci. Sec. Litig.*,

183 F.R.D. 404 (D.N.J. 1998)..................................................................... 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,

182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................. 9

*Robidoux v. Celani*,

987 F.2d 931 (2d Cir. 1993)...................................................................... 9

*Snyder v. Baozun Inc.*,

2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020) ..............................12

*Subramanian v. Watford, et. al.*,

2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)................................12

*Takeda v. Turbodyne Techs., Inc.*,

67 F. Supp. 2d. 1129 (C.D. Cal. 1999)........................................................ 8

*Weiss v. York Hosp.*,

745 F.2d 786 (3d Cir. 1984).................................................................9, 10

*White Pine Invs. v. CVR Ref.*,

2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)...................................12

**Statutes**

15 U.S.C. § 78u-4 ......................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 .....................................................................................*passim*

Fed. R. Civ. P. 42(a) .................................................................................. 5

## I.    PRELIMINARY STATEMENT

Presently pending before the Court are the above-captioned securities class action lawsuits (the "Actions") brought on behalf of persons and entities that purchased or otherwise acquired Enochian BioSciences, Inc. ("Enochian" or the "Company") securities between January 17, 2018 and June 27, 2022, inclusive (the "Class Period")[1], including common stock issued by Enochian in a private placement offering on or about February 16, 2018. Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Mark Dybul ("Dybul"), Luisa Puche ("Puche"), Renè Sindlev ("Sindlev"), Carol L. Brosgart, Gregg Alton, James Sapirstein, Carl Sandler, Henrik Grønfeldt-Sørensen, Jayne Mcnicol, Evelyn D'an, and Eric Leire (collectively, "Defendants").[2]

Movant Amanda Hollingworth ("Movant") lost approximately $51,448.46 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of her motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiff pursuant to the Private Securities

---

[1] The action entitled *Chow v. Enochian BioSciences, Inc.*, et al., No. 8:22-cv-01374-JWH-JDE (C.D. Cal. July 26, 2022) (the "*Chow*" Action) defines the Class Period as September 24, 2020 through May 31, 2022, inclusive. The action styled *Manici, et al. v. Enochian BioSciences, Inc.*, et al., No. 2:22-cv-05237-JWH-JDE (C.D. Cal. July 28, 2022) (the "*Manici*" Action) defines the Class Period as January 17, 2018 through June 27, 2022, inclusive. Movant adopts the most-inclusive Class Period defined in the *Manici* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

[2] The Actions allege violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (c) for approval of her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that she has the largest financial interest in the outcome of the case.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that she should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS[5]

Enochian is a pre-clinical stage biotechnology company that purportedly

---

[3] Movant's certification identifying her transactions during the Class Period and a chart detailing her losses are attached to the Declaration of Adam M. Apton, dated September 26, 2022 ("Apton Decl."), as Exhibits A, and B, respectively.

[4] The Actions exclude from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Chow* Complaint") filed in the *Chow* Action. Citations to "*Manici* ¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Manici* Complaint") filed in the *Manici* Action. The facts set forth in the *Chow* and *Manici* Complaints are incorporated herein by reference.

researches and develops pharmaceutical and biological products for the human treatment of human immunodeficiency virus ("HIV"), hepatitis B virus ("HBV"), influenza and coronavirus infections, and cancer. ¶ 2.

Enochian and its top management have credited Serhat Gumrukcu ("Gumrukcu"), Enochian's co-founder and largest shareholder, as a "genius" and the "inventor" of the technology and science behind the Company's product pipeline. ¶ 3. The Company has multiple consulting and licensing agreements with GTech Bio, LLC, a California limited liability company ("G-Tech"), and G Health Research Foundation, a not-for-profit entity organized under the laws of California doing business as Seraph Research Institute ("SRI"), both of which are controlled by Gumrukcu. ¶ 4.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Gumrukcu was not a licensed doctor and had no verifiable degrees beyond high school; (ii) accordingly, the scientific and technological underpinnings of Enochian's product pipeline, purportedly invented by Gumrukcu, were dubious at best; (iii) accordingly, the Defendants had significantly overstated the commercial prospects for the Company's product pipeline; (iv) Enochian's senior leadership knew Gumrukcu had a criminal history that included fraud; (v) accordingly, Enochian's reliance on Gumrukcu, and its consulting and licensing agreements with G-Tech and SRI, subjected the Company to a heightened risk of reputational and financial harm, as well as threatened the integrity of the Company's scientific findings; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On May 25, 2022, the U.S. Department of Justice ("DOJ") announced that Gumrukcu had been arrested and charged in a murder-for-hire conspiracy. ¶ 6.

On this news, Enochian's stock price declined 36.97%, or $2.17 per share, to

close on May 25, 2022 at $3.70 per share. ¶ 7.

