POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Albert Chow and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES INC., MARK DYBUL, LUISA PUCHE, RENÈ SINDLEV, CAROL L. BROSGART, GREGG ALTON, JAMES SAPIRSTEIN, CARL SANDLER, HENRIK GRØNFELDT-SØRENSEN, JAYNE MCNICOL, and EVELYN D'AN,<br><br>Defendants. | Case No. 8:22-cv-01374-JWH-JDE<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ALBERT CHOW FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL<br><br>DATE:  October 28, 2022<br>TIME:  9:00 a.m.<br>JUDGE:  John W. Holcomb<br>CTRM:  9D, 9th Floor |

MEMORANDUM OF POINTS AND AUTHORITIES - 8:22-cv-01374-JWH-JDE; 2:22-cv-05237-JWH-JDE

PIER LUIGI MANICI and SARA CAVAGNA MANICI, Individually and On Behalf of All Others Similarly Situated,

                  Plaintiffs,

     v.

ENOCHIAN BIOSCIENCES, INC. f/k/a DANDRIT BIOTECH USA, INC., ERIC LEIRE, MARK DYBUL, ROBERT WOLFE and LUISA PUCHE,

                  Defendants.

Case No. 2:22-cv-05237-JWH-JDE

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ..................................................................................2

II.     STATEMENT OF FACTS .......................................................................................3

III.    ARGUMENT...........................................................................................................6

        A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR
                ALL PURPOSES ....................................................................................................6

        B.      CHOW SHOULD BE APPOINTED LEAD PLAINTIFF ........................7

                1.      Chow Is Willing to Serve as Class Representative ........................... 9

                2.      Chow Has the "Largest Financial Interest" ........................................ 9

                3.      Chow Otherwise Satisfies Rule 23's Requirements......................... 11

                4.      Chow Will Fairly and Adequately Represent the Interests of the
                        Class and Is Not Subject to Unique Defenses ................................. 13

        C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
                APPROVED ....................................................................................................14

IV.     CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK,
  2012 WL 78780 (N.D. Cal. Jan. 9, 2012)....................................................................10

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) .....................................................................................12

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018)......................................................................11

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ......................................................................................10

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)................................................................10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................10

*In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
  2017 WL 363274 (N.D. Cal. Jan. 25, 2017)...............................................................11

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ......................................................................10

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...............................................................9, 10

*Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC,
  2013 WL 3354420 (N.D. Cal. July 2, 2013) ...............................................................7

*Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB,
  2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ...............................................................10

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX),
  2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ...............................................................14

*Richardson v. TVIA, Inc.*, No. C 06 06304 RMW,
  2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)..........................................................7, 12

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...................................................................................... 12

*Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF,
    2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ......................................................... 11

## **Statutes**

15 U.S.C. 78u-4 .............................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .......................................................*passim*

## **Rules**

Fed. R. Civ. P. 23 ..........................................................................................................*passim*

Fed. R. Civ. P. 42 ....................................................................................................... 1, 2, 7

Movant Albert Chow ("Chow")[1] respectfully submits this Memorandum of Points and Authorities in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Chow as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Enochian BioSciences, Inc. ("Enochian" or the "Company") f/k/a DanDrit Biotech USA, Inc. securities between January 17, 2018 and June 27, 2022, both dates inclusive (the "Class Period"), including common stock issued by Enochian in a private placement offering on or about February 16, 2018 (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[2]

---

[1] Chow pursues claims in this litigation both on his own behalf and on behalf of his daughter, Jennifer C. Shen, from whom he has received a valid assignment of those claims. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.

[2] On July 26, 2022, the first-filed of the Related Actions was filed in this Court, styled *Albert Chow v. Enochian Biosciences Inc. et al.*, No. 8:22-cv-01374 (C.D. Cal.) (the "Chow Action"), alleging a class including all persons and entities other than Defendants that purchased or otherwise acquired Enochian securities between September 24, 2020 and May 31, 2022, both dates inclusive. *See* Chow Action, Dkt. No. 1 ¶¶ 1, 58. Then, on July 28, 2022, a second action alleging substantially the same wrongdoing as the Chow Action against overlapping defendants was filed in this Court, styled *Pier Luigi Manici et al. v. Enochian BioSciences, Inc. et al.*, No. 2:22-cv-05237 (C.D. Cal.) (the "Manici

