**BLEICHMAR FONTI & AULD LLP**

Lesley E. Weaver (SBN 191305)

lweaver@bfalaw.com

555 12th Street, Suite 1600

Oakland, California 94607

Telephone: (415) 445-4003

Facsimile: (415) 445-4020

*Counsel for Proposed Lead Plaintiff Jean-Pierre Murray,*
*and Proposed Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ENOCHIAN BIOSCIENCES INC., MARK DYBUL, LUISA PUCHE, RENE SINDLEV, CAROL L. BROSGART, GREGG ALTON, JAMES SAPIRSTEIN, CARL SANDLER, HENRIK GRØNFELDT-SØRENSEN, JAYNE MCNICOL, and EVELYN D'AN, <br><br> Defendants. | Case No. 8:22-cv-01374-JWH-JDE <br><br> <u>CLASS ACTION</u> <br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JEAN-PIERRE MURRAY FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF LEAD COUNSEL, AND CONSOLIDATION** <br><br> DATE: October 28, 2022 <br> TIME:  9:00 a.m. <br> COURTROOM: 9D <br> JUDGE: Hon. John W. Holcomb |

*Caption continues on next page*

PIER LUIGI MANICI and SARA CAVAGNA MANICI, Individually and On Behalf of All Others Similarly Situated,

                                    Plaintiffs,

          v.

ENOCHIAN BIOSCIENCES, INC. f/k/a DANDRIT BIOTECH USA, INC., ERIC LEIRE, MARK DYBUL, ROBERT WOLFE and LUISA PUCHE,

                                    Defendants.

Case No. 2:22-cv-05237-JWH-JDE

CLASS ACTION

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   FACTUAL BACKGROUND........................................................... 2

III.  ARGUMENT........................................................................ 5

    A.    Murray Should Be Appointed Lead Plaintiff .......................................5

        1.    Murray Satisfied the PSLRA's Procedural Requirements.........5

        2.    Murray Believes He Has the Largest Financial Interest in the Relief Sought By the Class .................................................6

        3.    Murray Otherwise Satisfies the Requirements of Rule 23 ........7

    B.    Murray Selected Well Qualified Counsel ...........................................9

    C.    Consolidation is Warranted...................................................9

IV.   CONCLUSION........................................................................ 10

i

## TABLE OF AUTHORITIES

**CASES**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................. 9

*Adams v. Biolase, Inc.*,
   2013 WL 1218806 (C.D. Cal. Dec. 10, 2013) ............................... 1, 10

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ......................................................................... 2, 6

*Hardy v. MabVax Therapeutics Holdings*,
   2018 WL 4252345 (S.D. Cal. Sept. 6, 2018) ...................................... 1

*Jun Shi v. Ampio Pharms, Inc.*,
   2019 WL 13149926 (C.D. Cal. Sept. 27, 2019).................................... 6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).............. 6

*McGee v. American Oriental Bioengineering, Inc.*,
   2012 WL 12895668 (C.D. Cal. Oct. 16, 2012).................................... 6

*Roberti v. OSI Systems, Inc.*,
   2014 WL 12845727 (C.D. Cal. Mar. 17, 2014) ............................... 7, 8

**STATUTES**

15 U.S.C. § 78j(b) .................................................................................... 1

15 U.S.C. § 78t(a) .................................................................................... 1

15 U.S.C. § 78u-4..............................................................................*passim*

**RULES**

17 C.F.R. § 240.10b-5............................................................................. 1

Fed. R. Civ. P. 23 ......................................................................... 2, 5, 7, 8

Fed. R. Civ. P. 42 ................................................................................ 1, 10

Proposed Lead Plaintiff Jean-Pierre Murray ("Murray") respectfully submits this memorandum of points and authorities in support of his motion for (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approval of his selection of Bleichmar Fonti & Auld LLP ("BFA") to serve as Lead Counsel for the Class; (3) consolidation of the above-captioned securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) any such further relief as the Court may deem just and proper.

