**BLEICHMAR FONTI & AULD LLP**

Lesley E. Weaver (SBN 191305)

lweaver@bfalaw.com

555 12th Street, Suite 1600

Oakland, California 94607

Telephone: (415) 445-4003

Facsimile: (415) 445-4020

*Counsel for Proposed Lead Plaintiff Jean-Pierre Murray,*
*and Proposed Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES INC., MARK DYBUL, LUISA PUCHE, RENE SINDLEV, CAROL L. BROSGART, GREGG ALTON, JAMES SAPIRSTEIN, CARL SANDLER, HENRIK GRØNFELDT-SØRENSEN, JAYNE MCNICOL, and EVELYN D'AN,<br><br>Defendants. | Case No. 8:22-cv-01374-JWH-JDE<br><br><u>CLASS ACTION</u><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF JEAN-PIERRE MURRAY FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF LEAD COUNSEL, AND FOR CONSOLIDATION**<br><br>DATE: October 28, 2022<br>TIME: 9:00 a.m.<br>COURTROOM: 9D<br>JUDGE: Hon. John W. Holcomb |

*Caption continues on next page*

PIER LUIGI MANICI and SARA CAVAGNA MANICI, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

ENOCHIAN BIOSCIENCES, INC. f/k/a DANDRIT BIOTECH USA, INC., ERIC LEIRE, MARK DYBUL, ROBERT WOLFE and LUISA PUCHE,

Defendants.

Case No. 2:22-cv-05237-JWH-JDE

CLASS ACTION

Jean-Pierre Murray respectfully submits this brief in further support of his *unopposed* motion to be appointed Lead Plaintiff, for approval of his selection of Lead Counsel, and for consolidation of the Related Actions. *See* ECF No. 45.[1]

## I.    ARGUMENT

### A.    Murray Should Be Appointed Lead Plaintiff

Murray is the "most adequate plaintiff" punder the PSLRA because he has the "largest financial interest" in this litigation and satisfies the typicality and adequacy requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Three other movants filed motions seeking Lead Plaintiff appointment: (1) Amanda Hollingworth ("Hollingworth"); (2) Kyle Rankhorn ("Rankhorn"); and (3) Albert Chow ("Chow"). *See* ECF Nos. 31; 35; 37; 41. Each of those movants withdrew their motion or does not oppose Murray's appointment. *See* ECF Nos. 49–52. With losses of over $530,000, there is no dispute that Murray has the largest financial interest, as set forth in the chart below. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status.").



---

[1] All capitalized terms are defined in Murray's initial brief, unless otherwise indicated. *See* ECF No. 46. All references to "ECF No." are to the *Chow* docket, unless otherwise indicated.

Murray also satisfies the typicality and adequacy requirements of Rule 23 and is well situated to represent all members of the Class. "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members." *Roberti v. OSI Systems, Inc.*, 2014 WL 12845727, at *3 (C.D. Cal. Mar. 17, 2014). Murray's claims are typical of the claims of other purchasers of Enochian securities because like all other Class members, Murray (1) purchased Enochian stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See id.* (typicality satisfied when "like all Putative Class members, [movant] purchased [company's] securities during the class period and was allegedly damaged by Defendants' alleged materially false and misleading statements").

Murray is also adequate because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). With respect to the adequacy inquiry, "[a] court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims." *OSI Systems*, 2014 WL 12845727, at *3. "Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified." *Id.*

Here, Murray satisfies these elements because his substantial financial stake in the litigation provides him with the incentive to vigorously represent the Class's claims and oversee counsel. Further, Murray's interests are squarely aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Murray and other Class members. To the contrary, the interests of Murray and absent Class members are squarely aligned because all suffered damages from their transactions in Enochian securities that were artificially inflated by

2

Defendants' misconduct.

Indeed, Murray has committed to discharge his obligations as a Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel and submitted a sworn declaration as to his willingness and ability to fulfill those duties. *See* ECF No. 47-1. What's more, Murray's declaration explains that he earned a Master of Business Administration degree and is an experienced businessperson and investor that has been investing in the stock market for 25 years. *See id.* ¶ 2. Murray has been overseeing his chosen counsel regarding this case, is well-aware of his responsibilities as Lead Plaintiff under the PSLRA, and is capable of and devoted to litigating this action in the best interests of all Class Members. *See id.* ¶¶ 2-10; *see also Fragala v. 500.com*, 2015 WL 12513580, at *10 (C.D. Cal. July 7, 2015) (adequacy satisfied based on "sworn declaration that [movant] is willing to serve as a representative party on behalf of [the] Class, and is not aware of any unique defenses to his individual claims") (internal quotations omitted).

Finally, Murray has demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action, a law firm that has recovered well over $1 billion in recoveries for investors. *See* ECF Nos. 46 at 9; 47-6. Accordingly, because Murray has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, he is the most adequate plaintiff under the PSLRA and is entitled to be appointed Lead Plaintiff.

### B.    Murray Selected Well Qualified Counsel

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(v). The Ninth Circuit has held that "the choice [of counsel] belongs to the lead plaintiff," and that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Cavanaugh*, 306 F.3d at 734 n. 14 (9th Cir. 2002).

3

Murray has selected BFA as proposed Lead Counsel to represent the Class. BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* ECF No. 47-6. Most recently, BFA achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.) and a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). BFA also secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Sec. Litig.*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford Int'l Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Fin., Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.[2]

## II.   CONCLUSION

For the foregoing reasons, Murray respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel; (3) consolidate the Related Actions; and (4) grant any such further relief as the Court may deem just and proper.

---

[2] All movants support consolidation of the Related Actions. *See* ECF Nos. 32 at 5, 35-1 at 5; 38 at 4; 42 at 6; 46 at 9.

4

Dated: October 7, 2022                 Respectfully submitted,

                                       **BLEICHMAR FONTI & AULD LLP**

                                       */s/ Lesley E. Weaver*
                                       Lesley E. Weaver (SBN 191305)
                                       lweaver@bfalaw.com
                                       555 12th Street, Suite 1600
                                       Oakland, California 94607
                                       Telephone: (415) 445-4003
                                       Facsimile: (415) 445-4020

                                       *Counsel for Proposed Lead Plaintiff Jean-Pierre Murray, and Proposed Lead Counsel for the Class*

                                       Brian Schall (SBN 290685)
                                       **THE SCHALL LAW FIRM**
                                       2049 Century Park East, Suite 2460
                                       Los Angeles, California 90067
                                       Telephone: (424) 303-1964
                                       brian@schallfirm.com

                                       *Additional Counsel for Proposed Lead Plaintiff Jean-Pierre Murray*

5

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT
CASE NOS. 8:22-cv-01374-JWH-JDE, 2:22-cv-05237-JWH-JDE

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the registered participants. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Lesley E. Weaver
Lesley E. Weaver

6

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT
CASE NOS. 8:22-cv-01374-JWH-JDE, 2:22-cv-05237-JWH-JDE