COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

RONAN A. NELSON (346553)
(rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendants
ENOCHIAN BIOSCIENCES INC., DR. MARK
DYBUL, RENE SINDLEV, and CARL SANDLER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES INC., DR. MARK DYBUL, RENE SINDLEV, and CARL SANDLER,<br><br>Defendants. | Case No. 8:22-cv-01374-JWH-JDE<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date: June 28, 2024<br>Time: 9:00 a.m.<br>Dept: Courtroom 9D<br>Judge: Hon. John W. Holcomb<br><br>Trial Date: Not Yet Set<br>Date Filed: August 26, 2022 |

**TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION ..................................................................................................7

II.   DOCUMENTS SUBJECT TO THIS REQUEST ...........................................7

III.  ARGUMENT ....................................................................................................10

    A.    The Court May Consider Documents Incorporated by Reference into the Complaint (Exhibits 2, 7-8, 11-14, 16, 19, 21-22, and 26). ...11

        1.    Plaintiff relies on Exhibits 7-8, 11-14, 16, 19, and 22 to support falsity. ...........................................................................12

        2.    Plaintiff relies on Exhibits 2, 19, 21, and 26 to support scienter. .....................................................................................13

        3.    Plaintiff relies on Exhibit 19 to support loss causation. ............14

    B.    The Court May Also Take Judicial Notice of the Documents Incorporated by Reference into the Complaint (Exhibits 2, 7-8, 11-14, 16, 19, 21-22 and 26)................................................................15

    C.    The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1, 3-6, 9-10, 15, 17-18, 20, and 23-25)............18

IV.   CONCLUSION ................................................................................................19

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*AdTrader, Inc. v. Google LLC,*
2018 WL 3428525 (N.D. Cal. July 13, 2018) ................................................... 12

*Alliance Premier Growth Fund v. Alliance Cap. Mgmt.,*
435 F.3d 396 (3d Cir. 2006) ............................................................................. 13

*In re Apple Inc. Sec. Litig.,*
2020 WL 2857397 (N.D. Cal. June 2, 2020) ................................................ 7, 10

*Baron v. Hyrecar Inc.,*
2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ..................................................... 8

*In re Calpine Corp. Sec. Litig.,*
288 F.Supp.2d 1054 (N.D. Cal. 2003).............................................................. 10

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.,*
880 F.Supp.2d 1045 (N.D. Cal. 2012).............................................................. 10

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.,*
2019 WL 6877195 (N.D. Cal. Dec. 17, 2019) ..................................................... 8

*Crews v. Rivian Auto., Inc.,*
2023 WL 3050081 (C.D. Cal. Feb. 16, 2023)...................................................... 6

*CyWee Grp., Ltd. v. LG Elecs., Inc.,*
2018 WL 3007899 (S.D. Cal. June 15, 2018) ................................................... 12

*Dreiling v. Am. Express Co.,*
458 F.3d 942 (9th Cir. 2006)......................................................................... 9, 10

*Enochian Biosciences, Inc. v. Gumrukcu,*
No. 22STCV34071 (Cal. Sup. Ct., LA Cnty.) ..................................................... 4

*In re Eventbrite, Inc. Sec. Litig.,*
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ............................................. 5, 6, 9

*EVO Brands, LLC v. Al Khalifa Grp. LLC,*
657 F.Supp.3d 1312 (C.D. Cal. 2023)......................................................... 11, 12

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*In re Facebook, Inc. Sec. Litig.*,
    405 F.Supp.3d 809 (N.D. Cal. 2019).................................................................. 10

*In re Fastly, Inc. Sec. Litig.*,
    2021 WL 5494249 (N.D. Cal. Nov. 23, 2021)........................................................ 6

*Haideri v. Jumei Int'l Holding Ltd.*,
    2021 WL 4170791 (N.D. Cal. Sept. 14, 2021)..................................................... 6

*Hampton v. Aqua Metals, Inc.*,
    2020 WL 6710096 (N.D. Cal. Nov. 16, 2020)..................................................... 10

*Immanuel Lake v. Zogenix, Inc.*,
    2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) .................................................. 7, 8

