**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
300 Park Avenue, Suite 1301
New York, New York 10022
jfonti@bfalaw.com
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Lead Plaintiff Jean-Pierre Murray,*
*and Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES INC., MARK DYBUL, RENE SINDLEV, and CARL SANDLER,<br><br>Defendants. | Case No. 8:22-cv-01374-JWH-JDE<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>Date:      June 28, 2024<br>Time:      9:00 A.M.<br>Courtroom: 9D, 9th Floor<br>Judge:     Hon. John W. Holcomb |

## I.    PRELIMINARY STATEMENT[1]

Plaintiff respectfully submits this memorandum of law in opposition to Defendants' Request for Judicial Notice and Incorporation by Reference (ECF No. 75). To support improper factual arguments in their Motion to Dismiss, including their primary factual defense that they, as opposed to investors, were the victims of Serhat Gumrukcu, Defendants have asked the Court to consider hundreds of pages of extrinsic material, including numerous Enochian SEC filings, pleadings that they submitted in other cases, deposition testimony, materials from the U.S. Patent and Trademark Office, and news reports.

Defendants' request should be denied because it improperly injects factual disputes into consideration of a motion to dismiss and seeks to have this Court prematurely resolve those disputes. Indeed, Defendants are guilty of exactly what the Ninth Circuit sought to root out when it struck down the "concerning pattern in securities cases" where defendants "exploit[] these procedures" and make "unscrupulous use of extrinsic documents to resolve competing theories against the complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Here, discovery has not even begun because the PSLRA precludes discovery prior to the resolution of a motion to dismiss. 15 U.S.C. § 78u–4(b)(3)(B). Thus, Plaintiff has had no opportunity to develop a full factual record. Indeed, as the Ninth Circuit has cautioned, "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and

---

[1] All references to ¶ __ are to paragraphs in the Amended Complaint for Violations of the Federal Securities Laws, ECF No. 68 (the "Complaint"). References to "Mot." refer to Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (ECF No. 73). References to "JN Req." refer to Defendants' Request for Judicial Notice and Incorporate by Reference (ECF No. 75). Capitalized terms not defined herein have the meanings set forth in the Complaint. All internal citations and quotations have been omitted, and emphases added, unless otherwise stated.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE – CASE NO. 8:22-cv-01374-JWH-JDE

2

true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief." *Khoja*, 899 F.3d at 999.  This is what the Defendants ask the Court to do, and their request should therefore be denied.

## II.     LEGAL STANDARD

Ordinarily, when "matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion converts into a motion for summary judgment" and "both parties must have the opportunity to present all the material that is pertinent to the motion." *Khoja*, 899 F.3d at 998.  The two exceptions to this rule are "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

With respect to incorporation by reference, on a motion to dismiss a court can consider an extrinsic document "not physically attached to the complaint" only if its "authenticity is not contested and the plaintiff's complaint necessarily relies on [it]." *Matter of Ferrante*, 2023 WL 8449198, at *1 (9th Cir. Dec. 6, 2023).  Critically, incorporation by reference may not be used by defendants to "insert their own version of events" or "disput[e] the factual allegations in the complaint." *Khoja*, 899 F.3d at 1002–03.  Further, "[t]he incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014.

As to judicial notice, Rule 201 of the Federal Rules of Evidence permits courts to notice an adjudicative fact if it is "not subject to reasonable dispute," meaning the fact is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  However, judicial notice is only permissible as to "***undisputed*** matters," and a district court abuses its discretion when it takes "judicial notice of ***disputed*** facts." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE –
CASE NO. 8:22-cv-01374-JWH-JDE

3

## III.   DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE SHOULD BE DENIED

Defendants seek to introduce 12 exhibits under the doctrine of incorporation by reference: Exs. 2, 7, 8, 11, 12, 13, 14, 16, 19, 21, 22, and 26.  Nearly all these exhibits are intended to "insert [Defendants'] own version of events" or "disput[e] the factual allegations in the complaint." *Khoja*, 899 F.3d at 1002–03.[2]  In particular, the exhibits are offered in support of Defendants' general contention that "Gumrukcu's research impresse[d] the medical community" and that Gumrukcu was working towards viable product development.  (*See, e.g.*, Mot. at 11.)  This version of events is squarely in dispute.  (*See, e.g.*, ¶¶ 48–51, 57–68.)

Specifically, Defendants offer the following exhibits:

- Ex. 7, a Form 8-K dated November 25, 2019, is offered to establish the facts that Gumrukcu's work was presented to experts, was built on prior research, and that Gumrukcu had presented his purported research at industry events.  Mot. at 9, 12, 23, 26.

- Ex. 8, a Form 8-K dated December 10, 2019, is offered to establish the fact that Gumrukcu had purportedly worked alongside other doctors.  Mot. at 10.

- Ex. 11, a Form 8-K dated January 24, 2022, is offered to establish the fact that Gumrukcu was purportedly praised by others in the medical community and invited to present on various topics.  Mot. at 12, 13, 26.

