COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400

RONAN A. NELSON (346553)
(rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

Attorneys for Defendants
ENOCHIAN BIOSCIENCES INC.,
DR. MARK DYBUL, RENE SINDLEV,
and CARL SANDLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES INC., DR. MARK DYBUL, RENE SINDLEV, and CARL SANDLER,<br><br>Defendants. | Case No. 8:22-cv-01374-JWH-JDE<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>Date:        June 28, 2024<br>Time:        9:00 A.M.<br>Courtroom:  9D, 9th Floor<br>Judge:       Hon. John W. Holcomb |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ....................................................................................................... 6

II.  ARGUMENT ............................................................................................................. 7

A.   Plaintiff Cannot Dispute that Exhibits 7-8, 11-14, 22, and 26 are Incorporated by Reference into the Complaint. ......................................... 7

1.   Exhibits 7-8, 11-14, and 22 are Incorporated by Reference Because they Contain the Alleged Misstatements or are Integral to Plaintiff's Falsity Allegations. ................................... 8

2.   Plaintiff's Argument Against the Incorporation by Reference of Exhibit 26 is Inapposite. ............................................. 10

B.   Plaintiff Does Not Dispute that Exhibits 1, 3-15, 17-18, and 20-26 are Judicially Noticeable. ...................................................................... 11

1.   SEC Filings and Public Court Documents are Proper Subjects of Judicial Notice (Exhibits 3-9, 11-12, 14, 17-18, 21-24, and 26). ............... 12

2.   Internet Archive Captures are the Proper Subject of Judicial Notice (Exhibits 13 and 15). ............................................. 13

3.   Magazine and Scholarly Research Articles are the Proper Subjects of Judicial Notice (Exhibits 1 and 10). .................................. 13

4.   Documents on Government Websites are Also the Proper Subjects of Judicial Notice (Exhibits 20 and 25). ................................. 14

III. CONCLUSION ........................................................................................................ 15

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alliance Premier Growth Fund v. Alliance Cap. Mgmt. L.P.*,
435 F.3d 396 (3d Cir. 2006)......................................................................................... 14

*In re Apple Inc. Sec. Litig.*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) .............................................................. 12

*Baron v. Hyrecar Inc.*,
2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ............................................................ 10

*Chan v. ArcSoft, Inc.*,
2021 WL 12103025 (N.D. Cal. Sept. 28, 2021) ........................................................... 8

*CyWee Grp., Ltd. v. LG Elecs., Inc.*,
2018 WL 3007899 (S.D. Cal. June 15, 2018)............................................................. 14

*EVO Brands, LLC v. Al Khalifa Grp. LLC*,
657 F.Supp.3d 1312 (C.D. Cal. 2023) ................................................................. 13, 15

*Immanuel Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) ............................................................... 8

*Kang v. PayPal Holdings, Inc.*,
620 F.Supp.3d 884 (N.D. Cal. 2022) ............................................................................ 9

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)............................................................................. 6, 8, 9, 11

*Kinnee v. TEI Biosciences Inc.*,
2023 WL 8191097 (S.D. Cal. Nov. 27, 2023) ........................................................... 13

*Kobayashi v. McMullin*,
2023 WL 3493991 (C.D. Cal. Mar. 2, 2023) ............................................................. 12

*Lamartina v. VMware, Inc.*,
2021 WL 4133851 (N.D. Cal. Sept. 10, 2021) ........................................................... 12

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001)....................................................................................... 11

*Manda v. Albin*,
2020 WL 2614872 (N.D. Cal. May 22, 2020) .............................................................. 9

*McCrary v. Elations Co., LLC*,
2014 WL 1779243 (C.D. Cal. Jan. 13, 2014) ............................................................. 11

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Mendoza v. HF Foods Grp. Inc.*,
2021 WL 3772850 (C.D. Cal. Aug. 25, 2021) .................................................................... 10

*In re Nuvelo, Inc. Sec. Litig.*,
668 F.Supp.2d 1217 (N.D. Cal. 2009) ................................................................................. 14

