COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

RONAN A. NELSON (346553)
(rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
ENOCHIAN BIOSCIENCES INC.,
DR. MARK DYBUL, RENE SINDLEV,
and CARL SANDLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES INC., DR. MARK DYBUL, RENE SINDLEV, and CARL SANDLER,<br><br>Defendants. | Case No. 8:22-cv-01374-JWH-JDE<br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**Demand for Jury Trial** |

Defendant Enochian Biosciences Inc. ("Enochian" or the "Company") (now Renovaro, Inc.) and individual defendants Dr. Mark Dybul, René Sindlev, and Carl Sandler (the "Individual Defendants," and collectively with Enochian, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff Jean-Pierre Murray's ("Lead Plaintiff" or "Plaintiff") Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"). To the extent that the paragraphs in the Amended Complaint are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the Amended Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation in the Amended Complaint, including, without limitation, headings, subheadings, footnotes, and the prayer for relief. Defendants further answer the numbered paragraphs in the Amended Complaint as follows.

## ANSWER

1. Paragraph 1 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. Defendants admit that Enochian's stock closed at $3.77 on June 1, 2022 and closed at $2.47 on June 28, 2022. For a complete history of Enochian's common stock price, Defendants refer the Court to public sources that identify such information. The remainder of paragraph 2 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3. Defendants admit that Enochian, now known as Renovaro, Inc. and

formerly known as DanDrit Biotech USA, Inc., is a biopharmaceutical company in which René Sindlev was a shareholder. Defendants also admit that in 2018 DanDrit acquired Enochian Biopharma and with it Enochian Biopharma's potential treatments for HIV. The remainder of paragraph 3 contains Plaintiff's own characterizations, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 3.

4. Defendants admit that Enochian posted a video to its website in March 2019 which, in part, discussed Serhat Gumrukcu. Defendants also admit that Enochian issued a press release on November 25, 2019, titled, "*Enochian Biosciences Expands its Infectious Disease Pipeline by Entering into an Agreement in Principle to Acquire an Exclusive License for a Novel Hepatitis B Virus Treatment*," which was filed with the SEC as an exhibit to Enochian's Form 8-K on November 25, 2019. Defendants also admit that Enochian published a resume for Gumrukcu on the Enochian website. To the extent that paragraph 4 purports to quote, summarize, or characterize the statements made by Defendants, Defendants refer the Court to the contents of those statements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 4 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 4 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5. Defendants admit that the merger that created Enochian involved the acquisition of "a License Agreement to the HIV therapy ("ENO-1001") which consisted of a perpetual, fully paid-up, royalty- free, sublicensable, and sole and exclusive worldwide license to research, develop, [and] commercialize certain intellectual property in cellular therapies for the prevention, treatment, amelioration

of and/or therapy exclusively for HIV in humans." Defendants also admit that Enochian's Form 10-Q, filed with the SEC on May 15, 2018, listed the value of this intellectual property at $127,771,376. To the extent that paragraph 5 purports to quote, summarize, or characterize Defendants' public filings, Defendants refer the Court to the contents of the filings, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 5 differ in any way from the contents of the filings, Defendants deny the allegations. The remainder of paragraph 5 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and deny them on that basis.

7. Paragraph 7 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

8. Paragraph 8 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. Paragraph 9 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

10. Paragraph 10 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

11. Defendants admit that on June 1, 2022, Hindenburg Research published a short seller report titled "*Miracle Cures and Murder For Hire: How A Spoon-Bending Turkish Magician Built A $600 Million Nasdaq-Listed Scam Based On A*

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

*Lifetime Of Lies*" (the "Hindenburg Report"). To the extent that paragraph 11 purports to quote, summarize, or characterize the Hindenburg Report, Defendants refer the Court to the report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 11 differ in any way from the Hindenburg Report, Defendants deny the allegations. The remainder of paragraph 11 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 11.

12. Defendants admit that on June 27, 2022, the *Wall Street Journal* published an article titled "*Biotech Wizard Left a Trail of Fraud—Prosecutors Allege It Ended in Murder*" ("the *Wall Street Journal* article"). To the extent that paragraph 12 purports to quote, summarize, or characterize the *Wall Street Journal* article, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 12 differ in any way from the *Wall Street Journal* article, Defendants deny the allegations. The remainder of paragraph 12 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 12.

13. Defendants admit that Plaintiff asserts claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Except as expressly admitted, Defendants deny the allegations in paragraph 13.

14. Defendants admit that the Court has jurisdiction over the subject matter of this action. Except as expressly admitted, Defendants deny the allegations in paragraph 14.

15. Defendants admit that venue is proper in this District and that Enochian is headquartered in and conducts business in this District at 2080 Century Park East,

Suite 906, Los Angeles, CA 90067.  The remainder of paragraph 15 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 15.  Except as expressly admitted, Defendants deny the allegations in paragraph 15.

16.    Paragraph 16 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 16.

17.    Defendants deny that Lead Plaintiff Jean-Pierre Murray suffered damages.  As to the remainder of the allegations in paragraph 17, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny them.

18.    Defendant Renovaro, Inc. admits that it was formerly known as Renovaro Biosciences, Inc. and DanDrit Biotech USA, Inc.  Defendants admit the allegations in paragraph 18.

