1  **BLEICHMAR FONTI & AULD LLP**
2  Joseph A. Fonti (*pro hac vice*)
   George N. Bauer (*pro hac vice*)
3  300 Park Avenue, Suite 1301
   New York, New York 10022
4  jfonti@bfalaw.com
5  gbauer@bfalaw.com
   Tel: (212) 789-1340
6  Fax: (212) 205-3960
7
8  *Counsel for Lead Plaintiff Jean-Pierre Murray,*
   *and Lead Counsel for the Class*
9
10 [*Additional Counsel on Signature Page*]

11            **UNITED STATES DISTRICT COURT**
12            **CENTRAL DISTRICT OF CALIFORNIA**

13 | | |
14 | ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated, | Case No. 8:22-cv-01374-JWH-JDE |

15 ALBERT CHOW, Individually and On
   Behalf of All Others Similarly Situated,        CLASS ACTION
16
                   Plaintiff,                      **LEAD PLAINTIFF'S UNOPPOSED**
17                                                 **NOTICE OF MOTION AND**
          v.                                       **MOTION FOR PRELIMINARY**
18                                                 **APPROVAL OF PROPOSED**
   ENOCHIAN BIOSCIENCES INC.,                      **CLASS ACTION SETTLEMENT**
19 MARK DYBUL, RENE SINDLEV,                       **AND MEMORANDUM OF POINTS**
   and CARL SANDLER,                               **AND AUTHORITIES IN SUPPORT**
20                                                 **THEREOF**
                   Defendants.
21
22                                                 JUDGE:  Hon. John W. Holcomb
                                                   DATE:  January 10, 2025
23                                                 TIME:  10:00 a.m.
                                                   COURTROOM:  9D – 9th Floor
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF MOTION AND MOTION .................................................................6

STATEMENT OF THE ISSUES TO BE DECIDED ...............................................7

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................7

I.     PRELIMINARY STATEMENT .......................................................................7

II.    RELEVANT BACKGROUND .........................................................................9

       A.     History of the Litigation ...............................................................9

       B.     The Parties' Mediation Efforts ...................................................10

       C.     The Proposed Settlement .............................................................10

III.   THE PROPOSED SETTLEMENT MERITS PRELIMINARY
       APPROVAL ...................................................................................................11

       A.     Applicable Legal Standards ........................................................11

       B.     The Court "Will Likely Be Able to" Approve the Proposed
              Settlement, Satisfying Rule 23(e)(1)(B)(i)..................................12

              1.     Lead Counsel and Lead Plaintiff Have Adequately
                     Represented the Class – Rule 23(e)(2)(A) and *Hanlon*
                     Factor 6 ................................................................................12

              2.     The Settlement Is the Product of Arm's-Length
                     Negotiations – Rule 23(e)(2)(B) .........................................14

              3.     The Proposed Settlement Provides Adequate Relief –
                     Rule 23(e)(2)(C) and *Hanlon* Factors 1, 2, 3, and 4 ................14

              4.     The Plan of Allocation Treats Class Members Equitably –
                     Rule 23(e)(2)(D) ..................................................................20

              5.     *Hanlon* Factor 5 – Extent of Discovery Completed and the
                     Stage of the Proceedings .....................................................21

       C.     The Court "Will Likely Be Able to" Certify the Proposed
              Settlement Class, Satisfying Rule 23(e)(1)(B)(ii)...............................21

1.    Numerosity – Rule 23(a)(1) .....................................................22

2.    Commonality – Rule 23(a)(2).................................................22

3.    Typicality – Rule 23(a)(3) ......................................................23

4.    Adequacy – Rule 23(a)(4).......................................................24

5.    Predominance and Superiority – Rule 23(b)(3)........................24

D.    The Notice Plan Satisfies Rule 23(e), Due Process, and the
      PSLRA........................................................................................25

IV.    PROPOSED SCHEDULE OF SETTLEMENT EVENTS ...........................27

V.    CONCLUSION.............................................................................28

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullah v. U.S. Sec. Assocs., Inc.*,
　731 F.3d 952 (9th Cir. 2013) ..................................................................23

*Amchem Prods., Inc. v. Windsor*,
　521 U.S. 591 (1997) ...............................................................................25

*Baron v. HyreCar Inc.*,
　2024 WL 3504234 (C.D. Cal. July 19, 2024) ........................... 15, 17, 18

*In re Biolase, Inc. Sec. Litig.*,
　2015 WL 12697736 (C.D. Cal. June 5, 2015)........................................21

*Brightk Consulting Inc. v. BMW of N. Am., LLC*,
　2023 WL 2347446 (C.D. Cal. Jan. 3, 2023)...........................................14

*In re Broadcom Corp. Sec. Litig.*,
　2005 WL 8153007 (C.D. Cal. Sept. 14, 2005).......................................15

*Brown v. China Integrated Energy Inc.*,
　2015 WL 12720322 (C.D. Cal. Feb. 17, 2015).......................... 22, 23, 24

*Class Plaintiffs v. City of Seattle*,
　955 F.2d 1268 (9th Cir. 1992)...............................................................11

*In re Cooper Companies Inc. Sec. Litig.*,
　254 F.R.D. 628 (C.D. Cal. 2009) .................................................. 23, 24

*In re Emulex Corp. Sec. Litig.*,
　210 F.R.D. 717 (C.D. Cal. 2002) ..........................................................24

*Farrar v. Workhorse Grp., Inc.*,
　2023 WL 5505981 (C.D. Cal. July 24, 2023) ............................... 14, 17

*Franklin v. Kaypro Corp.*,
　884 F.2d 1222 (9th Cir. 1989)...............................................................11

*In re GTT Comms., Inc. Sec. Litig.*,
　No. 2:21-cv-00270 (C.D. Cal. Mar. 21, 2022) .....................................19

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

3

*Gudimetla v. Ambow Educ. Holding*,
   2015 WL 12752443 (C.D. Cal. Mar. 16, 2015) ....................................................17

*Guidano Napoli v. Ampio Pharm., Inc. et al*,
   No. 2:15-CV-03474-TJH-PJW (C.D. Cal. Sept. 29, 2017)..................................15

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...................................................................... 12, 24

*In re HealthSouth Corp. Sec. Litig.*,
   334 F. App'x 248 (11th Cir. 2009)..................................................................20