Then, on June 1, 2022, Hindenburg Research ("Hindenburg") published a report on Enochian entitled "Miracle Cures and Murder For Hire: How A Spoon-Bending Turkish Magician Built A $600 Million Nasdaq-Listed Scam Based On A Lifetime Of Lies" (the "Hindenburg Report"). ¶ 8. The Hindenburg Report noted that the individual in whose murder Gumrukcu was implicated, Gregory Davis, "was murdered . . . just 19 days before Gumrukcu was scheduled to appear in court to defend himself against felony fraud allegations related to a 2016 deal with Davis" and that "[f]ederal prosecutors argued that the prospective merger deal that eventually resulted in Enochian going public served as a key motive for the murder." *Id.* The Hindenburg Report also stated that "[u]nbeknownst to investors (but known to Enochian's senior leadership) Gumrukcu's latest arrest for a murder conspiracy is simply the most recent in a string of alleged crimes by Gumrukcu," who "was arrested based on accusations of falsely posing as a doctor" in his native Turkey in 2012 and "[i]n February 2017, Gumrukcu was arrested by authorities after the State of California accused him of a slew of white-collar crimes, including fraud, identity theft, and check kiting – a total of 14 felonies." *Id.* The Hindenburg Report further stated that "[w]e have been unable to find any jurisdiction in which Gumrukcu is licensed as a medical doctor" and that "Gumrukcu looks to have purchased a fake Russian medical degree on the black market[.]" *Id.*

In response to these disclosures, the Company's stock price dropped 28.42%, or $1.495 per share, to close on June 1, 2022 at $3.765 per share. ¶ 8.

The Wall Street Journal published an article about Gumrukcu's participation in the murder-for-hire conspiracy on June 27, 2022, claiming that Gumrukcu owed Davis over $900,000 after Gumrukcu coaxed Davis into entering into a fraudulent oil deal with him. *Manici* ¶ 7. The article further alleged that FBI agents were suspicious that Gumrukcu "had fabricated his resume and held neither a medical degree nor a doctoral degree." *Id.*

In response to this news, Enochian's shares plummeted 21.9%, or $0.73, to close on June 27, 2022 at $2.60 per share, on unusually heavy trading volume. *Manici* ¶ 8.

## III.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a).

The Actions pending before this Court are suited for consolidation. The class action complaints are all brought by purchasers of Enochian securities. The complaints allege nearly identical class periods and contain nearly identical allegations charging Defendants with making false and misleading statements concerning the safety and commercial viability of its lead product candidates.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF-VBKx, 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and identical Defendants, warrant consolidation of the Actions.

### B.    MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

#### 1.    The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead

plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against her. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a. Movant Is Willing to Serve As Class Representative

On July 26, 2022, counsel in the *Chow* Action caused a notice (the "Notice")

to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Enochian and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Chow* Action.[6]

Movant has reviewed the complaint filed in the *Chow* Action and has timely filed her motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Enochian securities in reliance

---

[6] The *Chow* Action was filed in this Court on July 26, 2022. On that same day, the Notice was published over *Globe Newswire*, a widely-circulated national business-oriented wire service. *See* Apton Decl., Ex. C (Press Release).

upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Movant: (1) purchased 52,769 shares of Enochian stock; (2) expended $126,912.30 on her purchases of Enochian securities; (3) retained 32,769 shares of Enochian securities through the end of the Class Period; and (4) suffered a substantial loss of $51,448.46 in connection with her purchases of Enochian securities. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**C.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit

its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) she suffered the same injuries as the absent class members; (ii) she suffered as a result of the same course of conduct by Defendants; and (iii) her claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class

members. Movant, like the other Class members, acquired Enochian securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, her claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and her losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses she has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the Class members, demonstrates that she will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements

of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for over ten years. *See* Apton Decl., Ex. D (Movant's Declaration in support of her motion). She resides in Mandelieu la Napoule, Alpes Maritimes, France, and possesses a bachelor of arts. *Id*. Movant is currently employed as an auto entrepreneur running a small boutique food company for weddings and other events. She does not have employees, but hires self-employed individuals when necessary. *Id*. Further, Movant has experience overseeing attorneys, as she has hired attorneys for real estate matters. *Id*. Accordingly, Movant meets the adequacy requirement of Rule 23.

### D. APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl., Ex. E (Levi & Korsinsky's firm resume, respectively). *See also e.g., Jiang v. BlueCity Holdings Limited, et al.*, No. 1:21-cv-04044-CLP, Dkt. No. 16 (E.D.N.Y. Dec. 22, 2021); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87

(N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, this Court may be assured that in the event that Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant her Motion and enter an order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; and (3) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: September 26, 2022          Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)

75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Proposed Lead Counsel for Movant*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 75 Broadway, Suite 202, San Francisco, CA 94111. I am over the age of eighteen.

On September 26, 2022, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF AMANDA HOLLINGWORTH FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 26, 2022.

*/s/ Adam M. Apton*
Adam M. Apton