MEMORANDUM OF POINTS AND AUTHORITIES - 8:22-cv-01374-JWH-JDE; 2:22-cv-05237-JWH-JDE

## I.   PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act.   Enochian investors, including Chow, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Enochian securities to fall sharply, damaging Chow and other Enochian investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.   Here, the Related Actions are putative class actions alleging violations of the Exchange Act by an overlapping group of defendants arising from substantially the same alleged wrongful conduct.   As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   During the Class Period, Chow purchased or otherwise acquired 2,500 Enochian shares, expended \$12,254 on his transactions in Enochian securities, retained 2,500 of his Enochian shares, and, as a result of the disclosures revealing the

---

Action"), on behalf of a more expansive class of investors including persons and entities other than Defendants that purchased or otherwise acquired Enochian securities between January 17, 2018 and June 27, 2022, inclusive, including common stock issued by Enochian in a private placement offering on or about February 16, 2018.   *See* Manici Action, Dkt. No. 1 ¶¶ 1, 50.   Therefore, without conceding that this is the appropriate class, to avoid excluding any potential class members, this motion has adopted the more expansive class alleged in the Manici Action.

misrepresentations and/or omissions during the Class Period, incurred losses of approximately $4,328 in connection with his transactions in Enochian securities. *See* Pafiti Decl., Ex. B. Accordingly, Chow believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Chow also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Chow has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Chow respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, Enochian is a pre-clinical stage biotechnology company that purportedly researches and develops pharmaceutical and biological products for the human treatment of human immunodeficiency virus, hepatitis B virus, influenza and coronavirus infections, and cancer.

Enochian and its top management have credited Serhat Gumrukcu ("Gumrukcu"), Enochian's co-founder and largest shareholder, as a "genius" and the "inventor" of the technology and science behind the Company's product pipeline.

Enochian has multiple consulting and licensing agreements with GTech Bio, LLC, a California limited liability company ("G-Tech"), and G Health Research Foundation, a not-for-profit entity organized under the laws of California doing business as Seraph Research Institute ("SRI"), both of which are controlled by Gumrukcu.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Gumrukcu was not a licensed doctor and had no verifiable degrees beyond high school; (ii) accordingly, the scientific and technological underpinnings of Enochian's product pipeline, purportedly invented by Gumrukcu, were dubious at best; (iii) accordingly, the Defendants had significantly overstated the commercial prospects for the Company's product pipeline; (iv) Enochian's senior leadership knew Gumrukcu had a criminal history that included fraud and/or was engaged in a variety of frauds; (v) accordingly, Enochian's reliance on Gumrukcu, and its consulting and licensing agreements with G-Tech and SRI, subjected the Company to a heightened risk of reputational and financial harm, as well as threatened the integrity of the Company's scientific findings; (vi) Gumrukcu had improperly diverted approximately $20 million

from Enochian to entities he owned; and (vii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On May 25, 2022, the U.S. Department of Justice announced that Gumrukcu had been arrested and charged in a murder-for-hire conspiracy.

On this news, Enochian's stock price fell $2.17 per share, or 36.97%, to close at $3.70 per share on May 25, 2022.

On June 1, 2022, Hindenburg Research published a report on Enochian entitled "Miracle Cures and Murder For Hire: How A Spoon-Bending Turkish Magician Built A $600 Million Nasdaq-Listed Scam Based On A Lifetime Of Lies" (the "Hindenburg Report"). The Hindenburg Report noted that the individual in whose murder Gumrukcu was implicated, Gregory Davis ("Davis"), "was murdered . . . just 19 days before Gumrukcu was scheduled to appear in court to defend himself against felony fraud allegations related to a 2016 deal with Davis" and that "[f]ederal prosecutors argued that the prospective merger deal that eventually resulted in Enochian going public served as a key motive for the murder." The Hindenburg Report also stated that "[u]nbeknownst to investors (but known to Enochian's senior leadership) Gumrukcu's latest arrest for a murder conspiracy is simply the most recent in a string of alleged crimes by Gumrukcu," who "was arrested based on accusations of falsely posing as a doctor" in his native Turkey in 2012 and "[i]n February 2017, Gumrukcu was arrested by authorities after the State of California accused him of a slew of white-collar crimes, including fraud, identity theft,

and check kiting – a total of 14 felonies." The Hindenburg Report further stated that "[w]e have been unable to find any jurisdiction in which Gumrukcu is licensed as a medical doctor" and that "Gumrukcu looks to have purchased a fake Russian medical degree on the black market[.]"