## I.   PRELIMINARY STATEMENT

The Related Actions are brought on behalf of those that purchased or otherwise acquired securities of Enochian Biosciences Inc. f/k/a DanDrit Biotech USA, Inc. ("Enochian" or the "Company") between January 17, 2018 and June 27, 2022, inclusive (the "Class Period").[1] The Related Actions allege that Enochian and certain of its senior officers and directors (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) by misrepresenting the scientific and technological

[1] The complaints in the Related Actions assert different class periods. The complaint in *Chow v. Enochian Biosciences Inc., et al.*, No. 8:22-cv-01374-JWH-JDE (C.D. Cal.) ("*Chow*"), asserts a class period of September 24, 2020 through May 31, 2022, while the complaint filed in *Manici v. Enochian Biosciences, Inc., et al.*, No. 2:22-cv-05237-JWH-JDE (C.D. Cal.) ("*Manici*"), asserts a class period of January 17, 2018 through June 27, 2022. For purposes of appointing a Lead Plaintiff, courts generally apply the longest class period. *See Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *4 (S.D. Cal. Sept. 6, 2018); *see also Adams v. Biolase, Inc.*, 2013 WL 12128806, at *1 (C.D. Cal. Dec. 10, 2013) ("For purposes of this Order [appointing Lead Plaintiff], the Court uses the broader period defined by the Second Action"). As such, the class period alleged in *Manici* is relied upon for this Motion.

1

underpinnings of Enochian's product pipeline as well as the credentials and background of the Company's co-founder and largest shareholder, Serhat Gumrukcu ("Gumrukcu").

The PSLRA states that the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant with the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Murray respectfully submits that he is the "most adequate plaintiff" by virtue of, among other things, the over $531,000 in losses as calculated under a first-in, first-out ("FIFO") basis and over $365,000 in losses as calculated under a last-in, first-out ("LIFO") basis that he incurred on his investments in Enochian securities during the Class Period, as assessed under the U.S. Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). Murray also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. Indeed, Murray fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. *See* Declaration of Lesley E. Weaver ("Weaver Decl."), Ex. A, Declaration of Murray.

Murray has further demonstrated his adequacy by selecting BFA, a law firm with substantial experience successfully prosecuting complex securities class actions, to serve as Lead Counsel for the Class. Accordingly, Murray respectfully requests that the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.   FACTUAL BACKGROUND

Enochian is a pre-clinical stage biotechnology company that is developing cures and treatment for HIV, HBV, influenza, coronavirus, and cancer. *See Manici*

2

Complaint, ECF No. 1 ¶ 2 (all cites herein to "¶" are cites to the *Manici* Complaint, unless otherwise noted). The Company was formed through a merger with DanDrit Biotech USA, Inc. announced on January 17, 2018. ¶ 23. Enochian entered into multiple consulting and licensing agreements with G-Tech Bio, LLC, a California limited liability company ("G-Tech"), and G Health Research Foundation, a not-for-profit entity organized under the laws of California doing business as Seraph Research Institute ("SRI"), both of which are controlled by Gumrukcu. ¶¶ 26, 31; *see also Chow* Complaint, ECF No. 1 ¶ 4.

During the Class Period, the Company stated that Gumrukcu was a "prolific inventor" with a "MD, PhD," was part of Enochian's "Experienced Leadership," and had "[s]trong expertise in the field of gene therapy, HIV and immuno-oncology focusing on developing transformative, multi-indication, platform drugs that will change the standard of care of HIV/AIDS and cancer." ¶¶ 27–29. The Company also described purported medical advances it achieved with the help of Gumrukcu and the firms he controlled, including that "a 36-year old patient with recurrent glioblastoma achieved complete remission for a period of 15 months." ¶ 32. Enochian also informed investors of the purported purpose and terms of the consulting agreements it had with G-Tech and SRI, including that Enochian was "highly dependent" on those entities. ¶ 31.

As alleged, these statements were materially false and misleading. In truth, Gumrukcu was not a licensed doctor anywhere in the world and, as such, the scientific and technological underpinnings of Enochian's purported medical advances were dubious, at best. What's more, Gumrukcu was engaged in a variety of illegal activity, including the improper diversion of roughly $20 million from Enochian to entities that he owned. ¶ 9.

On May 25, 2022, the U.S. Department of Justice announced that Gumrukcu had been arrested in a murder-for-hire conspiracy of a person named Gregory Davis.

¶ 36. In response, Enochian issued a press release announcing that the "arrest . . . is completely unrelated to the Company" and that "the important scientific discoveries of [Gumrukcu] and the Company's rights with regard to those discoveries, will be unchanged." ¶ 38. Despite that assurance, the price of the Company's stock fell $2.17 per share, or 37%, to close at $3.70 per share on May 25, 2022. ¶ 37.

On June 1, 2022, Hindenburg Research published a report stating that federal prosecutors alleged Gumrukcu's motive for the murder-for-hire was to conceal fraud allegations by the victim, Mr. Davis, which would have threatened Enochian's merger. ¶ 40. The Hindenburg report further stated that Gumrukcu is not a licensed doctor in any jurisdiction in the world and that he had pled guilty to felony charges amid the Company's merger in early 2018. ¶ 41. Hindenburg also described that Gumrukcu had siphoned approximately $20 million to entities he controlled, including G-Tech and SRI. ¶ 42. Finally, Hindenburg reported that "Enochian has been aware of the foregoing allegations against Gumrukcu." ¶ 43. Indeed, Chairperson Rene Sindlev admitted he knew of felony charges against Gumrukcu prior to the merger but made the deliberate choice to not disclose them to shareholders. ¶ 41. On this news, the price of the Company's stock fell $1.495 per share, or 28.4%, to close at $3.77 per share on June 1, 2022. ¶ 44.

Then, on June 27, 2022, *The Wall Street Journal* published an article about Gumrukcu's participation in the murder-for-hire conspiracy, claiming that Gumrukcu owed Davis over $900,000 after Gumrukcu coaxed Davis into entering into a fraudulent oil deal with him. The article further alleged that FBI agents were suspicious that Gumrukcu "had fabricated his resume and held neither a medical degree nor a doctoral degree." ¶ 47. On this news, the price of the Company's shares fell $0.73 per share, or 21.9%, to close at $2.60 per share on June 27, 2022. ¶ 48.

After the close of the Class Period, on July 1, 2022, the Company announced the results of an internal review of its scientific data. Among other things, Enochian

4

stated that "former scientific advisor Serhat Gumrukcu altered two different sets of animal data generated by third-party research institutions before Enochian's scientists had a chance to review" and that "[t]he Company is evaluating its internal controls regarding the review and verification of external scientific data and will modify as appropriate." ¶ 49.

## III.   ARGUMENT

### A.   Murray Should Be Appointed Lead Plaintiff

Murray respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Murray believes that he is the presumptively "most adequate plaintiff" because he: (1) complied with the PSLRA's procedural requirements; (2) believes he asserts the largest financial interest in the relief sought by the Class; and (3) satisfies Rule 23's typicality and adequacy requirements.

### 1.   Murray Satisfied the PSLRA's Procedural Requirements

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On July 26, 2022, Plaintiff Albert Chow filed the first of the Related Actions which alleged that Defendants defrauded investors during the period of September 24, 2020 through May 31, 2022. On the same day, counsel for Mr. Chow published notice of the pendency of the action on *Business Wire*, setting the deadline to seek Lead Plaintiff status by September 26, 2022. *See* Weaver Decl. Ex. B.

On July 28, 2022, Plaintiffs Pier Luigi Manici and Sara Cavagna Manici filed

the second of the Related Actions which alleged that Defendants defrauded investors during a broader period of January 17, 2018 and June 27, 2022. The same day, counsel for Mr. and Ms. Manici published a notice on *Business Wire* alerting investors to the action and stating that the deadline to seek appointment was "60 days from this notice," or September 26, 2022. *See* Weaver Decl. Ex. C. As such, Murray's motion is timely.

### 2.   Murray Believes He Has the Largest Financial Interest in the Relief Sought By the Class

Murray believes that he has the "largest financial interest in the relief sought by the Class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Murray incurred a recoverable loss of over $531,000 (under FIFO) and over $365,000 (under LIFO) on his investments in Enochian stock during the Class Period as assessed under the Supreme Court's ruling in *Dura*. *Dura* "was a case in which the U.S. Supreme Court determined that there is no recoverable loss when an investor pays artificially inflated prices based on misleading information, but there is no significant fall in share price when the truth becomes known." *Jun Shi v. Ampio Pharms, Inc.*, 2019 WL 13149926, at *2 (C.D. Cal. Sept. 27, 2019). "Thus, any shares that were sold prior to this disclosure are not properly included in a [recoverable] loss because their price was not negatively affected by the alleged wrongdoing." *Id.* at *3.

Courts in this district may also rely on simple LIFO/FIFO loss calculations, without considering the impact of *Dura*. *See McGee v. American Oriental Bioengineering, Inc.*, 2012 WL 12895668, at *3 (C.D. Cal. Oct. 16, 2012). Under this method, Murray incurred a loss of over $531,000 (FIFO) and over $233,000 (LIFO) on his investments in Enochian stock during the Class Period.[2]

---

[2] In addition to losses, courts often consider various other metrics, typically referred to as "Lax factors," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2)

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NOS. 8:22-cv-01374-JWH-JDE, 2:22-cv-05237-JWH-JDE

To the best of Murray's knowledge, there is no other qualified applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.[3] Accordingly, Murray has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.    Murray Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Murray also otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing" that it satisfies the typicality and adequacy requirements of Rule 23. *Roberti v. OSI Systems, Inc.*, 2014 WL 12845727, at *3 (C.D. Cal. Mar. 17, 2014). Murray satisfies both requirements.

Murray's claims are typical of the claims of other purchasers of Enochian securities. "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members." *Id*. Here, like all other Class members, Murray: (1) purchased Enochian stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) was damaged thereby. *See id*. (typicality satisfied when "like all Putative Class members, [movant] purchased [company's] securities during the class period and was allegedly damaged by Defendants' alleged materially false and misleading statements"). As such, Murray satisfies the

number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).

[3] Murray's PSLRA-required Certification is attached as Exhibit D to the Weaver Decl. submitted herewith. A chart setting forth the calculation of Murray's financial interest is attached as Exhibit E to the Weaver Decl. Murray's motion, PSLRA certification, and loss calculation provide all the trading information necessary to calculate his financial interest under all possible metrics and does not presuppose that there is only one valid methodology.

typicality requirement.

Murray also satisfies the adequacy requirement of Rule 23. The adequacy inquiry focuses on whether the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In that regard, "[a] court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims." *OSI Systems*, 2014 WL 12845727, at *3. "Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified." *Id.* Murray satisfies these elements because his substantial financial stake in the litigation provides him with the incentive to vigorously represent the Class's claims and oversee counsel. Murray's interests are aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Murray and other Class members.

Indeed, Murray has committed to discharge his obligations as a Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel and submitted a sworn declaration as to his willingness and ability to fulfill those duties. *See* Weaver Decl., Ex. A. What's more, Murray's declaration provides the Court with additional information supporting his bona fides, including explaining who he is, that he is an experienced investor, and given his substantial financial interest in the litigation, that he intends to continue to actively oversee counsel, review pleadings and motion papers, participate in discovery, and confer with counsel regarding litigation strategy. *See id*. ¶¶ 1–10.

Finally, Murray has demonstrated his adequacy through his selection of BFA to serve as Lead Counsel to represent the Class. As discussed more fully below, BFA is highly qualified in the area of securities litigation and has repeatedly demonstrated an ability to conduct complex securities actions effectively.

**B.      Murray Selected Well Qualified Counsel**

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(v). The Ninth Circuit has held that "the choice [of counsel] belongs to the lead plaintiff," and that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Cavanaugh*, 306 F.3d 726, 734, n. 14 (9th Cir. 2002). Here, Murray has selected BFA as proposed Lead Counsel to represent the Class.

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Weaver Decl. Ex. F. Most recently, BFA achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd*., No. 3:17-cv-00558-SRU (D. Conn.) and a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc*., No. 3:19-cv-04744-WHA (N.D. Cal.). BFA also secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Sec. Litig*., No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford Int'l Ltd*., No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Fin., Inc. Sec. Litig*., 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

**C.      Consolidation is Warranted**

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions

9

that "involve a common question of law or fact." There are two related securities class actions pending against Enochian in this District:

| Case Number | Abbreviated Case Name | Date Filed |
|---|---|---|
| 8:22-cv-01374-JWH-JDE | *Chow v. Enochian BioSciences, Inc.* | 7/26/2022 |
| 2:22-cv-05237-JWH-JDE | *Manici v. Enochian BioSciences, Inc.* | 7/28/2022 |

These actions present virtually identical factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, arise out of the same course of alleged misconduct, are premised upon substantially similar alleged misstatements, and name similar Defendants. While the Related Actions assert different class periods, that minor difference does not outweigh the benefits of judicial economy that would be created from consolidation. Accordingly, consolidation of these actions, and any similarly related subsequently filed or transferred actions, is appropriate under Rule 42. *See Biolase*, 2013 WL 12128806, at *1–2 (consolidating related securities class actions asserting different class periods).

## IV.    CONCLUSION

For the foregoing reasons, Murray respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel; (3) consolidate the Related Actions; and (4) grant any such further relief as the Court may deem just and proper.

Dated: September 26, 2022            Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
lweaver@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

10

*Counsel for Proposed Lead Plaintiff Jean-Pierre Murray, and Proposed Lead Counsel for the Class*

Brian Schall (SBN 290685)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Proposed Lead Plaintiff Jean-Pierre Murray*

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the registered participants. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

> /s/ Lesley E. Weaver
> Lesley E. Weaver

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NOS. 8:22-cv-01374-JWH-JDE, 2:22-cv-05237-JWH-JDE