*Khoja v. Orexigen Therapeutics, Inc.*,
    498 F.Supp.3d 1296 (S.D. Cal. 2020) .................................................................. 9

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018).................................................................. 4, 5, 6, 7

*Kinnee v. TEI Biosciences Inc.*,
    2023 WL 8191097 (S.D. Cal. Nov. 27, 2023) ................................................... 11

*Kobayashi v. McMullin*,
    2023 WL 3493991 (C.D. Cal. Mar. 2, 2023) ................................................... 11

*Lamartina v. VMware, Inc.*,
    2021 WL 4133851 (N.D. Cal. Sept. 10, 2021)................................................... 10

*McCrary v. Elations Co., LLC*,
    2014 WL 1779243 (C.D. Cal. Jan. 13, 2014)..................................................... 13

*Mendoza v. HF Foods Grp. Inc.*,
    2021 WL 3772850 (C.D. Cal. Aug. 25, 2021)..................................................... 8

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008)........................................................................... 10

*MGIC Indem. Corp. v. Weisman*,
    803 F.2d 500 (9th Cir. 1986).............................................................................. 9

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*Mulquin v. Nektar Therapeutics*,
  510 F.Supp.3d 854 (N.D. Cal. 2020)...................................................................... 8

*In re Netflix, Inc. Sec. Litig.*,
  2005 WL 1562858 (N.D. Cal. June 28, 2005) ....................................................... 9

*In re Nuvelo, Inc. Sec. Litig.*,
  668 F.Supp.2d 1217 (N.D. Cal. 2009)................................................................. 13

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ............................................................................... 5

*Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*,
  2015 WL 1775221 (C.D. Cal. Apr. 14, 2015)....................................................... 8

*Oracle Partners, L.P. v. Concentric Analgesics, Inc.*,
  2021 WL 2322351 (N.D. Cal. June 7, 2021) ......................................................... 8

*Par Inv. Partners, L.P. v. Aruba Networks, Inc.*,
  681 F. App'x 618 (9th Cir. 2017)......................................................................... 11

*Pardi v. Tricida, Inc.*,
  2024 WL 1056013 (N.D. Cal. Mar. 11, 2024) ............................................... 11, 12

*Park v. GoPro, Inc.*,
  2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ...................................................... 7

*Prodanova v. H.C. Wainwright & Co., LLC*,
  2018 WL 8017791 (C.D. Cal. Dec. 11, 2018) ............................................... 11, 13

*In re Rackable Sys., Inc. Sec. Litig.*,
  2010 WL 3447857 (N.D. Cal. Aug. 27, 2010)..................................................... 10

*Reckstin Fam. Tr. v. C3.ai, Inc.*,
  2024 WL 734497 (N.D. Cal. Feb. 22, 2024)......................................................... 9

*Ret. Sys. v. Sterling Fin. Corp.*,
  963 F.Supp.2d 1092 (E.D. Wash. 2013) ............................................................... 5

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006).............................................................................. 11

4

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**PAGE(S)**

*In re Salesforce.com Sec. Litig.*,
  2005 WL 6327481 (N.D. Cal. Dec. 22, 2005) ...................................................... 10

*Sneed v. AcelRx Pharms., Inc.*,
  2022 WL 4544721 (N.D. Cal. Sept. 28, 2022)...................................................... 8

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) ............................................................................. 6

*In re Talis Biomedical Corp. Sec. Litig.*,
  2022 WL 17551984 (N.D. Cal. Dec. 9, 2022) ..................................................... 6

*Tellabs v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ....................................................................................... 1, 4

*In re Tesla, Inc. Sec. Litig.*,
  477 F.Supp.3d 903 (N.D. Cal. 2020)................................................................. 13

*In re Tibco Software, Inc.*,
  2006 WL 1469654 (N.D. Cal. May 25, 2006) ..................................................... 10

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003).............................................................................. 5

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010).......................................................................... 11, 13

*Welgus v. TriNet Grp., Inc.*,
  2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ..................................................... 9

*Wolfe v. Enochian Biosciences Inc.*,
  No. 2:21-cv-00053-cr (D. Vt. Nov. 29, 2022)................................................... 4, 7

**Statutes**

15 U.S.C. § 78j(b)............................................................................................ 4, 7

15 U.S.C. § 78u4............................................................................................... 4

**TABLE OF AUTHORITIES**
**(CONTINUED)**

PAGE(S)

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................ 4

Fed. R. Evid. 201 ...................................................................... 1, 5, 9, 11

**RJN ISO MOTION TO
DISMISS AMENDED COMPLAINT
8:22-CV-01374-JWH-JDE**

**PLEASE TAKE NOTICE THAT** Defendants Enochian Biosciences, Inc. ("Enochian" or the "Company") (now Renovaro, Inc.), Dr. Mark Dybul, René Sindlev, and Carl Sandler (together with Enochian, "Defendants") hereby request the Court consider under the incorporation by reference doctrine and/or take judicial notice of the exhibits identified below in support of their Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") and attached to the accompanying Declaration of Ronan A. Nelson in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Nelson Declaration"), filed concurrently herewith.[1]

## I.   INTRODUCTION

As detailed in Defendants' Motion to Dismiss, Plaintiff's Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") is deficient on its face.  Nevertheless, Defendants respectfully request that this Court incorporate by reference and/or take judicial notice of Exhibits 1-26, listed below, as they provide the Court with necessary context to determine whether Plaintiff has adequately plead a securities fraud claim in their Complaint.  *Tellabs v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  As described in detail below, such exhibits either have been incorporated by reference into Plaintiff's Complaint—which fails to plead any semblance of securities fraud—or are the proper subjects of judicial notice under Federal Rule of Evidence 201.[2]

## II.   DOCUMENTS SUBJECT TO THIS REQUEST[3]

| Ex. | Description | Basis[4] | ¶¶ |
|---|---|---|---|
| 1 | Compilation of three scholarly articles, written in part by Serhat Gumrukcu and | JN | |

---

[1] This request is made following the conference of counsel pursuant to L.R. 7-3, which took place March 8, 2024.
[2] "¶" refers to the paragraphs of the Complaint that quote from, or refer to information contained in, the referenced document.  "Ex." refers to the exhibits to the concurrently filed Nelson Declaration.  Unless otherwise noted, emphasis is added and citations, quotation marks, and alterations are omitted.
[3] For the Court's convenience, attached to the accompanying Nelson Declaration are true and correct highlighted (and in some cases, excerpted) copies of each exhibit.
[4] "JN" refers to "judicial notice" and "IBR" refers to "incorporation by reference."

| EX. | DESCRIPTION | BASIS[4] | ¶¶ |
|---|---|---|---|
| | published in Wilderness & Environmental Medicine (2004), Journal of Emergency Medicine (2005), and Turkish Journal of Emergency Medicine (2009). | | |
| 2 | Enochian Biosciences Inc.'s Form 10-Q for the quarter ended March 31, 2018, filed with the U.S. Securities and Exchange Commission ("SEC") on May 15, 2018. | IBR, JN | 33, 34, 79, 107 |
| 3 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Shareholder Letter, filed with the SEC on July 2, 2018. | JN | |
| 4 | Enochian Biosciences, Inc.'s Form 10-K for the fiscal year ended June 30, 2018, filed with the SEC on October 1, 2018. | JN | |
| 5 | Enochian Biosciences, Inc.'s Amendment No. 1 to Form 10-K for the fiscal year ended June 30, 2018, filed with the SEC on October 29, 2018. | JN | |
| 6 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Press Release titled *Enochian Biosciences Announces Uplisting to NASDAQ Under Symbol "ENOB,"* filed with the SEC on December 6, 2018. | JN | |
| 7 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Press Release titled *Enochian Biosciences Expands its Infectious Disease Pipeline by Entering into an Agreement in Principal to Acquire an Exclusive License for a Novel Hepatitis B Virus Treatment*, filed with the SEC on November 25, 2019. | IBR, JN | 4, 51, 60, 61, 92, 95, 96, 97 |
| 8 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Press Release titled *Enochian Biosciences Announces Scientific Presentation of a Novel Approach to Potentially Cure Hepatitis B Virus*, filed with the SEC on December 10, 2019. | IBR, JN | 92 |
| 9 | Enochian Biosciences, Inc.'s Form 8-K Current Report, filed with the SEC on April 22, 2021. | JN | |
| 10 | Article titled *Dr. Serhat Gumrukcu of Seraph Research Institute On The 5 Things Everyone Needs To Know About Cancer*, published by Savio P. Clemente (Medium) on October 24, 2021. | JN | |

8

| EX. | DESCRIPTION | BASIS[4] | ¶¶ |
|---|---|---|---|
| 11 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Shareholder Letter, filed with the SEC on January 24, 2022. | IBR, JN | 68, 92 |
| 12 | Enochian Biosciences, Inc.'s Form S-3 Registration Statement, filed with the SEC on February 11, 2022 | IBR, JN | 50, 92 |
| 13 | Excerpt from Seraph Research Institute's regarding Serhat Gumrukcu's biography page as it appeared on March 31, 2022, as captured by the Internet Archive's Wayback Machine website. | IBR, JN | 101 |
| 14 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Press Release titled *Enochian BioSciences Inventor and Co-Founder Presents Data on Novel Clinical Approaches as the Invited, Concluding Plenary Speaker at the Innate Killer Summit*, filed with the SEC on April 5, 2022. | IBR, JN | 92 |
| 15 | Excerpt from Seraph Research Institute's regarding Dr. Phillip Musikanth's biography page as it appeared on April 15, 2022, as captured by the Internet Archive's Wayback Machine website. | JN | |
| 16 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Press Release titled *Enochian BioSciences Board Learns of Arrest of Co-Founder and Inventor and Expresses Strong Competence in the Promising Future of the Company*, filed with the SEC on May 25, 2022. | IBR, JN | 70, 80, 92 |
| 17 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Press Release titled *Scientific Leaders Agree on Promise of Enochian BioSciences*, filed with the SEC on May 31, 2022. | JN | |
| 18 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Shareholder Letter, filed with the SEC on June 2, 2022. | JN | 76 |
| 19 | News Article titled *Biotech Wizard Left a Trail of Fraud -- Prosecutors Allege It Ended in Murder*, published by Joseph Walker and Ben Foldy (Wall Street Journal) on June 27, 2022. | IBR, JN | 2, 12, 57, 77, 81, 114, 125, 127 |
| 20 | U. S. Patent No. US 11,413,338 B2, titled *Methods and Compositions Using* | JN | |

9

| EX. | DESCRIPTION | BASIS[4] | ¶¶ |
|---|---|---|---|
| | *Recombinant Dendritic Cells for Cancer Therapy* | | |
| 21 | Exhibit 4 to Defendant Enochian Biosciences Inc.'s Motion for Summary Judgment, *Wolfe v. Enochian Biosciences Inc.*, No. 2:21-cv-00053-cr (D. Vt. Nov. 29, 2022), ECF 81-8. | IBR, JN | 87, 113 |
| 22 | First Amended Complaint, *Enochian Biosciences, Inc. v. Gumrukcu*, No. 22STCV34071 (Cal. Sup. Ct., LA Cnty.), filed on March 13, 2023. | IBR, JN | 89, 90, 100, 101 |
| 23 | Enochian Biosciences, Inc.'s Schedule 14A Definitive Proxy Statement, filed with the SEC on May 16, 2023. | JN | |
| 24 | Enochian Biosciences, Inc.'s Form 8-K Current Report and attached Shareholder Letter, filed with the SEC on January 16, 2024. | JN | |
| 25 | Screenshot of the U.S. Patent and Trademark Office's Patent Public Search Basic website showing all patents assigned to Serhat Gumrukcu, captured March 2, 2024. | JN | |
| 26 | Weird Science LLC's Form 4 filed with the SEC on February 6, 2023. | IBR, JN | 56, 116 |

## III.   ARGUMENT

Before the Court is Defendants' Motion to Dismiss securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934, governed by the Private Securities Litigation Reform Act ("PSLRA").  On a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.*, 551 U.S. at 322; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (same).  It is therefore appropriate—and required—for the Court to consider Exhibits 2, 7-8, 11-14, 16, 19, 21-22 and 26, all of which have been incorporated by reference in the Complaint as these

documents are either extensively referenced in the Complaint or otherwise form the basis of Plaintiff's claims. The Court should also take judicial notice of Exhibits 1, 3-6, 9-10, 15, 17-18, 20, and 23-25, which include Enochian's filings with the SEC, judicial filings, information from a government website, a magazine article, and a medical journal article, as they are all publicly available documents whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

For the reasons discussed below, **Exhibits 1-26** attached to the Nelson Declaration are properly subject to consideration in deciding the Motion to Dismiss under the incorporation by reference doctrine and/or Federal Rule of Evidence 201.

### A. The Court May Consider Documents Incorporated by Reference into the Complaint (Exhibits 2, 7-8, 11-14, 16, 19, 21-22, and 26).

In the Ninth Circuit, the incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Orexigen Therapeutics, Inc.*, 899 F.3d at 1002. A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). A single cite may be "extensive" if it is "relatively lengthy." *Orexigen*, 899 F.3d at 1003. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F.Supp.2d 1092, 1107 (E.D. Wash. 2013)). The reason for this rule is well settled, to "prevent[] plaintiffs from selecting only the portions of documents that support their claims, while omitting portions of those very documents that weaken … their claims." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020); *Orexigen*, 899 F.3d at 1002, 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs" who omit portions of documents that "weaken—or doom—

their claims."); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *5 (N.D. Cal. Nov. 23, 2021) (similar).

While an incorporated document may not be used "to dispute or create a defense to a **well-pled** fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's **conclusory** allegations." *In re Eventbrite*, 2020 WL 2042078, at *7. Nor does it "eradicate the rule that alleged false statements 'must be analyzed in context.'" *Id.* (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996)). Thus, to the extent Plaintiff relies on a document to support his claims, he cannot oppose the Court's consideration of the **entire** document.

Here, the Court should consider Exhibits 2, 7-8, 11-14, 16, 19, 21-22, and 26 under the incorporation by reference doctrine because they are cited repeatedly and extensively throughout the Complaint. *See supra*, Section II. *Eventbrite, Inc.*, 2020 WL 2042078, at *7; *Haideri v. Jumei Int'l Holding Ltd.*, 2021 WL 4170791, at *12 (N.D. Cal. Sept. 14, 2021) (incorporation by reference granted where document was cited "extensively enough to warrant incorporation on that ground alone"); *In re Talis Biomedical Corp. Sec. Litig.*, 2022 WL 17551984, at *11 (N.D. Cal. Dec. 9, 2022) (incorporating documents that were extensively cited in the complaint).

Moreover, as discussed below, the Court should consider Exhibits 2, 7-8, 11-14, 16, 19, 21-22, and 26 because Plaintiff explicitly and repeatedly refers to them to support his allegations of falsity, scienter, and loss causation.

### 1. Plaintiff relies on Exhibits 7-8, 11-14, 16, 19, and 22 to support falsity.

Plaintiff claims that Defendants made false and misleading statements when they "referred to Gumrukcu as a doctor in SEC filings, on the Company's website, and in various communications to investors." (*See* ¶ 91.) The sources of these alleged false or misleading statements, as well as the alleged corrective disclosures, unequivocally "forms the basis of [Plaintiff's] claim[s]." *Crews v. Rivian Auto., Inc.*,

12

2023 WL 3050081, at *7-8 (C.D. Cal. Feb. 16, 2023); *Orexigen*, 899 F.3d at 1004-05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are incorporated by reference into the complaint); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (same); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same).

The Complaint alleges that certain statements from Defendants' SEC filings (Exhibits 7-8, 11-12, 14, and 16) and Enochian's website (Exhibit 13) were false or misleading when made. (¶¶ 91-105.) Plaintiff's allegations, and the accompanying chart, make it clear that the statements in these exhibits are among the sources of Defendants' allegedly "false and misleading statements," (¶ 97), and "omission[s]," (¶ 104). As a result, these exhibits are incorporated by reference into the Complaint. *See Orexigen*, 899 F.3d at 1004-05; *Apple*, 2020 WL 2857397, at *5; *GoPro, Inc.*, 2019 WL 1231175, at *6.

Plaintiff also uses the Wall Street Journal article (Exhibit 19) and documents from the *Enochian v. Wolfe* (Exhibit 21) in an attempt to show that Defendants' statements were false and misleading. Because these exhibits form part of the basis for his falsity argument, Exhibits 19 and 22 are incorporated by reference. *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (incorporating by reference "sources [that] either contained a false or misleading statement or served as a corrective disclosure.").

### 2. Plaintiff relies on Exhibits 2, 19, 21, and 26 to support scienter.

Plaintiff relies on Exhibits 2, 19, 21, and 26 to show that "Defendants knew or were reckless in not knowing" about Gumrukcu's fraudulent credentials, history, and science. (¶ 106.) Specifically, Plaintiff relies on Exhibit 2 to support his allegations that Defendants were "intimately involved" in promoting Gumrukcu and his "purported intellectual property." (¶¶ 106-11.) He also relies on Exhibits 19 and 21

to support his allegations that Defendants ignored "red flags." (¶¶ 112-15.) He relies on Exhibit 26 to support his allegations that Dr. Dybul and Sandler were motived to commit fraud because they "benefited directly from insider sales of Weird Science." (¶ 116.) And Plaintiff relies on Exhibit 19 to allege that Defendants were "deliberat[ly] reckless in disregarding" Gumrukcu's fraud. (¶ 117.) Accordingly, these documents form the basis of Plaintiff's scienter claims and are incorporated by reference. *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) (documents, including Forms 4, "on which Plaintiff relies to establish scienter" were incorporated by reference); *Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, 2021 WL 2322351, at *3 (N.D. Cal. June 7, 2021) (documents plaintiffs used to support their scienter allegations were incorporated by reference) *Mulquin v. Nektar Therapeutics*, 510 F.Supp.3d 854, 862–63 (N.D. Cal. 2020) (documents plaintiffs used to support their scienter allegations were incorporated by reference); *Zogenix, Inc.*, 2020 WL 3820424, at *4 (documents from which plaintiffs quoted "to support scienter" were incorporated by reference); *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2019 WL 6877195, at *20 (N.D. Cal. Dec. 17, 2019) (documents that formed "a basis for Plaintiff's claims of falsity and scienter" were incorporated by reference); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (incorporating Hindenburg Research report by reference where plaintiffs used it to allege scienter); *Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (incorporating by reference defendant's Forms 4 used as the basis for plaintiffs' stock sale allegations); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (finding Forms 4 incorporated by reference into complaint where plaintiffs alleged stock sales to support scienter).

### 3. Plaintiff relies on Exhibit 19 to support loss causation.

Plaintiff alleges that the disclosures made in Exhibit 19 caused the "truth" to "emerge[]" about what "Enochian knew of Gumrukcu's fraudulent past but did not

disclose it to investors," (¶¶ 113-15), and "exposed" the alleged misrepresentations, (¶ 125-27.)  Accordingly, these documents form the basis of Plaintiff's claims and are incorporated by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 498 F.Supp.3d 1296, 1307 (S.D. Cal. 2020) (news article and documents that formed a basis for plaintiffs' loss causation allegations were incorporated by reference); *Reckstin Fam. Tr. v. C3.ai, Inc.*, 2024 WL 734497, at *5 (N.D. Cal. Feb. 22, 2024) (same). As such, Exhibit 19 forms the basis of Plaintiff's loss causation allegations and are properly incorporated by reference.

\* \* \*

Defendants use these same documents to provide context for the statements and information that Plaintiff cherry-picks, not to contradict any well-pled fact in the Complaint.  As such, Defendants' uses of these documents are proper.  *In re Eventbrite*, 2020 WL 2042078, at *7.

**B.    The Court May Also Take Judicial Notice of the Documents Incorporated by Reference into the Complaint (Exhibits 2, 7-8, 11-14, 16, 19, 21-22 and 26).**

As discussed above, Exhibits 2, 7-8, 11-14, 16, 19, 21-21 and 26 are properly incorporated by reference into the Complaint. (*See Supra*, Section III.A).  The Court may also consider these exhibits because they are the proper subjects of judicial notice.  Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Distinct from the doctrine of incorporation by reference, judicial notice extends to "matters of public record outside the pleadings." *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Courts may take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d

942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Apple,* 2020 WL 2857397, at *6.

**SEC Filings (Exhibits 2, 7-8, 11-12, 14, 16, and 26).** Defendants seek judicial notice of several SEC filings, including Enochian's Form 10-Q (Exhibit 2), Forms 8-K (Exhibits 7-8, 11, 14, and 16), and Form S-3 Registration Statement (Exhibit 12), and Weird Science LLC's Form 4 (Exhibit 26).[5] Judicial notice of these exhibits is proper as "[c]ourts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." *Apple*, 2020 WL 2857397, at *6; *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed"); *Dreiling*, 458 F.3d at 946 n.2 (noting SEC filings proper subject of judicial notice); *In re Calpine Corp. Sec. Litig.*, 288 F.Supp.2d 1054, 1076 (N.D. Cal. 2003) (the court "may properly take judicial notice of SEC filings"); *In re Salesforce.com Sec. Litig.*, 2005 WL 6327481, at *3 (N.D. Cal. Dec. 22, 2005) (taking judicial notice of company's SEC filings); *In re Facebook, Inc. Sec. Litig.*, 405 F.Supp.3d 809, 828-29 (N.D. Cal. 2019) (taking judicial notice of the defendant's SEC filings); *Lamartina v. VMware, Inc.*, 2021 WL 4133851, at *5 (N.D. Cal. Sept. 10, 2021); *In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) ("[A] court may take judicial notice of Forms 4 filed with the SEC, which are deemed incorporated by reference into a complaint when a plaintiff's allegations rely on a defendant's stock sales"); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) ("The Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the [complaint's]

---

[5] Enochian is the named issuer of stock on Exhibit 26.

scienter allegations, and their authenticity is not in question."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of the truth and contents of Form 4 where plaintiff's allegations of scienter relied on stock sales). Accordingly, the Court should take judicial notice of Exhibits 2, 7-8, 11-12, 14, 16, and 26.

**Internet Archive Excerpts (Exhibit 13).** Exhibit 13 is an excerpt of Serhat Gumrukcu's biography page as it appeared on the Seraph Research Institute's website on April 15, 2022. "Courts have taken judicial notice of internet archives in the past, including Archive.org's 'Wayback Machine,' finding that Archive.org possesses sufficient indicia of accuracy that it can be used to readily determine the various historical versions of a website." *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F.Supp.3d 1312, 1322 (C.D. Cal. 2023); *Kinnee v. TEI Biosciences Inc.*, 2023 WL 8191097, at *3 (S.D. Cal. Nov. 27, 2023).

**WSJ Article (Exhibit 19)**. Defendants also seek judicial notice of the June 27, 2022 Wall Street Journal article (Exhibit 19). "It is appropriate [for courts] to 'take judicial notice that the market was aware of the information in news articles . . . .'" *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *3 (C.D. Cal. Dec. 11, 2018); *EVO Brands, LLC*, 657 F.Supp.3d at 1323; *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("[newspaper] publications meet the standards for admissibility set forth in Federal Rule of Evidence 201(b).").

**Public Court Filings (Exhibits 21-22).** Exhibits 21 and 22 are excerpts from public court filings, both of which are subject to judicial notice. The Court "may take judicial notice of court filings and other matters of public record." *Pardi v. Tricida, Inc.*, 2024 WL 1056013, at *4 (N.D. Cal. Mar. 11, 2024) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)); *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 (9th Cir. 2017) (taking judicial notice of "various court filings"); *Kobayashi v. McMullin*, 2023 WL 3493991, at *7

(C.D. Cal. Mar. 2, 2023) (same); *AdTrader, Inc. v. Google LLC*, 2018 WL 3428525, at \*2 (N.D. Cal. July 13, 2018) (same).

## C. The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1, 3-6, 9-10, 15, 17-18, 20, and 23-25).

The Court may also consider Exhibits 1, 3-6, 9-10, 15, 17, 18, 20, and 23-25 because as explained in the first paragraph of Section III.B above, they are the proper subjects of judicial notice.

**SEC Filings (Exhibits 3-6, 9, 17-18, and 23-24).**  Defendants seek judicial notice of Enochian's Forms 8-K (Exhibits 3, 6, 9, 17-18, and 24), Form 10-K and Amendment (Exhibits 4-5), and Schedule 14A Definitive Proxy Statement (Exhibit 23).  For the reasons stated under "SEC Filings" in Section III.B above, judicial notice of these exhibits is proper.  Accordingly, the Court should take judicial notice of Exhibits 3-6, 9, 17, 18, and 23-24.

**USPTO Website and Patent (Exhibits 20 and 25).**  Defendants also seek judicial notice of a screenshot of the U.S. Patent and Trademark Office's website, (Exhibit 25), and a publicly available United States patent, (Exhibit 20).  "The court takes judicial notice of the information available from a public search of the United States Patent and Trademark Office ('USPTO')."  *CyWee Grp., Ltd. v. LG Elecs., Inc.*, 2018 WL 3007899, at \*1 n.2 (S.D. Cal. June 15, 2018).  Courts also regularly take "judicial notice of trademark registrations and applications publicly available on the USPTO website in the past."  *EVO Brands, LLC*, 657 F.Supp.3d at 1321; *Pardi*, 2024 WL 1056013, at \*4 ("documents on government websites are proper subjects of judicial notice.").  The Court should therefore take judicial notice of Exhibits 20 and 25.

**Magazine Article (Exhibit 10).**  Exhibit 10 is a *Medium* magazine article about Gumrukcu that is properly subject to judicial notice.  Courts "may take judicial notice of publications," such as "magazines" "to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"

Prodanova, 2018 WL 8017791, at *3 (citing *Von Saher*, 592 F.3d at 960 and *Alliance Premier Growth Fund v. Alliance Cap. Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)).  As such, the Court should take judicial notice of Exhibit 10.

**Scholarly Research Articles (Exhibit 1).**  Exhibit 1 is compilation of medical research articles written in part by Serhat Gumrukcu and published in Wilderness & Environmental Medicine, the Journal of Emergency Medicine, and the Turkish Journal of Emergency Medicine, all of which are quarterly medical journals.  The Court can and should take judicial notice of this exhibit as evidence of what information was available to the public.  *See In re Tesla, Inc. Sec. Litig.*, 477 F.Supp.3d 903, 920 (N.D. Cal. 2020) (taking judicial notice of "scholarly articles"); *In re Nuvelo, Inc. Sec. Litig.*, 668 F.Supp.2d 1217, 1220 (N.D. Cal. 2009) (taking judicial notice of pharmaceutical journal article); *McCrary v. Elations Co., LLC*, 2014 WL 1779243, at *1 (C.D. Cal. Jan. 13, 2014) (taking judicial notice of four journal articles "as an indication of what information is in the public realm.").

**Dr. Phillip Musikanth's Biography Page (Exhibit 15).**  Defendants also seek judicial notice of Dr. Phillip Musikanth's biography page on Seraph Research Institute's website as it appeared on April 15, 2022.  For the reasons stated under "Internet Archive Excerpt" in Section III.B above, judicial notice of Exhibit 15 is proper.  Accordingly, the Court should take judicial notice of Exhibit 15.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 2, 7-8, 11-14, 16, 19, 21-22, and 26** under the incorporation by reference doctrine and take judicial notice of **Exhibits 1, 3-6, 9-10, 15, 17-18, 20, and 23-25** to establish what information was in the public realm and when.

/ / /

/ / /

/ / /

/ / /

Dated: March 15, 2024

Respectfully submitted,

COOLEY LLP

By: */s/ Brett De Jarnette*
Brett De Jarnette

Attorneys for Defendants
*ENOCHIAN BIOSCIENCES INC., DR. MARK DYBUL, RENE SINDLEV, and CARL SANDLER*

20

RJN ISO Motion to
Dismiss Amended Complaint
8:22-cv-01374-JWH-JDE