- Ex. 12, a Form S-3 dated February 11, 2022, is used to establish the fact that Gumrukcu purportedly met with the FDA in June 2020 to discuss an IND application to begin clinical trials and that he purportedly applied his gene therapy approach to various conditions.  Mot. at 11–12, 14.

---

[2] Plaintiff does not challenge Defendants' request with respect to Exs. 2, 16, and 19.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE – CASE NO. 8:22-cv-01374-JWH-JDE

4

- Ex. 13, Gumrukcu's purported biography on Seraph's website, is offered to suggest that the Defendants were duped because they simply regurgitated the biography that Gumrukcu purportedly posted on Seraph's website. Mot. at 8, 10.

- Ex. 14, a Form 8-K, dated April 5, 2022, is offered to establish the fact that Gumrukcu was purportedly invited to give lectures and presentations. Mot. at 13, 26.

- Ex. 21, former CFO Robert Wolfe's purported testimony in *Wolfe v. Enochian*, is offered to dispute the allegations in the Complaint that Wolfe's raised red flags about Gumrukcu that the Defendants recklessly ignored. Mot. at 16, 24. This is a cut-and-dry factual dispute that cannot be resolved on a motion to dismiss.

- Ex. 22, the First Amended Complaint filed by Defendant Enochian in *Enochian v. Gumrukcu*, is offered to establish the facts alleged in that case that Enochian was allegedly deceived by Gumrukcu. This is a central dispute in this case. And Defendants' attempt to offer their own version of events is particularly egregious because Defendants are stating their own allegations from another lawsuit as facts that the court should consider and incorporate by reference and judicial notice. Mot. at 12, 18, 23 n.15 ("Enochian conducted a review . . . and found that Gumrukcu had manipulated certain data").

- Ex. 26, a Form 4 for Weird Science dated February 6, 2023, is offered expressly to dispute the facts concerning the Individual Defendants' transactions in Weird Science stock. Mot. at 28.

In short, Defendants offer these exhibits to establish their own version of the facts and to dispute the well-pled allegations in the Complaint. This is plainly not permitted

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE – CASE NO. 8:22-cv-01374-JWH-JDE

5

by the Ninth Circuit and Defendants' request for incorporate by reference should be denied.  *See Khoja*, 899 F.3d at 1002–03.

## IV.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED

Defendants likewise seek to introduce their own version of facts through the doctrine of judicial notice.  On that basis, they seek to introduce all 26 exhibits.  But as with incorporation by reference, judicial notice is only permissible, regardless of whether the document is public, as to "***undisputed*** matters," and a district court abuses its discretion when it takes "judicial notice of ***disputed*** facts."  *Lee*, 250 F.3d at 690.[3]

Here, Defendants improperly abuse judicial notice to offer disputed facts, including, but not limited to, that Gumrukcu purportedly co-authored publications,  the Defendants purportedly conducted due diligence, that Gumrukcu's research was purportedly valid, and that Gumrukcu's findings were purportedly presented to and excited the medical community.  These facts are all disputed. (*See, e.g.*, ¶¶ 48–51; 57–68.)

Defendants attempt to introduce these facts largely by seeking judicial notice of their own SEC filings.  (*See* Exs. 3, 4, 5, 6, 9, 17, 18, 23, and 24.)  Defendants argue that "courts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." (JN Req. at 16 (quoting *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397 (N.D. Cal. June 2, 2020).)  But here, the accuracy of Defendants' SEC filings is squarely at issue, (*see* ¶ 92), and, as discussed below, Defendants are improperly introducing these SEC filings to establish disputed facts.  *Lee*, 250 F.3d at 690; *see also Evans v. NBCUniversal Media, LLC*, 2021 WL 4513624, at *2 (C.D. Cal. July 23, 2021) (denying

---

[3] Again, Plaintiff does not challenge Defendants' request with respect to Exs. 2, 16, and 19.  And for the reasons set forth above in § III, Defendants' request for judicial notice of Exs. 7, 8, 11, 12, 13, 14, 21, 22, and 26 is improper because they are introduced to establish disputed facts. *Lee*, 250 F.3d at 690.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE – CASE NO. 8:22-cv-01374-JWH-JDE

6

"[d]efendants' request for the Court to take judicial notice of DreamWorks Animation's 2007 10-K SEC filing because the Court cannot take judicial notice of the truth of the contents therein").

Specifically, Defendants offer the following SEC filings as exhibits:

- Ex. 3, a Form 8-K dated July 2, 2018, offered to establish the due diligence purportedly conducted by Defendants, Mot. at 9, and also the work purportedly being conducted by Gumrukcu, Mot. at 11, n.8, all of which are in dispute. (*See, e.g.*, ¶¶ 8, 36, 105, 112, 117.)

- Ex. 4, a Form 10-K for the year ending June 2018, offered to establish the validity of the work that was purportedly being conducted by Gumrukcu, Mot. at 9–10, all of which is in dispute. (*See, e.g.*, ¶¶ 48–51.)

- Ex. 5, Amendment 1 to Enochian's Form 10-K for the fiscal year ending June 30, 2018, offered to establish that Gumrukcu's findings purportedly excited medical experts. Mot. at 11–12, 26. Again, the validity of Gumrukcu's science is squarely in dispute. (*See, e.g.*, ¶¶ 48–51.)

- Ex. 6, a Form 8-K dated December 6, 2018, offered to establish that Gumrukcu's findings purportedly excited medical experts. Mot. at 11–12, 26. These facts are in dispute. (*See, e.g.*, ¶¶ 48–51.)

- Ex. 9, a Form 8-K dated April 22, 2021, offered to establish that Gumrukcu had purportedly presented on research related to COVID-19. Mot. at 13 n.9. These facts, gleaned from Defendants' own SEC filings, are squarely in dispute.

- Ex. 17, a Form 8-K dated May 31, 2022, offered to establish that others in the medical community reiterated their support for Enochian after Gumrukcu's arrest. Mot. at 17. These facts, gleaned from Defendants' own SEC filings, are squarely in dispute.

- Ex. 18, a Form 8-K dated June 2, 2022, offered to establish the Company's

reaction to the revelations about Gumrukcu, Gumrucku's status during the class period, and the Company's take on the news reports that raised red flags. Mot. at 11, 15, 17. All these facts, from Defendants' own SEC filings, are in dispute.

- Ex. 23, a Schedule 14A dated May 16, 2023, to establish the Individual Defendants' biographies, Mot. at 8, and further establish that the medical community was purportedly impressed by Gumrukcu, Mot. at 12. All these facts, from Defendants' own SEC filings, are in dispute.

- Ex. 24, a Form 8-K dated January 16, 2024, offered to gratuitously highlight work that the Company is currently doing. Mot. at 18. These facts are not only in dispute, but they're also irrelevant and outside the scope of the allegations.

Defendants also seek judicial notice of the following documents, all of which are submitted to dispute facts alleged in the Complaint (Exs. 1, 10, 15, 20, and 25):

- Ex. 1, a compilation of journal articles purportedly authored by Gumrukcu, offered to prove that Gumrukcu had co-authored publications. Mot. at 8. This is not an established or alleged fact, and the extent to which Gumrukcu authored these articles, the validity of the science presented therein, and their impact on Defendants' state of mind is squarely in dispute. (*See, e.g.*, ¶¶ 48–51.)

- Ex. 10, an article from Authority magazine, used to establish that "[n]umerous other doctors, medical experts, and journalists praised Gumrukcu for his research." Mot. at 13–14. Defendants are relying on this article to prove that Gumrukcu was being praised and to support their version of events that Gumrukcu impressed the medical community. This is in dispute. (*See, e.g.*, ¶¶ 48–51, 57–68.)

- Ex. 15, Phillip Musikanth's purported biography from Seraph's website,

used to establish Gumrukcu's purported medical associations.  Mot. at 10. Again, Defendants are citing this in support of their argument that they were tricked like everyone else by highlighting that someone with Musikanth's scientific bona fides was purportedly associated with Gumrukcu, but those facts are all in dispute.[4]  (*See, e.g.*, ¶¶ 48–51, 57–68.)

- Ex. 20, a patent purportedly submitted jointly by Gumrukcu and Enochian, offered to establish that Gumrukcu's research was genuine. Mot. at 11.

- Ex. 25, a screenshot of a search of the US Patent and Trademark Office, offered to establish the fact that Gumrukcu purportedly submitted a number of patents.  Mot. at 11.  But the validity of Gumrukcu's science is not established and is in dispute.  (*See, e.g.*, ¶¶ 48–51, 57–68.)

## V.    CONCLUSION

For the foregoing reasons, Defendants' request for judicial notice and incorporation by reference should be denied.

Dated: May 17, 2024                    Respectfully submitted,

By:*/s/ Joseph A. Fonti*
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Javier Bleichmar (*pro hac vice*)
jbleichmar@bfalaw.com

---

[4] *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1322 (C.D. Cal. 2023), cited by Defendants, actually supports this conclusion.  (JN Req. at 17.)  There, the court said that the Archive.org's "Wayback Machine," "possesses sufficient indicia of accuracy that it can be used to readily determine the various historical versions of a website."  *Id.*  But the court went on to specifically find that the "accuracy of Archive.org as an internet archive service does not speak to the accuracy of the underlying archived websites."  *Id.* at 1323.  Accordingly, because the fact defendants were trying to show was "a disputed fact, it [was] therefore an inappropriate subject for judicial notice."  *Id.*  The same is true here.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE – CASE NO. 8:22-cv-01374-JWH-JDE

9

300 Park Avenue, Suite 1301
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

George N. Bauer (*pro hac vice* forthcoming)
gbauer@bfalaw.com
Ross Shikowitz (*pro hac vice*)
rshikowitz@bfalaw.com
75 Virginia Road, 2nd Floor
New York, New York 10603
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Lead Plaintiff Jean-Pierre Murray and Lead Counsel for the Putative Class*

– and –

Brian Schall (SBN 290685)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jean-Pierre Murray*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE – CASE NO. 8:22-cv-01374-JWH-JDE

10