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ............................................................................................... 8

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ..................................................................... 11

*In re ON24, Inc. Sec. Litig.*,
2023 WL 7449838 (N.D. Cal. July 7, 2023) ........................................................................ 12

*Pampena v. Musk*,
2023 WL 8588853 (N.D. Cal. Dec. 11, 2023) ....................................................................... 7

*Pardi v. Tricida, Inc.*,
2024 WL 1056013 (N.D. Cal. Mar. 11, 2024) ..................................................................... 15

*In re Pivotal Sec. Litig.*,
2020 WL 4193384 (N.D. Cal. July 21, 2020) ........................................................................ 8

*Prodanova v. H.C. Wainwright & Co., LLC*,
2018 WL 8017791 (C.D. Cal. Dec. 11, 2018) ..................................................................... 14

*Ret. Sys. v. Sterling Fin. Corp.*,
963 F.Supp.2d 1092 (E.D. Wash. 2013) ................................................................................ 8

*Rodriguez v. Gigamon, Inc.*,
325 F.Supp.3d 1041 (N.D. Cal. 2018) ................................................................................... 7

*Sneed v. AcelRx Pharms., Inc.*,
2022 WL 4544721 (N.D. Cal. Sept. 28, 2022) .................................................................... 11

*Tellabs v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .................................................................................................... 6, 7, 9

*In re Tesla, Inc. Sec. Litig.*,
477 F.Supp.3d 903 (N.D. Cal. 2020) ................................................................................... 14

*In re Tibco Software, Inc.*,
2006 WL 1469654 (N.D. Cal. May 25, 2006) ..................................................................... 12

*Von Saher v. Norton Simon Museum of Art*,
592 F.3d 954 (9th Cir. 2010) ............................................................................................... 14

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP**

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Welgus v. TriNet Grp., Inc.*,
    2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ........................................................................ 12

*WheelImage Corp. v. Axial Mfg.*,
    2024 WL 1012847 (C.D. Cal. Mar. 5, 2024) ........................................................................ 14

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

## I.   INTRODUCTION

As explained in Defendants' Motion,[1] the Complaint is deficient on its face for failure to plead particularize facts showing Defendants had actual knowledge of or were deliberately reckless in not knowing that Gumrukcu had no medical degree. Plaintiff does not dispute that Exhibits 1-26 to the Nelson declaration are the proper subjects of the incorporation by reference and judicial notice doctrines.  Instead, Plaintiff complains that Defendants improperly use certain of these exhibits to improperly tell a "counternarrative they were duped just like everyone else."  (Opp. at 24.)  Plaintiff is wrong.  The Complaint cherry-picks portions of public documents, out of context, to tell Plaintiff's preferred narrative, unsupported by any specific facts.  To put Plaintiff's allegations in their proper context in ruling on Defendants' Motion to Dismiss, Defendants ask the Court to consider documents and information that Plaintiff selectively omit from their Complaint.  *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Importantly, Defendants may use these exhibits so long as they do not "***only serve to dispute facts*** stated in a well-pl[ed] complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).  Here, Defendants do no such thing.  Plaintiff has not identified a single well pled factual allegation that Defendants dispute through the use of exhibits.  Nor does Plaintiff contest the accuracy of the documents, the facts Defendants seek judicial notice of, or that Defendants misrepresent what the documents say.  Rather, he takes issue with the legal arguments that Defendants make with the documents and disagrees with the inferences that can

---

[1] All references to the "Motion" or "Mot." are to Defendants' Motion to Dismiss (ECF No. 74-1).  All "Ex." references are to exhibits to the Declaration of Ronan A. Nelson ("Nelson Decl."). (ECF No. 74-2).   All references to "RJN" are to Defendants' Request for Judicial Notice and for Incorporation by Reference (ECF No. 75).  All references to "RJN Opp." are to Plaintiff's Opposition to Defendants' Request for Judicial Notice/Incorporation by Reference (ECF No. 82).  All "¶" references are to Plaintiff's Amended Complaint (the "Complaint") (ECF No. 68). All references to the "MTD Reply" are to Defendants' Reply in Support of the Motion to Dismiss, filed concurrently herewith.  Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

be drawn from them.  The parties' disagreement about the inferences that can be drawn from judicially noticeable facts and documents incorporated by reference does not mean that the Court cannot consider those publicly available sources.  Indeed, the Supreme Court mandates that district courts weigh competing inferences in evaluating scienter because Plaintiff can only survive dismissal if he pleads specific facts creating an inference of intent that is at least as compelling as competing inferences.  *Tellabs*, 551 U.S. at 322.  If Defendants were not permitted to make arguments about the inferences that can (and cannot) be drawn from the Complaint's allegations, incorporated documents, and facts subject to judicial notice, then moving to dismiss in securities cases would be meaningless.  Accordingly, the Court should consider Exhibits 1-26.[2]

## II.   ARGUMENT

### A.   Plaintiff Cannot Dispute that Exhibits 7-8, 11-14, 22, and 26 are Incorporated by Reference into the Complaint.

Plaintiff does not dispute—and thereby effectively concedes—that Exhibits 7-8, 11-14, 22, and 26 are incorporated by reference into the Complaint.  (RJN Opp. at 5-10); *see Rodriguez v. Gigamon, Inc.*, 325 F.Supp.3d 1041, 1057 n.6 (N.D. Cal. 2018) ("Plaintiffs do not address Defendants' arguments, and thus implicitly concede" to Defendants' position).  Rather, he claims these exhibits "establish [Defendants'] own version of the facts" and "dispute the well-pled allegations in the Complaint."  (RJN Opp. at 5-10.)  Yet these exhibits "do not dispute facts stated in a well-pleaded complaint, [they] instead provide a basis for Defendant[s'] arguments that Plaintiff[] inaccurately characterize[s] the documents or portions of the documents." *Pampena v. Musk*, 2023 WL 8588853, at *8 (N.D. Cal. Dec. 11, 2023).

---

[2] Plaintiff concedes that Exhibits 2, 16, and 19 are incorporated by reference and subject to judicial notice.  (RJN Opp. at 4 n.2.)  The Court should thus consider these exhibits accordingly.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

**1.     Exhibits 7-8, 11-14, and 22 are Incorporated by Reference Because they Contain the Alleged Misstatements or are Integral to Plaintiff's Falsity Allegations.**

Exhibits 7-8, and 11-14 are incorporated by reference because they are cited repeatedly and extensively throughout the Complaint (RJN at 12), and contain the alleged misrepresentations and corrective disclosures which unequivocally "form the basis" of Plaintiff's claims, *Orexigen*, 899 F.3d at 1004-05; *Chan v. ArcSoft, Inc.*, 2021 WL 12103025, at *3-4 (N.D. Cal. Sept. 28, 2021) (incorporating documents by reference where they form "the basis for the plaintiff's claim."); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (incorporating documents that "allegedly contain materially false or misleading statements").  Exhibit 22 is also incorporated by reference because it is an alleged corrective disclosure which Plaintiff uses to "show that Defendants' statements were false and misleading." (RJN at 13 (citing *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020).)  Interestingly, Plaintiff concedes that Exhibit 19, which *also* contains an alleged corrective disclosure, is incorporated by reference into the Complaint.  Plaintiff cannot affirm the incorporation by reference of Exhibit 19 and simultaneously deny the same for Exhibit 22 when they both contain the corrective disclosures.  As a result, Exhibits 7-8, 11-14, and 22 are "assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – *are free to refer to any of [their] contents*."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F.Supp.2d 1092, 1107 (E.D. Wash. 2013).

Plaintiff argues that these exhibits "are offered in support of Defendants' general contention that 'Gumrukcu's research impresse[d] the medical community' and that Gumrukcu was working towards viable product development." (RJN Opp. at 4.)  But the incorporation-by-reference doctrine does not "prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Eventbrite*, 2020 WL 2042078,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

at *7. *Orexigen* and its progeny do "not eradicate the rule that alleged false statements must be analyzed in context." *Id.*; *Kang v. PayPal Holdings, Inc.*, 620 F.Supp.3d 884, 896 (N.D. Cal. 2022) (holding that incorporation by reference was appropriate "to assess the veracity of [a] challenged statement in context"). And importantly, "Plaintiff[] specifically relied on and [pled] facts about [these documents]. [He] cannot now say [their] introduction is unfair." *Manda v. Albin*, 2020 WL 2614872, at *9 (N.D. Cal. May 22, 2020). The Court is entitled—and in fact, required—to have the full context surrounding Plaintiff's allegations at its disposal. *See Tellabs*, 551 U.S. at 322. Furthermore, Defendants use these documents in the exact manner contemplated by the Ninth Circuit: to ask the Court to consider the challenged statements in the context of information available to the market at the time they were made, not to dispute any well-pled factual allegations. (*See supra*, Section II.A); *Orexigen*, 899 F.3d at 1003; *Eventbrite*, 2020 WL 2042078, at *7.

Each of Plaintiff's attempts to show that Defendants inserted their own "version of events" is nonsensical.[3] (*See* RJN Opp. at 4-5.) For example:

- **Exhibit 7:** Plaintiff claims Defendants use Exhibit 7, Enochian's November 25, 2019 Form 8-K, to establish that "Gumrukcu's work was presented to experts, was built on prior research, and that Gumrukcu had presented his purported research at industry events." (RJN Opp. at 4.) Plaintiff cannot use this document to challenge Defendants' statements and then refuse to acknowledge that the document *also* shows that Gumrukcu's work was presented to experts at industry events. Neither the Complaint nor Opposition argue Gumrukcu didn't present his work to experts or at industry events. And Defendants never argue that Gumrukcu's work was built on prior research, just that he *represented* to the medical community, including Defendants, that his work had been built on prior research. (Mot. at 9.) Because Plaintiff incorporates Exhibit 7 by reference, the Court is free to refer to any of its contents.

---

[3] To 'demonstrate' this, Plaintiff describes exhibit-by-exhibit how Defendants offer each document to introduce facts "squarely in dispute." (RJN Opp. at 4.) These exhibit-by-exhibit arguments are fabricated to make the Court think Defendants use the exhibits only to launch factual challenges. This could not be more disingenuous: Defendants are allowed to contextualize Plaintiff's allegations to show the landscape of information available to Defendants – and the public – at the time the challenged statements were made. *Eventbrite*, 2020 WL 2042078, at *7. The Court should not credit these misguided mini-arguments.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

- **Exhibit 8:** Plaintiff next claims Exhibit 8, Enochian's January 24, 2022 Form 8-K, is offered to establish that "Gumrukcu had purportedly worked alongside other doctors." (RJN Opp. at 4.) Yet Plaintiff doesn't dispute that Gumrukcu worked with other doctors. And Defendants do not argue that it is true that Gumrukcu worked with these doctors. Rather, Plaintiffs seem to take issue with the inferences made from the document, which is not a basis for exclusion. As such, no factual dispute exists and Exhibit 8 is thus incorporated by reference.

- **Exhibit 13:** According to Plaintiff, Exhibit 13 creates a factual dispute because it "suggest[s] that the Defendants were duped because they simply regurgitated [Gumrukcu's biography] on Seraph's website." (RJN Opp. at 5.) Neither the Complaint nor Opposition contain particularized facts showing where Defendants would have otherwise attained such information, meaning there are no facts of which Exhibit 13 could dispute. Moreover, Plaintiff specifically challenges statements made in Gumrukcu's biography as taken from the Seraph website; he cannot now exclude the cited language's context.

- **Exhibit 22:** Plaintiff asserts that Exhibit 22, the First Amended Complaint from *Enochian Biosciences, Inc. v. Gumrukcu*, allows "Defendants [to state] their own allegations from another lawsuit as facts that the court should consider and incorporate by reference and judicial notice." (*Id.* at 5.) But Plaintiff's claims hinge on Exhibit 22 which, as Plaintiff does not refute, he uses to show that Defendants' statements were allegedly false and misleading. (RJN at 13.) Plaintiff could have chosen to use another document as a purported corrective disclosure if he did not want Defendants to contextualize Plaintiff's cherry-picked allegations from the same document. *See id.*

Ultimately, Plaintiff's arguments do not preclude the incorporation by reference of Exhibits 7-8, 11-14, and 22.

### 2. Plaintiff's Argument Against the Incorporation by Reference of Exhibit 26 is Inapposite.

Plaintiff's challenge to Exhibit 26 also fails because it forms the basis of Plaintiff's scienter allegations. (RJN at 13.) Plaintiff argues that Exhibit 26 "is offered expressly to dispute the facts concerning the Individual Defendants' transactions in Weird Science stock." (RJN Opp. at 5.) But Exhibit 26 is incorporated by reference because, as Plaintiff fails to dispute, the Complaint "relies on [it] to support [Plaintiff's] allegations that Defendants ignored 'red flags.'" (RJN at 13-14.) *See Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) (documents "on which Plaintiff relies to establish scienter" were incorporated by reference); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

Aug. 25, 2021) (incorporating document by reference where plaintiffs used it to allege scienter).  And courts routinely incorporate by reference class period Forms 4. *See Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*15 (C.D. Cal. Apr. 14, 2015) (incorporating by reference defendant's Forms 4 used as the basis for plaintiffs' stock sale allegations); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at \*3 (N.D. Cal. Sept. 28, 2022) (finding Forms 4 incorporated by reference into the complaint where plaintiffs alleged stock sales to support scienter).

Further, Plaintiff directly cites to Exhibit 26 to allege that "Weird Science sold another 4,961,363 shares of Enochian stock" "just 40 days before Gumrukcu was arrested for the murder of Gregory Davis," (¶ 56, 116.)  These allegations are integral to Plaintiff's claims and relevant to the Court's analysis, meaning they free for the Court to use in entirety.  *See Ixia*, 2015 WL 1775221, at \*15; *AcelRx Pharms., Inc.*, 2022 WL 4544721, at \*3.

## B. Plaintiff Does Not Dispute that Exhibits 1, 3-15, 17-18, and 20-26 are Judicially Noticeable.[4]

Plaintiff does not dispute that Exhibits 1, 3-15, 17-18, and 20-26 are the types

---

[4] Realizing that *Orexigen* does not aid his arguments against the RJN, Plaintiff turns to other cases that, while filled with interesting soundbites, are wholly inapposite. Plaintiff cites *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) to decry that "judicial notice is only permissible as to 'undisputed matters,' and a district court abuses its discretion when it takes 'judicial notice of disputed facts.'" (RJN Opp. at 3.)  Defendants agree, but feel compelled to highlight that Plaintiff cherry-picks language from *Lee* while destroying its context.  In *Lee*, a section 1983 case, the Ninth Circuit reversed a district court's judicial notice of three defendant declarations and a Waiver of Extradition form because the district court made "factual finding[s]" on the validity of the documents, essentially "taking judicial notice of disputed [factual] matters." 250 F.3d at 689-90.  Even so, the Ninth Circuit stated that it would have been proper to judicially notice "the *fact* that a Waiver of Extradition was signed" or the "*fact* that [the accused] purportedly waived his right to challenge his extradition," just not the truth of the validity of the Waiver of Extradition.  *Id.*  The RJN **never** asked the court to make factual findings on the documents subject to request judicial notice, but "**solely** as an indication of what information is in the public realm."  *McCrary v. Elations Co., LLC*, 2014 WL 1779243, at \*1 n.3 (C.D. Cal. Jan. 13, 2014).  *Evans v. NBCUniversal Media, LLC* is also an absent because defendants there "request[ed] that the Court take judicial notice of [SEC filings] in order to demonstrate" the truth of a fact that was in reasonable dispute.  2021 WL 4513624, at \*2 (C.D. Cal. Jul. 23, 2021).  Understanding that that is not the purpose of judicial notice, Defendants make no such request here.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

of documents that are proper subjects of judicial notice. (*See* RJN Opp. at 6-9.) Instead, Plaintiff again deploys the red herring argument that Defendants rely on these exhibits to improperly draw factual inferences directly disputed by the Complaint. (*Id.*) Plaintiff again is wrong. Courts routinely take judicial notice of SEC filings, written publications, and other public information for the purpose of showing what information was available to the market and when. *See, e.g., In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).

**1.      SEC Filings and Public Court Documents are Proper Subjects of Judicial Notice (Exhibits 3-9, 11-12, 14, 17-18, 21-24, and 26).**

Defendants request that the Court take judicial notice of Exhibits 3-9, 11-12, 14, 17-18, 21-24, and 26 because SEC filings and public court filings are "publicly available financial documents" and publicly available documents "of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking judicial notice of "pleadings, memoranda, expert reports," and other court filings). Defendants did not introduce these documents for their truth. Judicial notice is appropriate for "adjudicative fact[s]" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *In re ON24, Inc. Sec. Litig.*, 2023 WL 7449838, at *1 (N.D. Cal. July 7, 2023). Court and SEC filings are certainly not subject to questions regarding their authenticity. *See Kobayashi v. McMullin*, 2023 WL 3493991, at *7 (C.D. Cal. Mar. 2, 2023) (taking judicial notice of court filings); *Lamartina v. VMware, Inc.*, 2021 WL 4133851, at *5 (N.D. Cal. Sept. 10, 2021) (judicially noticing SEC filings); *In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) (judicially noticing Forms 4 "deemed incorporated by reference … when a plaintiff's allegations rely on a defendant's stock sales"). And despite Plaintiff's hope to the contrary, courts can judicially notice documents as evidence of information available to the public at the time ***without creating a factual dispute.*** *EVO Brands, LLC v. Al Khalifa*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

*Grp. LLC*, 657 F.Supp.3d 1312, 1322-23 (C.D. Cal. 2023). Because the documents here are all publicly available and not subject to reasonable questions on their authenticity (nor does Plaintiff challenge their authenticity), and because Plaintiff appears to concede these exhibits are proper subjects of judicial notice, the Court should judicially notice Exhibits 3-9, 11-12, 14, 17-18, 21-24, and 26.

### 2. Internet Archive Captures are the Proper Subject of Judicial Notice (Exhibits 13 and 15).

Plaintiff claims Exhibits 13 and 15 are "introduced to establish disputed facts" (RJN Opp. at 6 n.3), and to "establish Gumrukcu's purported medical associations," (*id.* at 9.) Defendants cite these documents to demonstrate what information was available to the general public, including Defendants, on Seraph's website at the time the statements were made. Courts routinely take judicial notice of these types of captures, cited for this precise purpose. *EVO Brands*, 657 F.Supp.3d at 1322 (taking judicial notice of Internet Archive captures despite agreement with plaintiff's insistence that the veracity of the underlying content in the capture was in dispute); *Kinnee v. TEI Biosciences Inc.*, 2023 WL 8191097, at *3 (S.D. Cal. Nov. 27, 2023) (taking judicial notice of findings on Archive.org because it "possesses sufficient indicia of accuracy."). [5]

### 3. Magazine and Scholarly Research Articles are the Proper Subjects of Judicial Notice (Exhibits 1 and 10).

Plaintiff next argues that Defendants use Exhibits 1 and 10, several scholarly research articles and a *Medium* magazine article, respectively, "to prove that Gumrukcu had co-authored publications" and "was being praised" by and "impressed

---

[5] Plaintiff claims that in *EVO Brands*, 657 F. Supp. 3d 1312, the court did not take judicial notice of the content of an Internet archive screenshot because "the 'accuracy of Archive.org as an Internet archive service does not speak to the accuracy of the underlying archived websites.'" (RJN Opp. at 9 (citing *EVO Brands*, 657 F.Supp.3d at 1322).) Not surprisingly, Plaintiff conveniently excludes the next paragraph where the court took "judicial notice of the Archive.org screen captures, subject to challenge at trial for authenticity, but [did] not take notice of the truth of their contents." *EVO Brands*, 657 F.Supp.3d at 1323. Because Defendants only request the court judicially notice Exhibit 13 as information in the public realm – not for its truth – *EVO Brands* gives the court here the exact basis needed for doing so.

Cooley LLP
Attorneys at Law
Palo Alto

13

Reply ISO Defendants'
Mtn for Judicial Notice
8:22-cv-01374-JWH-JDE

the medical community." (RJN Opp. at 8.)  Plaintiff's arguments fail because these exhibits *are not offered for their truth*.  Exhibits 1 and 10 are subject to judicial notice because (a) Plaintiff does not dispute that the documents were actually published, and (b) scholarly research articles and magazine publications are subject to judicial notice to show what information was on the market.  (RJN at 18-19 (citing *In re Tesla, Inc. Sec. Litig.*, 477 F.Supp.3d 903, 920 (N.D. Cal. 2020) (taking judicial notice of "scholarly articles"); *In re Nuvelo, Inc. Sec. Litig.*, 668 F.Supp.2d 1217, 1220 (N.D. Cal. 2009) (taking judicial notice of pharmaceutical journal article)); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *3 (C.D. Cal. Dec. 11, 2018) (citing *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) and *Alliance Premier Growth Fund v. Alliance Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)) (taking judicial notice of magazine article). Because they are not offered for their truth (as Plaintiff insists), the Court can, and should, take judicial notice of Exhibits 1 and 10.

### 4. Documents on Government Websites are Also the Proper Subjects of Judicial Notice (Exhibits 20 and 25).

Knowing the U.S. Patent and Trademark Office ("USPTO") is a source whose authenticity cannot be reasonably disputed, *WheelImage Corp. v. Axial Mfg.*, 2024 WL 1012847, at *3-4 (C.D. Cal. Mar. 5, 2024), Plaintiff disputes the judicial notice of Exhibits 20 and 25 on the basis that Defendants introduce them to "establish that Gumrukcu's research was genuine," (RJN Opp. at 9.)  Defendants introduce these exhibits to show that, at least according to the USPTO's website, Gumrukcu appeared in patent searches and on the face of a registered patent, not to confirm the veracity of Gumrukcu's research.  Plaintiff also does not dispute these exhibits are proper subjects of judicial notice, or that the Court can consider them for what information was available to the public through the USPTO's website.  (*See id.*); *CyWee Grp., Ltd. v. LG Elecs., Inc.*, 2018 WL 3007899, at *1 n.2 (S.D. Cal. June 15, 2018) (taking judicial notice of information available from a public search on the USPTO's

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE

website); *EVO Brands*, 657 F.Supp.3d at 1321 (taking judicial notice of trademark registrations and USPTO applications); *Pardi v. Tricida, Inc.*, 2024 WL 1056013, at *4 (N.D. Cal. Mar. 11, 2024) ("documents on government websites are proper subjects of judicial notice."). As such, it is undisputed they are the proper subjects of judicial notice.

## III.   CONCLUSION

For the reasons stated above, Defendants respectfully request the Court consider Exhibits 1-26.

Dated:          June 14, 2024                    COOLEY LLP


By:      */s/ Brett H. De Jarnette*
               Brett H. De Jarnette

Attorneys for Defendants
ENOCHIAN BIOSCIENCES INC., DR.
MARK DYBUL, RENE SINDLEV, and
CARL SANDLER

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
8:22-CV-01374-JWH-JDE