19.    Defendants admit that Dr. Mark Dybul ("Dybul") has served as Enochian's Chief Executive Officer ("CEO") since July 2021.  Defendants also admit that prior to serving as the Company's CEO, Dr. Dybul served as Executive Vice-Chair of Enochian's Board of Directors (the "Board") starting in January 2019 and has been a director since February 2018.

20.    Defendants admit the allegations in paragraph 20.

21.    Defendants admit the allegations in paragraph 21.

22.    Paragraph 22 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 22.

23.    Paragraph 23 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  As to the remainder of the

allegations in paragraph 23, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny them.

24. Defendants admit that Weird Science LLC ("Weird Science") held Enochian stock throughout the proposed Class Period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 24 and deny them on that basis. Except as expressly admitted, Defendants deny the allegations in paragraph 24.

25. Defendants admit that Weird Science held Enochian stock throughout the proposed Class Period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and deny them on that basis. Except as expressly admitted, Defendants deny the allegations in paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

29. Defendant Sindlev admits that he met Gumrukcu in 2016 and allowed Gumrukcu to treat him for a potentially cancerous growth. Because this allegation is directed solely at Defendant Sindlev, no response is required from the other Defendants. To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 29 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 29.

30. Defendant Sindlev admits that DanDrit hired Gumrukcu as a consultant to improve the efficacy of DanDrit's vaccine protocol MelcancerVac ("MCV"). Defendant Sindlev also admits that DanDrit compensated Gumrukcu with one

hundred thousand dollars in cash and two hundred thousand shares in DanDrit for his consulting services. Defendant Sindlev also admits that in early 2017, Sindlev controlled DanDrit, a publicly traded biopharma company. Because this allegation is directed solely at Defendant Sindlev, no response is required from the other Defendants. To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 30.

31. Defendant Sindlev admits that DanDrit's lead product was a cancer vaccine called MCV. Because this allegation is directed solely at Defendant Sindlev, no response is required from the other Defendants. To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and, on that basis, deny them. To the extent that the allegations in paragraph 31 describe statements without identifying their date or sources, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. The remainder of paragraph 31 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. To the extent that paragraph 32 purports to quote, summarize, or characterize Enochian's corporate formation documents, Defendants refer the Court to those documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in paragraph 32 differ in any way from those documents, Defendants deny the allegations.

COOLEY LLP
ATTORNEYS AT LAW

8

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

33.     Defendants admit Enochian issued a Form 10-Q, filed with the SEC on May 15, 2018.  To the extent that paragraph 33 purports to quote, summarize, or characterize DanDrit's public filings, Defendants refer the Court to the contents of those filings which speak for themselves and are the best evidence of their contents. To the extent the allegations in paragraph 33 differ in any way from the contents of those statements, Defendants deny the allegations.   Except as expressly admitted, Defendants deny the allegations in paragraph 33.

34.     Defendants admit that Enochian acquired a license to research, develop, use, sell, have sold, make, have made, offer for sale, import and otherwise commercialize certain intellectual property in cellular therapies for the prevention, treatment, amelioration of and/or therapy exclusively for HIV in humans, and research and development exclusively relating to HIV in humans.  Defendants also admit that in 2018, Enochian's lead candidate treatment for HIV/AIDS was known as ENO-1001, and later known as ENOB-HV-01.  Defendants also admit that in Enochian's May 15, 2018 Form 10-Q it recorded the license agreement as a "Definite Life Intangible Asset" worth $127,771,376.  To the extent that paragraph 34 purports to quote, summarize, or characterize the statements made in Enochian's public filings and license agreements, Defendants refer the Court to those filings and license agreements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 34 differ in any way from those filings and license agreements, Defendants deny the allegations.   Except as expressly admitted, Defendants deny the allegations in paragraph 34.

35.     Paragraph 35 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.   Except as expressly admitted, Defendants deny the allegations in paragraph 35.

36.     Defendants admit that the Company retained the firm Noble Capital Markets.  The remainder of paragraph 36 contains Plaintiff's own characterizations,

speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 36.

37. Paragraph 37 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and deny them on that basis.

39. To the extent that the allegations in paragraph 39 describe statements allegedly made on Enochian's website without identifying the dates published, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. To the extent that paragraph 39 purports to quote, summarize, or characterize the statements made on Enochian's website, Defendants refer the Court to the contents of those statements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 39 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of the allegations in paragraph 39 contain Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and deny them on that basis. Paragraph 40 also contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and deny them on that basis. Paragraph 41 also contains Plaintiff's own characterizations, speculation, arguments, and/or

legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and deny them on that basis. Paragraph 42 also contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and deny them on that basis. Paragraph 43 also contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

44. Defendants admit that in January 2018, Gumrukcu pled no contest to one count of second-degree commercial burglary. To the extent that paragraph 44 purports to quote, summarize, or characterize the pleadings or proceedings against Gumrukcu by the state of California in *California v. Serhat Gumrukcu*, No. BA452833-01 (Cal. Super. Ct.), Defendants refer the Court to those pleadings and proceedings, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 44 differ in any way from those pleadings and proceedings, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and deny them on that basis. To the extent that paragraph 45 purports to quote, summarize, or characterize the pleadings or proceedings against Gumrukcu in *United States v. Gumrukcu et. al*, No. 5:22-cr-00058 (D. Vt. filed May 19, 2022), Defendants refer the Court to those pleadings and proceedings, which speak for themselves and are the best evidence of their contents.

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

To the extent that the allegations in paragraph 45 differ in any way from those pleadings and proceedings, Defendants deny the allegations.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and deny them on that basis.

47.    Defendants admit that Serhat Gumrukcu was arrested for his alleged involvement in the murder of Gregory Davis.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 47 and deny them on that basis.  To the extent that paragraph 47 purports to quote, summarize, or characterize the pleadings or proceedings against Gumrukcu in *United States v. Gumrukcu et al.*, No. 5:22-cr-00058 (D. Vt. filed May 19, 2022), Defendants refer the Court to those pleadings and proceedings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 47 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 47.

48.    Paragraph 48 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

49.    To the extent that the allegations in paragraph 49 describe statements without identifying the sources or dates published, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  To the extent that paragraph 49 purports to quote, summarize, or characterize statements by the Company, or statements by Gumrukcu, Defendants refer the Court to the contents of those statements, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 49 differ in any way from those statements, Defendants deny the allegations.

50.    To the extent that the allegations in paragraph 50 describe statements without identifying the sources or dates published, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations and deny them on that basis. To the extent that paragraph 50 purports to quote, summarize, or characterize the statements made by the Company, Defendants refer the Court to those statements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 50 differ in any way from the contents of those statements, Defendants deny the allegations.

51. Defendants admit that in 2020, Enochian had an INTERACT meeting with the FDA. To the extent that the allegations in the remainder of paragraph 51 describe statements without identifying the sources or dates published, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. To the extent that paragraph 51 purports to quote, summarize, or characterize the statements made by Defendants, Defendants refer the Court to those statements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 51 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 51.

52. Defendants admit Enochian entered into consulting, license, framework, and statement of work agreements with G-Tech Bio, LLC, and SRI. To the extent that the allegations in paragraph 52 describe statements without identifying the sources or dates published, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. To the extent that paragraph 52 purports to quote, summarize, or characterize the agreements entered into by Defendants, or payments made, Defendants refer the Court to the contents of those agreements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 52 differ in any way from the contents of those statements, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding G-Tech and SRI's ownership and operations and deny them on

that basis.   Except as expressly admitted, Defendants deny the allegations in paragraph 52 and the accompanying footnote.

53.   Defendants admit that in December 2021, Enochian moved into a building owned by SG & AW and signed a ten-year lease.  Defendants also admit that under the terms of that lease the Company made payments of rent to Wittekind. To the extent that paragraph 53 purports to quote, summarize, or characterize the agreements entered into by Defendants, or payments made by the Company, Defendants refer the Court to those agreements, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 53 differ in any way from those statements, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 53.

54.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and deny them on that basis.  The remainder of paragraph 54 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations in paragraph 54.

55.   To the extent that the allegations in paragraph 55 describe assertions within court documents without identifying their date or sources, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  The remainder of paragraph 55 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.

56.   Defendants admit that Gumrukcu was arrested for his alleged involvement in the murder of Gregory Davis on May 24, 2022.  Defendant Sandler admits that on April 15, 2022, Weird Science distributed 4,961,363 shares legally owned by Weird Science to its members, including 992,273 shares to Carl Sandler. To the extent that paragraph 56 purports to quote, summarize, or characterize the

COOLEY LLP
ATTORNEYS AT LAW

14

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

contents of Enochian's Form 4 dated April 15, 2022, Defendants refer the Court to the Form 4, which speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 56 differ in any way from the Form 4, Defendants deny the allegations. Because this allegation is directed solely at Defendant Sandler, no response is required from the other Defendants. To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 56.

57. Defendants admit that former CEO Leire was terminated from his role at Enochian. To the extent that paragraph 57 purports to quote, summarize, or characterize the *Wall Street Journal* article, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 57 differ in any way from the contents of the article, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Lead Counsel's investigation and deny them on that basis. The remainder of paragraph 57 contains Plaintiff's own characterizations, speculation, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 57.

58. Defendants admit that former Chief Financial Officer ("CFO") Robert Wolfe was terminated from his role at Enochian. Defendants also admit that Enochian and Wolfe were a party to a lawsuit, *Enochian Biosciences v. Crossfield, Inc.*, No. 24-2-19 Oecv (Vt. Super. Ct. filed Feb. 12, 2019) in 2019. To the extent that paragraph 58 purports to quote, summarize, or characterize the statements in the filings in the Vermont Superior Court lawsuit *Enochian Biosciences v. Crossfield, Inc.*, (the "Vermont state filings"), Defendants refer the Court to the Vermont state filings, which speak for themselves and are the best evidence of their contents. To

the extent that the allegations in paragraph 58 differ in any way from the Vermont state filings, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 58.

59. Defendants admit that on November 19, 2019, White Diamond Research published a blog post titled "*Enochian Biosciences Is A House of Cards – The Pipeline Is Entirely Pre-Clinical And Management Has A Questionable History*." To the extent that paragraph 59 purports to quote, summarize, or characterize the White Diamond Research blog post, Defendants refer the Court to the blog post, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 59 differ in any way from the White Diamond Research blog post, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 59.

60. Defendants admit that Enochian issued a press release, which was filed with the SEC as an exhibit to Enochian's Form 8-K on November 25, 2019 stating that:

> The widely respected and well-published collaborating scientist, Dr. Philippe Gallay, PhD, of the Scripps Institute said: "I have been working in the hepatitis field for three decades. The mechanism of action conceived of by the brilliant scientist, Dr. Gümrükcü, is remarkably innovative. The data generated thus far have exceeded my expectations."

To the extent that paragraph 60 purports to quote, summarize, or characterize statements by Defendants, Defendants refer the Court to the statements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 60 differ in any way from the contents of the press release, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 60.

COOLEY LLP
ATTORNEYS AT LAW

16

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

61.     Defendants admit that Enochian issued a press release, which was filed with the SEC as an exhibit to Enochian's Form 8-K on November 25, 2019.  To the extent that paragraph 61 purports to quote, summarize, or characterize the press release, Defendants refer the Court to the press release, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 61 differ in any way from the contents of the press release, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 61.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and deny them on that basis.

63.     Defendants admit that on January 24, 2020, Danish news outlet *MedWatch* published an article titled "*Enochian boss on top scientist's past as a healer: 'Personally, I think it's amazing.'*"  To the extent that paragraph 63 purports to quote, summarize, or characterize articles published by *MedWatch* Defendants refer the Court to those articles, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 63 differ in any way from the *MedWatch* articles, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 63.

64.     To the extent that the allegations in paragraph 64 describe statements without identifying their date or sources, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  To the extent that paragraph 64 purports to quote, summarize, or characterize articles published by *MedWatch,* Defendants refer the Court to those articles, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 64 differ in any way from the *MedWatch* articles, Defendants deny the allegations.  Paragraph 64 also contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

65.     To the extent that the allegations in paragraph 65 describe statements without identifying their date or sources, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  To the extent that paragraph 65 purports to quote, summarize, or characterize *MedWatch* articles, Defendants refer the Court to those articles, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 65 differ in any way from the articles, Defendants deny the allegations.

66.     Defendants admit that on May 18, 2020, Gumrukcu's profile listed on Enochian's website stated:

> Dr. Gumrukcu commenced his medical studies at Dokuz Eylul University, Turkey (2004) and received his medical degree (2006) at First Moscow State University, where he also completed his first residency in medical genetics in 2008 before continuing his clinical and research studies in Turkey. He holds a PhD degree from RUDN University, and he is currently the director of Seraph Research Institute, a non-profit organization he established in Los Angeles, California, where he also runs a research lab. In his initial years of research, he studied gene expression profile changes in stem cells during embryonic and fetal development. In later years, he shifted his focus to gene and cell therapies, particularly in the context of cancer and HIV, creating new adoptive cell therapy models for chronic infectious diseases and solid tumor cancers. One of his objectives was to develop a better autologous gene-modified stem cell transplant model to achieve successful engraftment without the necessity of myeloablative conditioning regimens. Apart from his continuing research on solid tumor cancers, his current research focuses on creating new approaches and mechanisms of actions in antiviral therapies through co-opting virus-specific components of viral replication machinery, on viruses

including HBV, influenza, Ebola and HIV. His most recent studies are opening up an uncharted field in molecular virology and antiviral research with potential clinical implications in pursuit of cures for chronic viral infections.

Except as expressly admitted, Defendants deny the allegations in paragraph 66.

67.     To the extent that the allegations in paragraph 67 describe statements without identifying their date or sources, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  The remainder of paragraph 67 contains Plaintiff's own characterizations, speculation, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

68.     Defendants admit that Enochian issued a letter to shareholders, which was filed with the SEC as an exhibit to Enochian's Form 8-K on January 24, 2022. To the extent that paragraph 68 purports to quote, summarize, or characterize the statements made in that letter to shareholders, Defendants refer the Court to the letter, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 68 differ in any way from the letter, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 68.

69.     Defendants admit that Enochian's stock price closed at $5.87 on May 24, 2022, and closed at $3.70 on May 25 2022.  Defendants also admit that on May 25, 2022, the United States Department of Justice announced that federal authorities had arrested Gumrukcu for his alleged involvement in the murder of Gregory Davis. Except as expressly admitted, Defendants deny the allegations in paragraph 69.

70.     Defendants admit that Enochian issued a press release on May 25, 2022 titled "*Enochian BioSciences Board Learns of Arrest of Co-Founder and Inventor and Expresses Strong Confidence in the Promising Future of the Company*," which was filed with the SEC as an exhibit to Enochian's Form 8-K on May 26, 2022.  To

COOLEY LLP
ATTORNEYS AT LAW

19

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

the extent that paragraph 70 purports to quote, summarize, or characterize the statements made in the May 25, 2022 press release, Defendants refer the Court to the press release, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 70 differ in any way from the contents of the press release, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 70.

71. To the extent that paragraph 71 purports to quote, summarize, or characterize the Hindenburg Report, Defendants refer the Court to the contents of the report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 71 differ in any way from the report, Defendants deny the allegations.

72. To the extent that paragraph 72 purports to quote, summarize, or characterize the Hindenburg Report, Defendants refer the Court to the contents of the report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 72 differ in any way from the Hindenburg Report, Defendants deny the allegations.

73. To the extent that paragraph 73 purports to quote, summarize, or characterize the Hindenburg Report, Defendants refer the Court to the contents of the report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 73 differ in any way from the Hindenburg Report, Defendants deny the allegations. Paragraph 73 also contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

74. To the extent that paragraph 74 purports to quote, summarize, or characterize the Hindenburg Report, Defendants refer the Court to the contents of the report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 74 differ in any way from the Hindenburg Report,

Defendants deny the allegations. Paragraph 74 also contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. To the extent that paragraph 75 purports to quote, summarize, or characterize the statements made in the Hindenburg Report, Defendants refer the Court to the contents of the report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 75 differ in any way from the Hindenburg Report, Defendants deny the allegations. The remainder of paragraph 75 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 75.

76. Defendants admit that Enochian issued a letter to shareholders, which was filed with the SEC as an exhibit to Enochian's Form 8-K on June 2, 2022. To the extent that paragraph 76 purports to quote, summarize, or characterize the statements made in the letter, Defendants refer the Court to the letter, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 76 differ in any way from the letter, Defendants deny the allegations. The remainder of paragraph 76 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 76. Except as expressly admitted, Defendants deny the allegations in paragraph 76.

77. To the extent that paragraph 77 purports to quote, summarize, or characterize the *Wall Street Journal* article, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 77 differ in any way from the article, Defendants deny the allegations.

78.     Defendants admit that Enochian recorded an impairment in its 10-K for the fiscal year ending June 30, 2022, which was filed with the SEC on February 27, 2023.  The remainder of paragraph 78 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 78.

79.     Defendants admit that Enochian recorded the value of Gumrukcu's license as a Definite Life Intangible Asset in the Company's SEC filings from May 15, 2018 until May 16, 2019, at which time Enochian began recording the value of Gumrukcu's license as an Indefinite Life Intangible Asset.  To the extent that paragraph 79 purports to quote, summarize, or characterize Defendants' public filings, Defendants refer the Court to the contents of the filings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 79 differ in any way from the contents of the filings, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 79.

80.     Defendants admit that Enochian issued a press release titled, "*Enochian BioSciences Board Learns of Arrest of Co-Founder and Inventor and Expresses Strong Confidence in the Promising Future of the Company*," which was filed with the SEC as an exhibit to Enochian's Form 8-K on May 26, 2022.  To the extent that paragraph 80 purports to quote, summarize, or characterize the statements made in that press release, Defendants refer the Court to the press release, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 80 differ in any way from the press release, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 80.

81.     Defendants admit that in its Form 10-K for the fiscal year ended June 30, 2022, filed with the SEC on February 27, 2023, Enochian reported an indefinite

life intangible asset impairment charge of $93,253,000.  Defendants also admit that in its Form 10-K for the fiscal year ended June 30, 2023, filed with the SEC on October 2, 2023, Enochian reported an indefinite life intangible asset impairment charge of $18,960,000.  To the extent that paragraph 81 purports to quote, summarize, or characterize Defendants' public filings, Defendants refer the Court to the contents of the filings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 81 differ in any way from the contents of the filings, Defendants deny the allegations.  The remainder of paragraph 81 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 81.

82.    Paragraph 82 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

83.    Defendants admit that Enochian has been a party to three lawsuits in which Enochian's former Chief Financial Officer, Robert Wolfe, was also a party.  Except as expressly admitted, Defendants deny the allegations in paragraph 83.

84.    Defendants admit that Wolfe began serving as Enochian's Chief Financial Officer in December 2017.  To the extent that paragraph 84 purports to quote, summarize, or characterize Wolfe's affidavit in the Vermont state filings, Defendants refer the Court to the affidavit, which speaks for itself and is the best evidence of its contents.  Defendants also admit that Wolfe filed a complaint against Enochian in the Kingdom of Denmark on February 7, 2019.  The remainder of paragraph 84 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the remainder of paragraph 84.  Except as expressly admitted, Defendants deny the allegations in paragraph 84.

Cooley LLP
Attorneys at Law

23

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

85.   Defendants admit that Enochian filed a complaint against Robert Wolfe in Vermont Superior Court on February 12, 2019.  To the extent that paragraph 85 purports to quote, summarize, or characterize the allegations in the Vermont Superior Court lawsuit, Defendants refer the Court to the Vermont state filings which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 85 differ in any way from the Vermont state filings, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 85.

86.   To the extent that paragraph 86 purports to quote, summarize, or characterize the allegations in the Vermont state filings, Defendants refer the Court to the Vermont state filings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 86 differ in any way from the Vermont state filings, Defendants deny the allegations.  To the extent that a response is required, Defendants deny the remainder of the allegations in paragraph 86.

87.   Defendants admit that on March 1, 2021, Robert Wolfe filed a lawsuit against Enochian in the United States District Court for the District of Vermont.  To the extent that paragraph 87 purports to quote, summarize, or characterize the pleadings or proceedings in that lawsuit, Defendants refer the Court to the contents of those pleadings and proceedings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 87 differ in any way from the District of Vermont case's pleadings and proceedings, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 87.

88.   Defendants admit that on August 31, 2022, Enochian filed a lawsuit against its former Chief Executive Officer, Eric Leire, in the United States District Court for the Central District of California, alleging defamation for false and disparaging statements made by Leire to the *Wall Street Journal*.  To the extent that

paragraph 88 purports to quote, summarize, or characterize the pleadings or proceedings in Enochian's defamation lawsuit, Defendants refer the Court to the pleadings and proceedings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 88 differ in any way from the contents of those allegations and proceedings, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 88

89.     Defendants admit that on October 21, 2022, Enochian filed a lawsuit in the Superior Court of the State of California for the County of Los Angeles against Serhat Gumrukcu, Anderson Wittekind, G Tech Bio LLC, SG & AW Holdings LLC, and Seraph Research Institute, alleging that the defendants engaged in a concerted, deliberate scheme to alter, falsify, and misrepresent to Enochian the results of multiple studies supporting its HBV and SARS-CoV-2/influenza pipelines (the "Cal. Superior Court lawsuit").  Defendants also admit that Enochian's October 21, 2022 complaint included counts for breach of contract, breach of implied covenant of good faith and fair dealing, intentional misrepresentation, fraudulent concealment, fraudulent nondisclosure, negligent misrepresentation, civil conspiracy, unjust enrichment, and unfair business practices.  To the extent that paragraph 89 purports to quote, summarize, or characterize the pleadings or proceedings in the Cal. Superior Court lawsuit, Defendants refer the Court to those pleadings and proceedings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 89 differ in any way from the Cal. Superior Court case's pleadings and proceedings, Defendants deny the allegations.  The remainder of paragraph 89 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 89.

90.     Defendants admit that Gumrukcu misrepresented his alleged credentials to Enochian.  To the extent that paragraph 90 purports to quote, summarize, or characterize the pleadings or proceedings in the Cal. Superior Court lawsuit, Defendants refer the Court to those pleadings and proceedings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 90 differ in any way from the Cal. Superior Court case's pleadings and proceedings, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 90.

91.     To the extent that the allegations in paragraph 91 describe statements without identifying the sources or dates published, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  To the extent that paragraph 91 purports to quote, summarize, or characterize statements made by Enochian, Defendants refer the Court to the contents of Enochian's statements, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 91 differ in any way from the contents of the statements, Defendants deny the allegations.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants admit that Enochian issued a Regulation FD Disclosure on March 19, 2019, which was filed with the SEC as an exhibit to Enochian's Form 8-K on March 1, 2019, stating that, "Enochian Biosciences, Inc. (the 'Company') today has posted a video on its website (http://enochianbio.com/about.html) introducing some of its team members and describing its mission and business."  To the extent that paragraph 93 or the accompanying footnote purport to quote, summarize, or characterize the March 1, 2019 Form 8-K or video, Defendants refer the Court to the 8-K and video, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 93 or the accompanying footnote differ in any way from the 8-K or video, Defendants deny the allegations.  Except as

COOLEY LLP
ATTORNEYS AT LAW

26

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

expressly admitted, Defendants deny the allegations in paragraph 93 and the accompanying footnote.

94. To the extent that the allegations in paragraph 94 describe statements without identifying the sources or dates published, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. To the extent that paragraph 94 purports to quote, summarize, or characterize statements made by Enochian, Defendants refer the Court to the contents of those statements, which speak for themselves and are the best evidence of their contents. To the extent the allegations in paragraph 94 differ in any way from Enochian's statements, Defendants deny the allegations.

95. Defendants admit that Enochian published a biography about Gumrukcu on the Enochian website. To the extent that paragraph 95 purports to quote, summarize, or characterize the statements made by Defendants, Defendants refer the Court to the contents of those statements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 95 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 96.

96. Defendants admit that Enochian published a biography about Gumrukcu on the Enochian website. To the extent that paragraph 96 purports to quote, summarize, or characterize the statements made by Defendants, Defendants refer the Court to the contents of those statements, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 96 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 96.

97. Defendants admit that Enochian issued a press release on November 25, 2019 titled, "*Enochian Biosciences Expands its Infectious Disease Pipeline by*

*Entering into an Agreement in Principle to Acquire an Exclusive License for a Novel Hepatitis B Virus Treatment*," which was filed with the SEC as an exhibit to Enochian's Form 8-K on November 25, 2019, that stated:

> Dr. Gümrükcü has licensed intellectual property related to HIV and several solid tumors to Enochian.  Dr. Mark Dybul, MD said, "Dr. Gümrükcü is one of those rare geniuses that is not bound by scientific discipline or dogma. He sees connections and opportunities often missed. His ideas are the purest kind: those that seem so obvious and simple once he has conceived of, and explained them."

To the extent that paragraph 97 purports to quote, summarize, or characterize the November 25, 2019 press release, Defendants refer the Court to the press release, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 97 differ in any way from the press release, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 97.

98.    To the extent that the allegations in paragraph 98 describe statements without identifying their sources, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  To the extent that paragraph 98 purports to quote, summarize, or characterize public statements by Dr. Dybul, Defendants refer the Court to the contents of those statements.  To the extent the allegations in paragraph 98 differ in any way from the contents of the statements, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 98.

99.    Defendants admit that on January 27, 2020, *MedWatch* published an article titled "*Rene Sindlev has 340 million DKK up for grabs in unpublished biotech company*."  To the extent that paragraph 99 purports to quote, summarize, or characterize articles published by *MedWatch*, Defendants refer the Court to the articles, which speak for themselves and are the best evidence of its contents.  To the

extent the allegations in paragraph 99 differ in any way from the contents of the articles, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 99.

100.   Defendants deny the allegations in paragraph 100.

101.   To the extent that the allegations in paragraph 101 describe statements without identifying their date or sources, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

102.   Defendants admit that in its amended complaint filed in the Cal. Superior Court lawsuit, Enochian alleged that "since Gumrukcu's arrest in May 2022 for arranging the murder of Gregory Davis, media outlets have reported that Gumrukcu falsified and misrepresented his medical degrees and credentials to Enochian and the public."  The remainder of paragraph 102 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 102.

103.   Defendants deny the allegations in the first sentence of paragraph 103. The remainder of paragraph 103 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the remainder of paragraph 103.

104.   Defendants deny the allegations in paragraph 104.

105.   Defendants deny the allegations in paragraph 105.

106.   Defendants deny the allegations in paragraph 106.

107.   Plaintiffs fail to identify what the "founding documents" are and on that basis, Defendants deny the allegations in the first sentence of paragraph 107. Defendants admit that Enochian's Form 10-Q, filed with the SEC on May 15, 2018,

stated that the intellectual property Gumrukcu sold to Enochian was valued at $127 million, approximately 88% of Enochian's total assets.  Defendants also admit that Enochian's Form 10-Q, filed with the SEC on May 13, 2022, stated that Enochian valued the intellectual property sold to it by Gumrukcu at $154,824,000, approximately 86% of Enochian's total assets.  To the extent that paragraph 107 purports to quote, summarize, or characterize Defendants' public filings, Defendants refer the Court to the contents of the filings, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 107 differ in any way from the contents of the filings, Defendants deny the allegations.  The remainder of paragraph 107 contains Plaintiff's own characterizations, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the remainder of paragraph 107.  Except as expressly admitted, Defendants deny the allegations in paragraph 107.

108.   Defendants admit that Gumrukcu was never an employee or officer of Enochian.  Defendants deny the allegations in the first and second sentences of paragraph 108.  Plaintiffs fail to identify what the "founding documents" are and on that basis, Defendants deny the allegations in the third and fourth sentences of paragraph 108.   The remainder of paragraph 108 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 108.

109.   Defendants admit Enochian entered into consulting, license, framework, and statement of work agreements with G-Tech Bio, LLC, and SRI and paid G-Tech and SRI throughout the purported Class Period for their services under those agreements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to the ownership of G-Tech and deny them on that

basis.  The remainder of paragraph 109 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 109.

110.  To the extent that paragraph 110 purports to quote, summarize, or characterize the statements in Wolfe's Vermont District Court lawsuit, Defendants refer the Court to the pleadings and proceedings in that lawsuit, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 110 differ in any way from the pleadings and proceedings in that lawsuit, Defendants deny the allegations.  The remainder of paragraph 110 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

111.  Defendants deny the allegations in paragraph 111.

112.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the Plaintiff's generalized allegations in paragraph 112 and deny them on that basis.

113.  Defendants admit that Enochian and Wolfe were party to a lawsuit in Danish court, Vermont District Court, and *Enochian Biosciences v. Crossfield, Inc.*, No. 24-2-19 Oecv (Vt. Super. Ct. filed Feb. 12, 2019) in Vermont Superior Court. To the extent that paragraph 113 purports to quote, summarize, or characterize the statements in Wolfe's Vermont District Court lawsuit, Defendants refer the Court to the pleadings and proceedings in that lawsuit, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 113 differ in any way from the pleadings and proceedings in that lawsuit, Defendants deny the allegations.  The remainder of paragraph 113 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the

COOLEY LLP
ATTORNEYS AT LAW

31

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

allegations.   Except as expressly admitted, Defendants deny the allegations in paragraph 113.

114.   Defendants admit that Leire was terminated from his role at Enochian. To the extent that paragraph 114 purports to quote, summarize, or characterize the *Wall Street Journal* article, Defendants refer the Court to the contents of the article, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in paragraph 114 differ in any way from the article, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 114 and deny them on that basis.   Except as expressly admitted, Defendants deny the allegations in paragraph 114.

115.   Defendants deny the allegations in the first sentence of paragraph 115. To the extent that the allegations in the remainder of paragraph 115 describe statements without identifying the sources or dates published, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  The remainder of paragraph 115 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

116.  Defendants admit that Gumrukcu was arrested for his alleged involvement in the murder of Gregory Davis on May 24, 2022.  Defendants also admit that Weird Science filed a Form 13D with the SEC on December 14, 2021, reporting that Weird Science assigned 450,568 shares of Enochian stock to a trust named the "Dybul 2020 Angel Annuity Trust." Defendants deny the allegations in the remainder of paragraph 116.

117.   Paragraph 117 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

118.   Paragraph 118 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

119.   Paragraph 119 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

120.   Paragraph 120 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

121.   Paragraph 121 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

122.   Paragraph 122 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

123.   Paragraph 123 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

124.   Defendants admit that Enochian's stock price closed at $5.26 on May 31, 2022, and closed at $3.76 on June 1, 2022.  The remainder of paragraph 124 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 124.

125.   To the extent that paragraph 125 purports to quote, summarize, or characterize the *Wall Street Journal* article, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  To the extent the

allegations in paragraph 125 differ in any way from the article, Defendants deny the allegations. To the extent a response is required, Defendants deny the allegations.

126. Defendants admit that Enochian's stock price closed at $5.26 on May 31, 2022 and closed at $2.47 on June 28, 2022. The remainder of paragraph 126 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 126.

127. Paragraph 127 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

128. Paragraph 128 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

129. Paragraph 129 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

130. Paragraph 130 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

131. Paragraph 131 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

132. Paragraph 132 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

COOLEY LLP
ATTORNEYS AT LAW

34

133.   Paragraph 133 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

134.   Paragraph 134 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

135.   Paragraph 135 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

136.   Paragraph 136 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

137.   Paragraph 137 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

138.   Paragraph 138 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

139.   Paragraph 139 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

140.   Paragraph 140 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

141.   Paragraph 141 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

142. Paragraph 142 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

143. Paragraph 143 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

144. Paragraph 144 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

145. Paragraph 145 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

146. Paragraph 146 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

147. Paragraph 147 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

148. Paragraph 148 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

149. Paragraph 149 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Forward Looking Statements)

1.    The Amended Complaint, and each and every cause of action alleged, is barred to the extent Plaintiff's allegations are based on alleged projections, forecasts, or predictions of future events or results, because such projections, forecasts, or predictions were identified as forward-looking statements and accompanied by meaningful cautionary language, including in Defendants' public filings with the SEC, that identified factors that could cause actual results to differ materially from those in the forward-looking statements; were immaterial; or were not made with actual knowledge that the statements were false or misleading when made. All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

## SECOND AFFIRMATIVE DEFENSE

### (Available Information)

2.    The Amended Complaint, and each and every cause of action alleged, is barred because the facts alleged to have been misrepresented or omitted (including, but not limited to, information regarding what information about Gumrukcu was known to the Defendants) were rebutted by contrary information (including both public and non-public information) that were known to, received by, or otherwise publicly available to Plaintiffs, members of the putative class, and the securities markets generally.

## THIRD AFFIRMATIVE DEFENSE

### (10b5-1 Plans)

3.    The Amended Complaint, and each and every cause of action alleged, is barred because stock sales by the Individual Defendants identified in the Complaint are not evidence of scienter. Trades were made to pay taxes on Restricted Stock Units as they vested or were made pursuant to Rule 10b5-1 plans, and neither the terms of

those plans nor the circumstances in which the Individual Defendants entered into such plans were intended or designed to take advantage of any alleged fraud.

## FOURTH AFFIRMATIVE DEFENSE

### (Class Action)

4. The Amended Complaint, and each and every cause of action alleged, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

5. The Amended Complaint, and each and every cause of action alleged, is barred because Defendants acted in good faith, with genuine belief, and without knowledge that any alleged misstatement or omission was materially false or misleading.

## SIXTH AFFIRMATIVE DEFENSE

### (Truth)

6. The Amended Complaint, and each and every cause of action alleged, is barred by the truth of Defendants' assertions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Information and Belief)

7. The Amended Complaint, and each and every cause of action alleged therein, is barred because, on information and belief, Plaintiffs and members of the putative class would have purchased Enochian stock at the same price even if they had known, at the time of their respective purchases, of the facts alleged to have been misrepresented or omitted.

## EIGHTH AFFIRMATIVE DEFENSE

### (15 U.S.C. § 78u-4(e))

8. If it should be determined that Plaintiff has been damaged, then the damages that Plaintiff seeks are limited by the Private Securities Litigation Reform

COOLEY LLP
ATTORNEYS AT LAW

38

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE

Act of 1995, 15 U.S.C. § 78u-4(e).

## **RESERVATION OF RIGHTS**

Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings, as permitted by law.  Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims, and/or third party claims.

## **PRAYER FOR RELIEF**

Defendants pray that this Court enter judgment as follows:

1.    That Plaintiffs take nothing by the Complaint;

2.    For costs, attorneys' fees and expert witness fees;

3.    For judgment in favor of Defendants; and

4.    For such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Defendants demand a trial by jury.

Dated: August 2, 2024                              COOLEY LLP


                                                   By: */s/ Brett H. De Jarnette*
                                                        Brett H. De Jarnette (292919)

                                                   *Attorneys for Defendants Enochian Biosciences Inc., Dr. Mark Dybul, René Sindlev, and Carl Sandler*

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT
8:22-CV-01374-JWH-JDE