*Hill v. Canidae Corp.*,
   2021 WL 4988032 (C.D. Cal. Apr. 2, 2021).......................................................14

*James Rose v. Deer Consumer Prod., Inc. et al*,
   No. 2:11-CV-03701-DMG (C.D. Cal. Aug. 9, 2013) .........................................15

*Jiangchen v. Rentech, Inc.*,
   No. 2:17-cv-01490 (C.D. Cal. Nov. 8, 2019).....................................................19

*Johnson v. General Mills, Inc.*,
   2013 WL 3213832 (C.D. Cal. June 17, 2013).....................................................11

*In re LJ Int'l, Inc. Sec. Litig.*,
   2009 WL 10669955 (C.D. Cal. Oct. 19, 2009) ............................................ 15, 17

*Longo v. OSI Sys. Inc.*,
   No. 2:17-cv-08841-FMO-SK (C.D. Cal. Aug. 31, 2022) ...................................20

*M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*,
   2018 WL 11471777 (C.D. Cal. Nov. 2, 2018) ...................................................27

*In re MGM Mirage Sec. Litig.*,
   708 F. App'x 894 (9th Cir. 2017).....................................................................27

*Mild v. PPG Indus., Inc.*,
   2019 WL 3345714 (C.D. Cal. July 25, 2019) ............................................ 13, 25

*Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*,
   311 F.R.D. 590 (C.D. Cal. 2015) .....................................................................22

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ...........................................................................14

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

4

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................................8, 11

*Steamfitters Local 449 Pension Plan v. Molina Healthcare, Inc.*,
  No. 2:18-cv-03579 (C.D. Cal. Oct. 26, 2020) .......................................21

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...................................................................................23

**Statutes**

15 U.S.C. § 77z-1(a)(4) ................................................................................19

15 U.S.C. § 77z-1(a)(7) ................................................................................26

15 U.S.C. § 78u-4(f)(2) ................................................................................17

28 U.S.C. § 1715 ...........................................................................................27

**Rules**

Fed. R. Civ. P. 23 ................................................................................ *passim*

**Other Authorities**

*Cornerstone Research, Securities Class Action Settlements –*
  *2023 Review and Analysis*, available at https://www.cornerstone.com/
  wp-content/uploads/2024/03/Securities-Class-Action-Settlements-2023-
  Review-and-Analysis.pdf ...........................................................................15

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

5

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT Lead Plaintiff Jean-Pierre Murray, on behalf of himself and the Settlement Class, by and through Lead Counsel hereby respectfully move this Court for an entry of a Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23, in the above-captioned action (the "Litigation"): (1) granting preliminary approval of the proposed settlement to resolve the Litigation (the "Settlement"); (2) approving the form and substance of the proposed Notice of Pendency and Proposed Settlement of Class Action ("Notice"), the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), the Proof of Claim and Release Form ("Proof of Claim"), and the Summary Notice ("Summary Notice"), and the methods of disseminating notice to the Class, and the selection of Epiq Class Action and Claims Solutions, Inc. ("Epiq") as Claims Administrator; (3) setting deadlines for Settlement Class Members to exercise their rights in connection with the proposed Settlement; and (4) scheduling a hearing date for final approval of the Settlement and Plan of Allocation and application(s) for attorneys' fees, litigation expenses, and an award of costs and expenses, if any, to Lead Plaintiff (the "Fairness Hearing").[1]

This Motion is based on the Memorandum of Points and Authorities below, the Declaration of George N. Bauer, filed contemporaneously herewith, the Stipulation of Settlement and exhibits thereto (Bauer Decl., Ex. 1),[2] the Declaration of Joseph Mahan of Epiq (Bauer Decl., Ex. 2), the Declaration of Chad Coffman of

---

[1] Capitalized terms shall have the same meaning as set forth in the Stipulation of Settlement dated November 8, 2024 (the "Stipulation"), attached as Exhibit 1 to the Bauer Declaration. Unless otherwise noted, all emphasis is added and all internal citations and quotation marks are omitted.

[2] The attachments to the Stipulation include: the Proposed Order Preliminarily Approving Settlement and Providing for Class Notice (Exhibit A); the proposed Notice (Exhibit A-1); the proposed Long-Form Notice (Exhibit A-2); the proposed Proof of Claim (Exhibit A-3); the proposed Summary Notice (Exhibit A-4); and the proposed Judgment (Exhibit B).

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

6

Peregrine Economics (Bauer Decl., Ex. 3), Lead Counsel's Firm Resume (Bauer Decl., Ex. 4), and all other papers, pleadings, and proceedings in the Litigation.

## STATEMENT OF THE ISSUES TO BE DECIDED

The issues to be decided on this Motion are:

1.      Whether the proposed Settlement for $2,500,000 as set forth in the Stipulation warrants preliminary approval;

2.      Whether the Court should approve the form and substance of the proposed Notice, Long-Form Notice, Proof of Claim, and Summary Notice attached as Exhibits A-1 through A-4 to the Stipulation, as well as the manner and timing of notifying the Class of the Settlement (the "Notice Plan") and the selection of Epiq as Claims Administrator; and

3.      Whether the Court should schedule a Fairness Hearing to determine whether the Settlement and Plan of Allocation should be finally approved, and whether applications for attorneys' fees, litigation expenses, and an award to Lead Plaintiff for reasonable costs and expenses should be approved.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

After over two years of litigation, during which Defendant Enochian's cash position fell below $300,000, Lead Plaintiff and Lead Counsel Bleichmar Fonti & Auld LLP ("BFA") have achieved a highly favorable settlement for the Class: a recovery of $2,500,000 in cash.  Lead Plaintiff therefore respectfully requests that the Court grant preliminary approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e), and permit notice to be disseminated to Settlement Class Members.

Under Federal Rule of Civil Procedure 23(e)(1)(B), preliminary approval should be granted because the Court "will likely be able" to (i) grant final approval under Rule 23(e)(2), and (ii) certify the Settlement Class.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

7

First, the Court "will likely be able" to grant final approval because the proposed Settlement is "fundamentally fair, adequate, and reasonable," *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003), satisfying Rule 23(e)(2).  This Securities Exchange Act class action began more than two years ago.  The parties reached the proposed Settlement after a lengthy arm's-length mediation under the auspices of Jed Melnick of JAMS.  Following a full-day mediation session on September 17, 2024, and protracted further negotiations, the parties finally accepted Mr. Melnick's recommendation to settle the action for $2,500,000.

The $2.5 million Settlement is fair, reasonable, and adequate.  This recovery represents more than 5% of the estimated maximum damages, which is greater than the 4.5% average recovery in Section 10(b) cases over the past decade, and in line with other securities class action settlements in this District and Circuit, though they did not typically face the existential risks associated with Enochian.

This outstanding result did not come quickly or easily.  Rather, to achieve the proposed Settlement, Lead Plaintiff and Lead Counsel shouldered substantial risks and vigorously prosecuted the action from inception.  Lead Counsel conducted an in-depth investigation, interviewing former Enochian employees and scouring a detailed public record, including news reports and litigation records, resulting in a 149-paragraph amended complaint.  Lead Counsel then defeated Defendants' motion to dismiss after oral argument.

The Settlement accounts for and avoids the risks of protracted litigation, in particular—as noted—Enochian's precarious financial position, which threatened the Class's ability to collect any judgment after trial.

Lead Plaintiff and BFA successfully navigated these risks to achieve the proposed Settlement, which provides the Settlement Class with a prompt, certain, and substantial recovery that is well within the range of reasonableness.

Second, the Court will be able to certify the proposed Settlement Class.  With approximately 53 million shares of Enochian common stock outstanding as of May

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

8

31, 2022, Rule 23(a)(1)'s numerosity requirement is easily met, and this action presents common class-wide questions, including falsity, materiality, scienter, and damages, satisfying Rule 23(a)(2).  Typicality and adequacy under Rules 23(a)(3) and (4) are present because (i) Lead Plaintiff's interests are aligned with all members of the Settlement Class, who purchased Enochian common stock at prices affected by alleged misstatements and omissions, and (ii) Lead Plaintiff's Counsel are highly experienced in complex securities litigation and have vigorously litigated this action to achieve the best possible recovery.  The proposed notice program will ensure that Settlement Class Members are promptly apprised of the proposed Settlement so they can participate, exclude themselves, or object before the Settlement Hearing.

Lead Plaintiff thus respectfully requests that the Court grant this unopposed motion and enter the proposed Preliminary Approval Order.

## II.    RELEVANT BACKGROUND

### A.    <u>History of the Litigation</u>

The initial complaint in this Action was filed on July 26, 2022.  (ECF No. 1.)  On October 22, 2023, the Court appointed Jean-Pierre Murray as Lead Plaintiff and BFA as Lead Counsel.  (ECF No. 64.)

Upon appointment, Lead Plaintiff, through counsel, immediately commenced an extensive investigation that included interviews with confidential witnesses, plus comprehensive analysis of publicly available information such as SEC filings, news articles, industry publications, analyst reports, academic literature, and filings in other litigation.

On December 15, 2023, Lead Plaintiff filed the operative Amended Complaint, which alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder.  (ECF No. 68.)  Defendants moved to dismiss the complaint.  Following briefing and oral argument, on June 28, 2024, the Court denied Defendants' motion to dismiss in its entirety.  (ECF No. 90.)  Following the Court's ruling, the Court asked about "the prospects of settlement"

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

9

and asked, "[W]hat can the Court do to help the parties move to a resolution?" (ECF No. 93 at 54:3–11.)

### B.    The Parties' Mediation Efforts

On September 17, 2024, after submitting confidential mediation statements, the parties engaged in a full-day mediation session supervised by Mr. Melnick. The parties engaged in good faith, arm's-length negotiations, at the conclusion of which Mr. Melnick issued a mediator's recommendation to resolve the litigation.

Following careful deliberations including numerous further teleconferences with Mr. Melnick over the following weeks, the parties accepted Mr. Melnick's recommendation to settle the case. The parties' agreement-in-principle was signed on October. 9, 2024, and the Stipulation of Settlement was executed on November 8, 2024 ("Stipulation").

### C.    The Proposed Settlement

The terms of the proposed Settlement are set forth in the Stipulation. In short, the settlement calls for a non-reversionary cash payment of $2,500,000 (the "Settlement Amount"), which will be paid into interest-bearing escrow accounts within 30 days after entry of an order granting preliminary approval of the Settlement. (Stipulation ¶2.3.) In exchange for this cash payment, the Stipulation provides for customary mutual releases, including the claims asserted, or that could have been asserted, in the Amended Complaint, that relate in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged or referred to in the Litigation. (Stipulation ¶1.20.) The releases specifically exclude derivative claims raised in *Weird Science LLC et al v. Rene Sindlev et al*, Case No. 2:24-cv-00645 (C.D. Cal.), *Midler v. Gumrukcu et al.*, Case No. 22STCV33960 (L.A. Sup. Ct.), *Solak v. Gumrukcu, et al.*, Case No. 1:23-cv-00065 (D. Del.), or *Koenig v. Gumrukcu et al.*, Case No. 2:22-cv-06871 (C.D. Cal.). (*Id.*)

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

10

The Net Settlement Fund (*i.e.*, the Settlement Amount, plus accrued interest, minus Notice and Administration Costs, Taxes and Tax Expenses, and any Court-approved attorneys' fees, expenses, awards or other Court-approved deductions) will then be distributed to Settlement Class Members who submit valid Proof of Claim forms ("Authorized Claimants") on a *pro rata* basis in accordance with a plan of allocation to be approved by the Court.

## III. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

### A. <u>Applicable Legal Standards</u>

The Ninth Circuit maintains a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Johnson v. General Mills, Inc.*, 2013 WL 3213832, at *2 (C.D. Cal. June 17, 2013) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)); *see also Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989) (noting the policy of the federal courts is to encourage settlement before trial).

Federal Rule of Civil Procedure 23(e) requires courts to approve any proposed class action settlement as "fair, adequate and reasonable." Fed. R. Civ. P. 23(e)(2); *Staton*, 327 F.3d at 959. Judicial approval of a class action settlement is a two-step process. <u>First</u>, the Court performs a preliminary review of the terms of the proposed settlement to determine whether to send notice of the proposed settlement to the class. *See* Fed. R. Civ. P. 23(e)(1). <u>Second</u>, after notice is provided and a hearing is held, the Court determines whether to grant final approval of the settlement. *See* Fed. R. Civ. P. 23(e)(2).

Under Rule 23(e)(1)(B), preliminary approval is warranted where the Court "will likely be able" to (i) grant final approval of the settlement under Rule 23(e)(2), and (ii) certify the settlement class.

As discussed below, the proposed Settlement satisfies both requirements.

Lead Plaintiff's Notice of Motion and Motion for Preliminary Approval of Proposed Class Action Settlement
Case No. 8:22-cv-01374-JWH-JDE

11

**B.    The Court "Will Likely Be Able to" Approve the Proposed Settlement, Satisfying Rule 23(e)(1)(B)(i)**

In determining settlement approval, Rule 23(e)(2), as amended in 2018, requires the Court to consider whether the settlement "is fair, reasonable, and adequate after considering whether:"

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Courts in the Ninth Circuit also evaluate the so-called "*Hanlon* factors" which significantly overlap with Rule 23(e) and include "[1] the strength of the plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of the proceedings; [and] [6] the experience and views of counsel." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

**1.    Lead Counsel and Lead Plaintiff Have Adequately Represented the Class – Rule 23(e)(2)(A) and *Hanlon* Factor 6**

To satisfy Rule 23(e)(2)(A)'s adequacy requirement, courts must resolve two questions: "(1) do[es] the named plaintiff[] and [its] counsel have any conflicts of interest with other class members and (2) will the named plaintiff[]and [its] counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. That standard is easily met here.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

12

*First*, there are no conflicts of interest between Lead Plaintiff and Lead Counsel and the rest of the Settlement Class. Lead Plaintiff's claims are typical of the Settlement Class's claims, and Lead Plaintiff and other Settlement Class Members share an interest in securing the largest possible recovery. *See Mild v. PPG Indus., Inc.*, 2019 WL 3345714, at *3 (C.D. Cal. July 25, 2019) ("Because Plaintiff's claims are typical of and coextensive with the claims of the [s]ettlement [c]lass, his interest in obtaining the largest possible recovery is aligned with the interests of the rest of the [s]ettlement [c]lass members.").

*Second*, Lead Plaintiff and Lead Counsel have vigorously prosecuted this action since appointment over one year ago. This includes, among other things, conducting an in-depth investigation, interviewing former Enochian employees, scouring a detailed public record, including news reports and litigation records, retaining experts to assess loss causation and damages, drafting an amended complaint, defeating Defendants' motion to dismiss in its entirety, and aggressively negotiating the terms of the Settlement.

Lead Plaintiff has also protected the Class's interests by retaining and overseeing qualified and experienced Lead Counsel. BFA is highly experienced in litigating securities class actions, and has prosecuted and successfully resolved numerous cases, including: a $420 million recovery in *In re Teva Sec. Litig.,* No. 17-cv-0558 (D. Conn.); a $234 million recovery in *In re MF Global Holdings Sec. Litig.*, 11-cv-07866-VM (S.D.N.Y.); a $219 million recovery in *In re Genworth Fin. Inc. Sec. Litig.*, 14-cv-00682-JAG (E.D. Va.); a $129 million recovery in *Police Ret. Sys. of St. Louis v. Granite Constr. Inc*., No. 19-cv-04744 (N.D. Cal.); and a $120 million recovery in *Freedman v. Weatherford Int'l, Ltd*., 12-cv-02121-LAK (S.D.N.Y.). (Bauer Decl., Ex. 4, BFA Firm Resume.)

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

13

## 2. The Settlement Is the Product of Arm's-Length Negotiations – Rule 23(e)(2)(B)

In approving a class action settlement, the Ninth Circuit, and courts in this District, "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Courts have recognized that "[t]he use of a mediator experienced in the settlement process tends to establish that the settlement process was not collusive." *See Hill v. Canidae Corp.*, 2021 WL 4988032, at *8 (C.D. Cal. Apr. 2, 2021).

Here, the Settlement was reached after a full-day mediation session and further negotiations under the auspices of Jed Melnick, a preeminent mediator with extensive experience in complex business litigation and, in particular, securities class actions. The Parties' mediation efforts including the submission of confidential mediation statements and a full-day mediation session, followed by numerous further teleconferences with Mr. Melnick over the following weeks.

These extensive arm's-length negotiations—resulting in a mediator's recommendation to resolve the litigation—confirm that the proposed settlement is the product of serious, informed, non-collusive negotiations. *See Farrar v. Workhorse Grp., Inc.*, 2023 WL 5505981, at *5 (C.D. Cal. July 24, 2023) ("Negotiations began in person before a neutral private mediator [Jed Melnick] who is 'an experienced complex business litigation mediator who has resolved over 1,000 disputes in his career.'") (quoting *Brightk Consulting Inc. v. BMW of N. Am., LLC*, 2023 WL 2347446, at *6 (C.D. Cal. Jan. 3, 2023)).

## 3. The Proposed Settlement Provides Adequate Relief – Rule 23(e)(2)(C) and *Hanlon* Factors 1, 2, 3, and 4

Rule 23(e)(2)(C) provides that the adequacy of relief should be assessed "taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

14

attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." These factors are satisfied here.

The non-reversionary, all-cash $2.5 million Settlement Amount represents 5.3% of Plaintiff's estimated recoverable damages of $47 million. This is 18% greater than the median 4.5% recovery in Securities Exchange Act cases between 2014 and 2023.[3] The recovery here also compares favorably to securities class action settlements in this District. *See, e.g.*, *Baron v. HyreCar Inc.*, 2024 WL 3504234, at *8 (C.D. Cal. July 19, 2024) (approving $1.9 million settlement approximating 2% recovery of $96 million maximum damages); *Guidano Napoli v. Ampio Pharm., Inc. et al*, No. 2:15-CV-03474-TJH-PJW, ECF 97 (C.D. Cal. Sept. 29, 2017) and ECF 87 at 11 (granting final approval of $3.4 million settlement, constituting 5.36% of estimated $63.4 million damages); *James Rose v. Deer Consumer Prod., Inc. et al*, No. 2:11-CV-03701-DMG, ECF 107 (C.D. Cal. Aug. 9, 2013) and ECF 100 at 5 (granting final approval of $2.125 million settlement, constituting 4% of estimated $52.6 million damages); *In re LJ Int'l, Inc. Sec. Litig.*, 2009 WL 10669955, at *4–5 (C.D. Cal. Oct. 19, 2009) (approving settlement with recovery of 4.5% of maximum damages); *In re Broadcom Corp. Sec. Litig.*, 2005 WL 8153007, at *6 (C.D. Cal. Sept. 14, 2005) ("In any event, even a 2.7 cent recovery for every dollar of claimed damages would not be inconsistent with the average recovery in securities class action cases.").

### a.    The Costs, Risks, and Delay of Trial and Appeal

While Lead Plaintiff and Lead Counsel believe that the claims asserted on behalf of the Settlement Class have merit, continued litigation raises serious risks.

Most importantly, Defendants' precarious financial condition posed an almost existential risk to further litigation. With no commercial product and no meaningful

---

[3] *See Cornerstone Research, Securities Class Action Settlements – 2023 Review and Analysis*, at 8, available at https://www.cornerstone.com/wp-content/uploads/2024/03/Securities-Class-Action-Settlements-2023-Review-and-Analysis.pdf.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

15

revenue source, Enochian's cash position rapidly diminished during the course of the Litigation.[4]  By March 31, 2024, Enochian's cash and cash equivalents had diminished to $312,697, a figure that dropped to $220,571 by the time of the Settlement in November 2024.[5]  This was an almost 83% decline from its cash position of $1,874,480 as of June 30, 2023.[6]  As Enochian warned in its Form 10-K, "If we do not have sufficient funds to continue operations, we could be required to seek bankruptcy protection or other alternatives that could result in our stockholders losing some or all of their investment in us."[7]

Further inquiries during the negotiation of the Settlement did not reveal additional assets available to satisfy a judgment.  In fact, Lead Plaintiff, through Lead Counsel, negotiated a condition of the Settlement that required Defendants to provide to Lead Plaintiff sworn documentation, submitted under the penalty of perjury, confirming certain representations their counsel made during the negotiation of the Settlement concerning Defendants' ability to fund a settlement.  (*See* Stipulation ¶2.2.)  If, prior to preliminary approval, Lead Plaintiff learns that this information was inaccurate at the time it was provided or materially changes, Lead Plaintiff reserves certain rights.  (*Id*.)

On the merits, Defendants vigorously denied scienter, and at the motion to dismiss hearing the Court described this case as "a close one."  Litigating the thorny scienter issue would have further depleted Enochian's limited cash reserves as "[n]umerous depositions and document and other written discovery would be required if the case continued"—including potential depositions of Serhat

---

[4] In August 2023, Enochian changed its name to Renovaro Biosciences, Inc.
[5] Enochian Form 10-Q for the quarterly period ended March 31, 2024, at 2, 7, 11, 46, available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001527728/0cb607ef-695e-4a01-9277-eef139869e37.pdf; Enochian Form 10-Q for the quarterly period ended Sept 30, 2024, at 6, available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001527728/feff0e70-26d2-482f-bb8f-a58d23775b4f.pdf .
[6] Enochian Form 10-K for the Fiscal Year ended June 30, 2023, at 39, 43, 45, available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001527728/dd2d8648-194a-4ed9-8c66-9f44d0eff195.pdf.
[7] *Id.* at 11.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

16

Gumrukcu in prison—and "[e]xtensive and expensive expert discovery would also be necessary." *Farrar*, 2023 WL 5505981, at *7. Additionally, "there would be significant costs and risks associated with class certification, summary judgment, and trial." *Baron*, 2024 WL 3504234, at *8. Further, had the Litigation proceeded to trial, the Class faced an additional risk from the PSLRA's proportionate liability provision, which states that defendants may be "liable solely for the portion of the judgment" corresponding to the percentage of responsibility a jury assigns to each defendant. 15 U.S.C. § 78u-4(f)(2)(B)(i). This posed the risk that a jury could assign most or all fault to a defendant with limited assets from which to recover a judgment.

All these costs would be accompanied by the looming threat that an Enochian bankruptcy filing could trigger an automatic stay of the Class's claims against Enochian, preventing those claims from reaching trial.

In short, Enochian's financial condition and the real prospect of a near-term bankruptcy materially heightened the complexity and risk of further litigation. Courts in this District routinely find that the amount offered in settlement—a *Hanlon* factor that overlaps with Rule 23(e)(2)(c)—weighs in favor of approval for comparable settlement amounts given "risks inherent in [the] litigation and [Defendant's] financial situation." *Gudimetla v. Ambow Educ. Holding*, 2015 WL 12752443, at *5 (C.D. Cal. Mar. 16, 2015) (approving securities fraud class action settlement where recovery of $1.5 million was 5.6% of $26.7 million in estimated damages where there were very serious ability to pay and collectability issues); *see also LJ Int'l*, 2009 WL 10669955, at *4 (approving securities fraud class action settlement where $2 million recovery was 4.5% of $44 million maximum possible recovery).

Lead Plaintiff's Notice of Motion and Motion for Preliminary Approval of Proposed Class Action Settlement
Case No. 8:22-cv-01374-JWH-JDE

17

### b. The Proposed Method for Distributing Relief Is Effective

As demonstrated below and in the supporting Declaration of Joseph Mahan, the proposed method to distribute relief to the Settlement Class is effective, satisfying Rule 23(e)(2)(C)(ii).

The proposed notice plan calls for direct mail notice to all those who can be identified with reasonable effort, including through nominees. The Notice (Ex. A-1 to the Stipulation) is a postcard that contains all of the information required under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and satisfies Rule 23 (*see infra* at III.C.). The postcard directs Settlement Class members to the case-specific website (https://www.EnochianSecuritiesLitigation.com) where they can submit claims electronically or download a copy of the Proof of Claim form (Ex. A-3 to the Stipulation).[8] (*See* Mahan Decl. ¶17.) The postcard also provides a toll-free phone number to contact the Claims Administrator and request a paper copy of the Proof of Claim. (Stipulation Ex. A-1.) The website provides a Long-Form Notice (Ex. A-2 to the Stipulation) with additional detailed information, including in question-and-answer format, as well as copies of the Stipulation and other relevant documents. (*See* Mahan Decl. ¶17; Stipulation Ex. A-2.) Finally, the notice program will include publication of the Summary Notice (Ex. A-4 to the Stipulation) in *Investor's Business Daily* and *PR Newswire*, and banner advertisements on Google Display Network and Yahoo! Finance. (Mahan Decl. ¶¶14–15.)

The claims administration process will follow established procedures in securities class actions. Settlement Class Members must complete the Proof of Claim and provide the transaction information and documentation necessary to calculate their Recognized Claims pursuant to the Plan of Allocation (set forth in the

---

[8] Providing the long-form notice and claim form online (with direct mail notice provided by postcard) has been approved under the PSLRA and Rule 23 in other securities class settlements in this Circuit. *See, e.g.*, *Baron*, 2024 WL 3504234, at *16.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

18

Long-Form Notice).  Once the Claims Administrator has processed all claims, notified claimants of deficiencies or ineligibility, processed responses, and made claim determinations, the Claims Administrator will make distributions to Authorized Claimants pursuant to a Plan of Allocation that, in consultation with an industry-leading expert, was designed to distribute the Net Settlement Fund on a *pro rata* basis using standard methodologies. (*See infra* at III.A.4.)  If any funds remain in the Net Settlement Fund after the initial distributions, the Claims Administrator will conduct re-distributions until it is no longer cost-effective to do so.  Any remaining balance will be contributed to a non-profit, charitable organization after Court approval.

### c.   The Terms and Timing of Payment of Attorneys' Fees and Expenses Are Reasonable

The proposed Settlement does not contemplate any specific fee and expense award, but rather recognizes that Lead Counsel will seek Court approval of a separate fee and expense application to be paid from the Settlement Fund in an amount to be approved by the Court.  Lead Counsel's fee and expense application will be fully briefed via formal motion in accordance with the proposed Preliminary Approval Order.

As stated in the Notice, BFA will seek fees of no more than 30% of the Settlement Fund, plus interest.  This amount is consistent with percentage fees that this Court and other courts in this District have regularly approved in securities class actions.  *See, e.g.*, *In re GTT Comms., Inc. Sec. Litig.*, No. 2:21-cv-00270, ECF 65 (C.D. Cal. Mar. 21, 2022) and ECF 58 at 1 (awarding 30% fee in $2 million settlement); *Jiangchen v. Rentech, Inc.*, No. 2:17-cv-01490, ECF 115 at 2-3 (C.D. Cal. Nov. 8, 2019) (awarding 33.3% fee in $2,050,000 securities settlement).  BFA will also seek litigation expenses in an amount not to exceed $300,000, plus interest, and an award to Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(4) of no more than $7,500.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

19

#### d.   Lead Plaintiff Has Identified All Agreements Made in Connection with the Proposed Settlement

In addition to the Stipulation, the parties have entered into a confidential Supplemental Agreement providing specified options to terminate the settlement if Persons who otherwise would be Members of the Settlement Class, and timely choose to exclude themselves, purchased more than a certain number of shares of Enochian common stock during the Class Period.  (Stipulation ¶7.7.)  As is standard in securities class action settlements, such agreements are not made public to avoid incentivizing individual class members to leverage the opt-out threshold to seek disproportionate individual settlements at the expense of the broader class.[9] Pursuant to its terms, the Supplemental Agreement may be submitted to the Court for *in camera* review.

### 4.   The Plan of Allocation Treats Class Members Equitably – Rule 23(e)(2)(D)

The proposed Plan of Allocation, set forth in the Long-Form Notice, "treats class members equitably relative to each other," satisfying Rule 23(e)(2)(D). Specifically, the Plan of Allocation, which was prepared with the assistance of experts from Peregrine Economics, allocates each Authorized Claimant their *pro rata* share of the Net Settlement Fund based on their recognized losses in transactions in Enochian common stock.  Those recognized losses are calculated under the Plan of Allocation using estimates of artificial inflation at the time of purchase and sale for the Exchange Act claims.  (Coffman Decl. ¶¶8–9, 15–16.)

The Plan of Allocation is fair, reasonable, and adequate, and comparable to plans approved in other securities class actions in this District.  *See, e.g.*, *Longo v. OSI Sys. Inc.*, No. 2:17-cv-08841-FMO-SK, ECF 146 (C.D. Cal. Aug. 31, 2022)

---

[9] *See, e.g.*, *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger the blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out.").

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

20

(approving plan of allocation); *Steamfitters Local 449 Pension Plan v. Molina Healthcare, Inc.*, No. 2:18-cv-03579, ECF 99 (C.D. Cal. Oct. 26, 2020) (same).

### 5. *Hanlon* Factor 5 – Extent of Discovery Completed and the Stage of the Proceedings

*Hanlon* factor 5 considers the extent of discovery completed and the stage of the proceedings. Courts in this District routinely approve settlements in cases "lack[ing] formal discovery" where, as here, "Lead Plaintiff possesses sufficient information to make an informed decision." *In re Biolase, Inc. Sec. Litig.*, 2015 WL 12697736, at *7 (C.D. Cal. June 5, 2015) (preliminarily approving settlement where complaint and motion to dismiss briefing demonstrated "a deep familiarity with the relevant SEC filings, press releases, analyst reports, conference call transcripts, and news articles."). That is certainly the case here. Lead Plaintiff, through Lead Counsel, conducted an extensive investigation that included, among other things, comprehensive analysis of the Company's SEC filings, its public statements, news articles, industry publications, analyst reports, academic literature, and filings in other litigation. Lead Plaintiff, through Lead Counsel, also consulted experts to assess the Company's relevant accounting disclosures and to determine damages and other loss causation issues. And Lead Plaintiff, through Lead Counsel, diligently investigated Defendants' ability to fund any judgment. Accordingly, Lead Plaintiff was fully informed on the merits and risks of the litigation, and this factor further supports approval.

### C. The Court "Will Likely Be Able to" Certify the Proposed Settlement Class, Satisfying Rule 23(e)(1)(B)(ii)

The proposed Settlement Class consists of "all persons and entities who purchased or otherwise acquired Enochian common stock between January 17, 2018, and June 27, 2022, both dates inclusive, and who were damaged thereby."

Lead Plaintiff's Notice of Motion and Motion for Preliminary Approval of Proposed Class Action Settlement
Case No. 8:22-cv-01374-JWH-JDE

21

(Stipulation ¶1.25.)[10]  The Court will be able to certify the proposed Settlement Class because it meets each requirement of Rules 23(a) and (b)(3).

### 1.    Numerosity – Rule 23(a)(1)

The numerosity requirement is met where the Settlement Class is "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members." *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 602–03 (C.D. Cal. 2015).  Numerosity "is generally assumed to have been met in class action suits involving nationally traded securities." *Brown v. China Integrated Energy Inc.*, 2015 WL 12720322, at *14 (C.D. Cal. Feb. 17, 2015) (alterations in original).

The Settlement Class easily meets this requirement.  Enochian's common stock traded globally on the NASDAQ at all times during the Class Period under the symbol "ENOB."  There were approximately 53 million shares of Enochian common stock outstanding as of May 31, 2022, and at one point during the Class Period more than 50 institutional investors reported holdings in Enochian.  In addition, Enochian had an average weekly trading volume of 590,922 shares during the Class Period.  Thus, the Members of the Class are so numerous that their joinder would be impracticable.

### 2.    Commonality – Rule 23(a)(2)

Rule 23(a)(2) requires a showing that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Sufficient commonality exists where class members "suffered the same injury" and their claims "depend upon a common contention" that is capable of class-wide resolution.  *Wal-Mart Stores, Inc. v. Dukes*,

---

[10] The Settlement Class definition expressly excludes any Settlement Class Members that validly and timely request exclusion, as well as certain individuals and entities, including, but not limited to, Defendants, present and former officers and directors of Enochian, and their immediate family members, Serhat Gumrukcu, Anderson Wittekind, and affiliates of the same.  (Stipulation ¶1.25.)

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

22

564 U.S. 338, 350 (2011). "This does not, however, mean that every question of law or fact must be common to the class: all Rule 23(a)(2) requires is a single significant question of law or fact." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013).

Settlement Class Members have suffered a common injury: losses on their investments in Enochian common stock. Thus, their claims turn on several common issues capable of class-wide resolution, including: (i) whether Defendants' alleged misrepresentations and omissions violated the Exchange Act; (ii) whether Defendants' alleged misrepresentations and omissions were materially false and misleading; (iii) whether Defendants acted with scienter; (iv) whether the individual Defendants controlled Enochian and its violations of the securities laws; (v) whether the market price of Enochian's common stock was artificially inflated as a result of Defendants' alleged misrepresentations and omissions; (vi) whether Defendants' misrepresentations and omissions caused Class Members to suffer a compensable loss; and (vii) whether the Members of the Class have sustained damages, and the proper measure of damages.

These issues are more than sufficient to establish commonality. *See, e.g.*, *In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 635 (C.D. Cal. 2009) (allegations that defendants violated the Exchange Act, knowingly misrepresented material facts, and caused the defendant company's stock price to be artificially inflated were "common questions" that "form the core of a case for securities fraud" and are "extremely similar to questions of law and fact that other courts have found to be common in previous securities fraud cases").

### 3. Typicality – Rule 23(a)(3)

Rule 23(a)(3) requires that the proposed class representative's claims be "typical" of the claims of the class. *Brown*, 2015 WL 12720322, at *4. "[T]he Ninth Circuit does not require the named Plaintiffs' injuries to be 'identical with those of the other class members, [but] only that the unnamed class members have injuries

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-cv-01374-JWH-JDE

23

similar to those of the named plaintiffs and that the injuries result from the same injurious conduct.'" *Id.*, at *14 (quoting *Cooper*, 254 F.R.D. at 635).

Lead Plaintiff's claims are "typical" of other Settlement Class Members' claims because they arise out of the same alleged conduct.  Lead Plaintiff, like other Class Members, alleges that they purchased Enochian common stock during the Class Period at artificially inflated prices due to Defendants' material misstatements and omissions, and were damaged when the truth emerged.  In other words, both Lead Plaintiff and the Class assert the same legal claims, relating to the adequacy of the same public statements, and will rely on the same facts and legal theories to establish liability.  *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 719 (C.D. Cal. 2002) (class representative's claims are typical where they arise from the same conduct and are based on the same legal theory as other class members).

### 4.    Adequacy – Rule 23(a)(4)

Under Rule 23(a)(4), Lead Plaintiff must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Under Ninth Circuit precedent, adequacy depends on the resolution of two questions: (1) whether 'the named plaintiffs and their counsel have any conflicts of interest with other class members,' and (2) whether 'the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class.'"  *Brown*, 2015 WL 12720322, at *15 (quoting *Hanlon*, 150 F.3d at 1020).  Lead Plaintiff and Lead Counsel easily meet this standard for the reasons set forth above.  (*See supra* at III.A.1.)

### 5.    Predominance and Superiority – Rule 23(b)(3)

Pursuant to Rule 23(b)(3), the Court must consider: (1) whether questions of law or fact common to class members predominate over questions affecting only individual members; and (2) whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

Lead Plaintiff's Notice of Motion and Motion for Preliminary Approval of Proposed Class Action Settlement
Case No. 8:22-cv-01374-JWH-JDE

24

As is typical in securities class actions, "questions of law and fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  Indeed, "[p]redominance is a test readily met in certain cases alleging . . . securities fraud." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *see also Mild*, 2019 WL 3345714, at *4 ("The Ninth Circuit has repeatedly found that common issues predominate in federal securities actions where the proposed class members have all been injured by the same alleged course of conduct.").  This case is no different.

Moreover, damages suffered by members of the Settlement Class are not sufficient to make it economical to prosecute separate actions to recover individual losses sustained because of Defendants' alleged violations of the securities laws. *Amchem Prod.*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action. . . . A class action solves this problem[.]").  Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**D.    The Notice Plan Satisfies Rule 23(e), Due Process, and the PSLRA**

Finally, the form and content of the Notice should be approved because they satisfy due process, the Federal Rules of Civil Procedure, and the PSLRA.  Rule 23(e)(1) requires "notice in a reasonable manner to all class members who would be bound" by a proposed settlement, and Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

Here, the Notice and Long-Form Notice (Exs. A-1 and A-2 to the Stipulation) are written in plain language and apprise Settlement Class members of the nature of the litigation, including the claims and issues involved; the definition of the Settlement Class; the terms of the proposed Settlement; that the Court will exclude any Settlement Class member who requests exclusion; the procedures and deadlines

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

25

for exclusion requests and objections; and the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3)(B), among other disclosures.

The Notice and Long-Form Notice also satisfy the PSLRA's disclosure requirements for securities class settlements. *See* 15 U.S.C. § 77z-1(a)(7). Specifically, they disclose:

1.    the amount of the settlement on an aggregate and per-security basis (Notice at 71–72; Long-Form Notice at 74), satisfying 15 U.S.C. § 77z-1(a)(7)(A);

2.    the issues about which the parties disagree (Notice at 72; Long-Form Notice at 75–76, 80), satisfying 15 U.S.C. § 77z-1(a)(7)(B)(ii);

3.    the maximum amount of attorneys' fees and litigation expenses that BFA will seek (including on a per-share basis) (Notice at 72; Long-Form Notice at 76–77, 91), satisfying 15 U.S.C. § 77z-1(a)(7)(C);

4.    the name, mailing address, and telephone number of the Claims Administrator and/or BFA, who will be available to answer questions from Settlement Class Members (Notice at 71–72; Long-Form Notice at 77, 90, 96), satisfying 15 U.S.C. § 77z-1(a)(7)(D); and

5.    a brief statement explaining the reasons why the parties are proposing the settlement (Notice at 72; Long-Form Notice at 81–82), satisfying 15 U.S.C. § 77z-1(a)(7)(E).

The notice plan should also be approved.  Lead Counsel proposes that Epiq, a leading independent settlement and claims administrator, administer the notice and claims process.  If the Court preliminarily approves the settlement, the Claims Administrator will disseminate, by direct mail, the Notice to all identified potential Settlement Class Members.  (Mahan Decl. ¶5.)  To do so, it will utilize a list from Defendants' securities transfer agent of all persons who purchased or otherwise acquired Enochian common stock during the Class Period, as well as all persons on Epiq's proprietary list of banks, brokerage firms, and nominees.  (*Id.*)  In addition, Epiq will publish the Summary Notice in *Investor's Business Daily*, transmit the

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

26

Summary Notice over *PR Newswire*, and provide digital notice via banner advertisements on Google Display Network and Yahoo! Finance.  (Mahan Decl. ¶¶14–15.)  Epiq will also post the Notice, Long-Form Notice, Proof of Claim, and other materials on the Settlement Website.  (Mahan Decl. ¶17.)

The proposed combination of mail, publication, and electronic notice satisfies Rule 23(c)(2)(B).  *See, e.g.*, *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 897 (9th Cir. 2017).  This Court and others in this District have approved class notice plans, like that proposed here, that use direct mail, press releases, and posting of notice information on a dedicated website.  *See, e.g.*, *M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, 2018 WL 11471777, at *7 (C.D. Cal. Nov. 2, 2018) (notice plan approved where notice will be directly mailed, posted on the claims administrator's website, and published in the national edition of Investor's Business Daily).[11]

## IV.    PROPOSED SCHEDULE OF SETTLEMENT EVENTS

If the Court grants preliminary approval of the proposed Settlement, Lead Plaintiff respectfully proposes the schedule below for settlement-related events.  The timing of each event is determined by the date the Preliminary Approval Order is entered or the date of the Fairness Hearing.

| EVENT | DEADLINE |
|---|---|
| Deadline for Epiq to commence mailing of the Notice to Settlement Class Members (the "Notice Date") and to post copies of the Notice, Long-Form Notice, Proof of Claim, Stipulation, and its exhibits to the Settlement Website (www.EnochianSecuritiesLitigation.com) | 21 calendar days from entry of the Preliminary Approval Order (Proposed Order ¶8(a)) |

---

[11] The Stipulation also requires Defendants to comply with Class Action Fairness Act ("CAFA") notice requirements, including by serving the notice required under 28 U.S.C. § 1715 within five (5) days of this filing, and to file proof of compliance with CAFA with the Court at least thirty-five (35) calendar days prior to the Fairness Hearing.  (Stipulation ¶3.2.)  The Parties are not aware of any other required notices to government entities or others.

| EVENT | DEADLINE |
|---|---|
| Deadline for Epiq to publish the Summary Notice in a national news publication and over a national newswire service | 14 calendar days from the Notice Date (Proposed Order ¶8(b)) |
| Deadline to submit written requests for exclusion | 45 calendar days from Notice Date (Proposed Order ¶11) |
| Deadline to submit Proof of Claim | 90 calendar days from Notice Date (Proposed Order ¶10) |
| Deadline for motions for final approval of the Settlement, Plan of Allocation, and for attorneys' fees and expenses | 35 calendar days prior to the Fairness Hearing (Proposed Order ¶15) |
| Deadline for objections and statements of intention to appear at the Fairness Hearing | 21 calendar days prior to the Fairness Hearing (Proposed Order ¶13(a)) |
| Deadline for replies to any Objections | 7 calendar days prior to the Fairness Hearing (Proposed Order ¶15) |
| Deadline for Lead Counsel to file with the Court proof of mailing and publication of the Notice, Long-Form Notice, Proof of Claim, Summary Notice, and Stipulation and its exhibits | 7 calendar days prior to the Fairness Hearing (Proposed Order ¶8(c)) |
| Fairness Hearing | No earlier than 90 days from the entry of the Preliminary Approval Order (Proposed Order ¶4) |

## V.     CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant preliminary approval of the Proposed Settlement, enter the Preliminary Approval Order, and schedule the Fairness Hearing.


Dated: December 9, 2024                    Respectfully submitted,

                                           By: */s/ Joseph A. Fonti*
                                           **BLEICHMAR FONTI & AULD LLP**
                                           Joseph A. Fonti (*pro hac vice*)
                                           jfonti@bfalaw.com
                                           300 Park Avenue, Suite 1301

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-cv-01374-JWH-JDE

28

New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

George N. Bauer (*pro hac vice*)
gbauer@bfalaw.com
75 Virginia Road, 2nd Floor
New York, New York 10603
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Lead Plaintiff Jean-Pierre Murray and Lead Counsel for the Putative Class*

– and –

Brian Schall (SBN 290685)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jean-Pierre Murray*

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

29

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 11-6.2, the undersigned, counsel of record for Lead Plaintiff and Lead Counsel, certifies that this brief contains 6,944 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 9, 2024                Respectfully submitted,

By: */s/ Joseph A. Fonti*                
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

George N. Bauer (*pro hac vice*)
gbauer@bfalaw.com
75 Virginia Road, 2nd Floor
New York, New York 10603
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Lead Plaintiff Jean-Pierre Murray and Lead Counsel for the Putative Class*

– and –

Brian Schall (SBN 290685)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jean-Pierre Murray*

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 8:22-CV-01374-JWH-JDE

30