On this news, Enochian's stock price fell $1.495 per share, or 28.42%, to close at $3.765 per share on June 1, 2022.

On June 27, 2022, *The Wall Street Journal* published an article about Gumrukcu's participation in the murder-for-hire conspiracy, claiming that Gumrukcu owed Davis over $900,000 after Gumrukcu coaxed Davis into entering into a fraudulent oil deal with him. The article further alleged that FBI agents were suspicious that Gumrukcu "had fabricated his resume and held neither a medical degree nor a doctoral degree."

On this news, the Company's shares fell $0.73, or 21.9%, to close at $2.60 per share on June 27, 2022, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Chow and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay

in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at \*2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at \*2-\*3 (N.D. Cal. July 2, 2013).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, as well as Section 20(a) of the Exchange Act, by overlapping defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B.    CHOW SHOULD BE APPOINTED LEAD PLAINTIFF

Chow should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

MEMORANDUM OF POINTS AND AUTHORITIES - 8:22-cv-01374-JWH-JDE; 2:22-cv-05237-JWH-JDE

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Chow satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES - 8:22-cv-01374-JWH-JDE; 2:22-cv-05237-JWH-JDE

### 1. Chow Is Willing to Serve as Class Representative

On July 26, 2022, counsel for the plaintiff in the first-filed of the Related Actions (*i.e.*, the Chow Action) caused the statutorily required Notice of that action to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the Chow Action had been filed against Enochian and other Defendants, and which advised investors in Enochian securities that they had until September 26, 2022—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. C.

Chow has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. D. Accordingly, Chow satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Chow Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Chow has the largest financial interest of any Enochian investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net

MEMORANDUM OF POINTS AND AUTHORITIES - 8:22-cv-01374-JWH-JDE; 2:22-cv-05237-JWH-JDE

funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide,[3] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at *4.

During the Class Period, Chow: (1) purchased 2,500 shares of Enochian securities; (2) expended $12,254 on his purchases of Enochian securities; (3) retained 2,500 of his shares of Enochian securities; and (4) incurred losses of approximately $4,328 in connection with his transactions in Enochian securities.  *See* Pafiti Decl., Ex. B.  To the extent that Chow possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[3] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

### 3.    Chow Otherwise Satisfies Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

MEMORANDUM OF POINTS AND AUTHORITIES - 8:22-cv-01374-JWH-JDE; 2:22-cv-05237-JWH-JDE

11

whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 WL 1129344, at \*4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Chow's claims are typical of those of the Class. Chow alleges, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Enochian. Chow, like all Class members, purchased or otherwise acquired Enochian securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Enochian's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Chow is an adequate representative for the Class. Here, Chow has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See*

Pafiti Decl., Ex. D. There is no antagonism between Chow's interests and those of the Class, and Chow's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Chow has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Chow is also represented by the Portnoy Law Firm in this litigation.

Further demonstrating his adequacy, Chow has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. E.

### 4. Chow Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Chow as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Chow's ability and desire to fairly and adequately represent the Class has been discussed above.  Chow is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.

## C.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with the Lead Plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Chow has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Pafiti Decl., Ex. F.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id.*  Petrobras

is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the Related Actions, Chow's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Chow's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Chow respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Chow as Lead Plaintiff for the Class; and (3) approving Chow's selection of Pomerantz as Lead Counsel for the Class.

Dated:  September 26, 2022          Respectfully submitted,

                                    POMERANTZ LLP

                                    */s/ Jennifer Pafiti*
                                    Jennifer Pafiti (SBN 282790)
                                    1100 Glendon Avenue, 15th Floor
                                    Los Angeles, California 90024
                                    Telephone: (310) 405-7190
                                    jpafiti@pomlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES - 8:22-cv-01374-JWH-JDE; 2:22-cv-05237-JWH-JDE

POMERANTZ LLP
Jeremy A. Lieberman (*admitted pro hac vice*)
J. Alexander Hood II (*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Albert Chow and*
*Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Albert Chow*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti