# EXHIBIT 1

# STIPULATION OF SETTLEMENT

Exhibit 1
Page 4

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,

          Plaintiff,

     v.

ENOCHIAN BIOSCIENCES INC., et al.,

          Defendants.

Case No. 8:22-cv-01374-JWH-JDE

**STIPULATION OF SETTLEMENT**

Exhibit 1
Page 5

This Stipulation of Settlement dated November 8, 2024 (the "Stipulation"), is made and entered into by and among: (1) Lead Plaintiff Jean-Pierre Murray ("Lead Plaintiff"), on behalf of himself and each of the Settlement Class Members[1], by and through counsel Bleichmar Fonti & Auld LLP ("Settlement Class Counsel"); and (2) Defendants Enochian Biosciences Inc. (now Renovaro, Inc.), Dr. Mark Dybul, Carl Sandler, and René Sindlev (collectively, "Defendants," and together with Lead Plaintiff, the "Parties") by and through their counsel of record in this securities class action. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending in the United States District Court for the Central District of California before John Holcomb (the "Court"). The initial complaint in this Litigation was filed on July 26, 2022. (ECF No. 1.) On October 22, 2023, the Court appointed Jean-Pierre Murray as Lead Plaintiff and Bleichmar Fonti & Auld LLP as Lead Counsel. (ECF No. 64.)

Lead Plaintiff filed the operative Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") on December 15, 2023. (ECF No. 68.)

---

[1] Capitalized terms not otherwise defined shall have the meanings assigned to them in Paragraph 1 below.

Exhibit 1
Page 6

The Complaint alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  Specifically, the Complaint alleges that Defendants made material misstatements and omissions about the qualifications of Serhat Gumrukcu, the Company's "Inventor and Co-Founder," who Defendants represented as a medical doctor and world-class researcher, but who was not a doctor, had no medical training, and was a prolific criminal and fraudster. (ECF No. 68, ¶ 1.) On June 28, 2024, the Court denied Defendants' motion to dismiss the Complaint after hearing oral argument.  (ECF No. 90.)  Defendants filed their answer on August 2, 2024, which denied all claims alleged in the Complaint and asserted multiple affirmative defenses. (ECF No. 96.)

On September 17, 2024, the Parties engaged in an arm's length settlement conference before Jed Melnick of JAMS.  At the conclusion of the settlement conference, Mr. Melnick issued a mediator's recommendation to resolve the Litigation.  Following numerous further teleconferences with Mr. Melnick over the following weeks, the parties accepted Mr. Melnick's recommendation to settle the case, reaching a settlement in principle on the terms set forth herein, subject to the approval of the Court.

Exhibit 1
Page 7

## II.     LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that discovery would support the claims.  However, Lead Plaintiff and Settlement Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through discovery, class certification, summary judgment, trial, and any appeals. Lead Plaintiff and Settlement Class Counsel also have taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Litigation, the difficulties and delays inherent in such litigation, and the financial constraints and risks specific to Defendants, all of which could significantly reduce or eliminate any recovery for the Settlement Class in this Litigation.  Lead Plaintiff and Settlement Class Counsel believe that the settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Lead Plaintiff and Settlement Class Counsel have determined that the settlement set forth in this Stipulation is in the best interests of the Settlement Class.

## III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, by Lead Plaintiff and the Settlement Class.  Defendants have asserted and continue to assert that, at all times,

4

Exhibit 1
Page 8

they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Defendants, however, have concluded that further litigation could be protracted and expensive. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth below, this Stipulation shall in no event be construed or be deemed to be evidence or an admission by Defendants or any of the Released Parties with respect to any claim or allegation, nor of any fault or liability or wrongdoing or damage whatsoever.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the Settlement Class Members) and Defendants, by and through their respective counsel of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Released Claims against all Released Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

Exhibit 1
Page 9

### 1.    Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed by the Claims Administrator.

1.2    "Claims Administrator" means the firm of Epiq Class Action and Claims Solutions, Inc.

1.3    "Defendants" means Enochian Biosciences Inc. (now Renovaro, Inc.), Dr. Mark Dybul, Carl Sandler, and René Sindlev.

1.4    "Effective Date," or the date upon which this settlement becomes "effective," means the date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.5    "Escrow Accounts" means the segregated and separate escrow accounts designated and controlled by Settlement Class Counsel into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

1.6    "Escrow Agents" means The Huntington National Bank and Esquire Bank, National Association.

1.7    "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur:  (a) the expiration of the time to file a motion to alter or amend

6

Exhibit 1
Page 10

the Judgment under Federal Rule of Civil Procedure 59 without any such motion having been filed; (b) the time in which to appeal the Judgment has passed without any appeal having been taken; and (c) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph only, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of any Lead Plaintiff's Counsel's attorneys' fees and expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

    1.8    "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

    1.9    "Lead Plaintiff" means Jean-Pierre Murray.

    1.10    "Lead Plaintiff's Counsel" means any counsel who have appeared in the Litigation on behalf of Lead Plaintiff or the Class, including Settlement Class Counsel, the Schall Law Firm, and The Law Offices of Susan R. Podolsky.

7

Exhibit 1
Page 11

1.11  "Litigation" means the action captioned *Chow v. Enochian Biosciences, Inc., et al.*, Case No. 8:22-cv-01374-JWH-JDE (C.D. Cal.).

1.12  "Net Settlement Fund" means the Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.13  "Notice" means the Notice of Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.14  "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to the Settlement Class.  Such amounts shall include, without limitation, the actual costs of printing, mailing and publishing both the Notice and any Summary Notice, locating Settlement Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees, taxes and costs, if any.

1.15  "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political

Exhibit 1
Page 12

subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.16    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and Released Defendants shall not have any responsibility or liability with respect thereto. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

1.17    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice as approved by the Court, substantially in the form attached hereto as Exhibit A.

1.18    "Proof of Claim and Release" means a Proof of Claim and Release, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.19    "Related Parties" means, as applicable, each and all of the following: (a) each and every Defendant, including all defendants previously named in this action; (b) each and every member of the Settlement Class, Lead Plaintiff, and Lead Plaintiff's Counsel; (c) the respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, employees, contractors, founders, controlling shareholders, advisors, accountants, auditors, financial or investment

9

Exhibit 1
Page 13

advisors or consultants, banks or investment bankers, personal or legal representatives, coinsurers, related or affiliated entities, general partners and limited partners, and successors in interest of the Persons listed in subparts (a) and (b), including without limitation any Person in which a Person in subpart (a) and (b) has or had a controlling interest, in their respective capacities as such; and (d) the present and former members of the immediate family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, attorneys, representatives, estates, divisions, estate managers, indemnifiers, insurers and reinsurers of each of the Persons (including entities, as defined above) listed in subparts (a), (b), and (c) of this definition, in their respective capacities as such.

1.20  "Released Claims" means any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including Unknown Claims as defined in ¶1.34 herein) of any kind whatsoever, which now exist, heretofore or previously existed, or may hereafter exist, including, but not limited to, any claims arising under federal, state, or common law, that the Lead Plaintiff or any Settlement Class Member has asserted in the Amended Complaint, or could have asserted in either the Litigation or could in the future assert in any United States forum that concern, arise out of, refer to, are based upon, or are related in any manner to the

10

Exhibit 1
Page 14

allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the Litigation. "Released Claims" does not include claims relating to the enforcement of the Settlement. For the avoidance of doubt and without limitation to other claims or potential claims, the releases will not include the derivative claims raised in *Weird Science LLC et al v. Rene Sindlev et al*, Case No. 2:24-cv-00645 (C.D. Cal.), *Midler v. Gumrukcu et al.*, Case No. 22STCV33960 (L.A. Sup. Ct.), *Solak v. Gumrukcu, et al.*, Case No. 1:23-cv-00065 (D. Del.), or *Koenig v. Gumrukcu et al.*, Case No. 2:22-cv-06871 (C.D. Cal.).

1.21   "Released Defendants" means each and all of the Defendants, their attorneys and each of their applicable Related Parties.

1.22   "Releasing Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown (including Unknown Claims as defined in ¶1.34 herein), whether arising under federal, state, or common law, that arise out of or relate in any way to the institution, prosecution or settlement of the Action or the Released Claims against the Released Defendants. Notwithstanding the foregoing, "Releasing Defendants' Claims" does not include claims relating to the enforcement of the Settlement. For the avoidance of doubt and without limitation to other claims or potential claims, the release will not include any claims or potential claims against Serhat Gumrukcu, Anderson Wittekind, and

11

Exhibit 1
Page 15

any companies or entities currently or previously controlled by Serhat Gumrukcu and/or Anderson Wittekind, either individually or jointly, including, but not limited to, the claims asserted in the actions captioned *Enochian v. Gumrukcu, Wittekind, G Tech Bio LLC, SG & AW holdings, Seraph Research Institute, and Does 1-50*, Case No. 22STCV34071 (Sup. Ct. L.A. Cty), *Renovaro Inc. v. Gumrukcu, Weird Science, LLC, Wittekind, the William Anderson Wittekind 2020 Annuity Trust, the William Anderson Wittekind 2021 Annuity Trust, and the Ty Mabry 2021 Annuity Trust*, Case No. 2024-0679-MTZ (Del. Ch.); *RS Group ApS v. GWRS Holdings, LLC, SG & AW Holdings LLC, Gumrukcu, Wittekind, and Does 1-15*, Case No. 22STCV26335 (Sup. Ct. L.A. Cty.).

1.23    "Released Parties" means each and all of the Released Defendants and the Released Plaintiff Parties.

1.24    "Released Plaintiff Parties" means each and all of Lead Plaintiff, Settlement Class Members, and Lead Plaintiff's Counsel and their applicable Related Parties.

1.25    "Settlement Class" means all persons and entities who purchased or otherwise acquired Enochian common stock between January 17, 2018, and June 27, 2022, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Enochian, and their immediate family

Exhibit 1
Page 16

members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) any entity in which any Defendant has or has had a controlling interest; (4); Serhat Gumrukcu, Anderson Wittekind, and any companies or entities currently or previously controlled by Serhat Gumrukcu and/or Anderson Wittekind, either individually or jointly; and (5) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding four categories. Also excluded from the Settlement Class are any Settlement Class Members that validly and timely request exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action.

1.26   "Settlement Class Counsel" means Bleichmar Fonti & Auld LLP.

1.27   "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶1.25 above.

1.28   "Settlement Amount" means Two Million Five Hundred Thousand United States dollars ($2,500,000.00) in cash to be paid to the Escrow Agents by wire transfer (or as otherwise agreed by Lead Plaintiff and Defendants) pursuant to ¶2.3 of this Stipulation.

Exhibit 1
Page 17

1.29    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.30    "Fairness Hearing" means the hearing to be held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate and should be approved.

1.31    "Settling Parties" means, collectively, Defendants, Lead Plaintiff, and the Settlement Class.

1.32    "Summary Notice" means the Summary Notice for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

1.33    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.34    "Unknown Claims" means (i) any Released Claims which any one of the Lead Plaintiff or Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Defendants, or might have affected his, her or its decision

14

Exhibit 1
Page 18

with respect to the settlement, including, but not limited to, whether or not to object to this settlement or seek exclusion from the Settlement Class, and (ii) any Releasing Defendants' Claims that any one of the Released Defendants do not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of Lead Plaintiff and Settlement Class Members. With respect to any and all Released Claims and Releasing Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff, Lead Plaintiff's Counsel and the Released Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, Lead Plaintiff's Counsel, Settlement Class Members, and Released Defendants may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff, Lead Plaintiff's Counsel and Released

15

Exhibit 1
Page 19

Defendants shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff, Lead Plaintiff's Counsel and Released Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.35 "Long-Form Notice" means the Long-Form Notice of Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

## 2.    The Settlement

### a.    Conditions Precedent

2.1    The settlement is conditioned on the Court granting final approval of

Exhibit 1
Page 20

the settlement, and approval of the settlement becoming Final. Approval of the settlement becomes Final when the conditions set forth in ¶1.7 are satisfied.

2.2    As a condition of the settlement, Defendants provided to Lead Plaintiff sworn documentation, submitted under the penalty of perjury, confirming certain representations their counsel made during the negotiation of the Settlement concerning the Defendants' ability to fund a settlement (the "Verified Information"). The contents of the Verified Information shall remain confidential and shall not be provided to anyone, unless ordered by the Court. To the extent ordered by the Court, Lead Plaintiff agrees not to oppose Defendants' request to file such information under seal. If, prior to preliminary approval of the Settlement, the Verified Information is subsequently determined to be have been inaccurate at the time it was provided or materially changes, as set forth in Paragraph 6 in the Term Sheet,, Lead Plaintiff may, at his sole discretion, terminate the Settlement, so long as (1) Lead Plaintiff first informs Jed Melnick of such intention and (2) the Parties have made a good-faith effort to promptly meet and confer with the assistance of Jed Melnick regarding any adjustments to the Settlement that may be appropriate. If Defendants' counsel learns of a material change in the Verified Information, as set forth in Paragraph 6 of the Term Sheet, prior to preliminary approval of the Settlement, they shall notify Settlement Class Counsel.

**b.    The Settlement Amount**

17

Exhibit 1
Page 21

2.3     Defendants shall pay, or cause their insurers to pay on Defendants' behalf, the Settlement Amount into an Escrow Account controlled by Lead Counsel within 30 days from an order by the court preliminarily approving the Settlement. Such payment shall be made by federal wire transfer. If the entire Settlement Amount is not timely paid to the Escrow Account, Defendants shall be required to pay interest on the amount not timely paid for each day after the deadline that such amount is not paid. Such daily interest shall be paid at a rate equal to the 90-day United States Treasury yield rate that was in effect on the date payment was due.

2.4     Lead Plaintiff may also, at his sole discretion, terminate the settlement if the entire Settlement Amount is not timely paid to the Escrow Accounts, but only if (a) Settlement Class Counsel has notified Defendants' counsel in writing of Settlement Class Counsel's intention to terminate the settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Accounts within ten (10) business days after Settlement Class Counsel has provided such written notice. For the avoidance of doubt, the remedy set forth in this ¶2.4 is not the exclusive remedy for any failure to pay the Settlement Amount in the time proscribed in ¶2.3, and nothing in this ¶2.4 shall affect the Defendants' obligations under ¶2.3 to pay the Settlement Amount within the time proscribed in ¶2.3 or to pay interest on any amount not timely paid for each day after the deadline that such amount is not paid.

2.5     The Escrow Agents shall deposit the Settlement Amount plus any

Exhibit 1
Page 22

accrued interest in segregated Escrow Accounts maintained by the Escrow Agents.

2.6    Except as set forth in ¶2.3, the Released Defendants shall have no obligation to make any payments into the Escrow Accounts or to any Settlement Class Member or Settlement Class Counsel pursuant to this Stipulation.

### c.    The Escrow Agents

2.7    The Escrow Agents, with Settlement Class Counsel's prior written consent, shall invest the Settlement Amount deposited pursuant to ¶2.3 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the Federal Deposit Insurance Corporation ("FDIC") or the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in other such instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Escrow Agents, provided that they invest the Settlement Fund as set forth herein, shall have no liability whatsoever with respect to investment decisions made in connection with the Settlement Fund.

2.8    Except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants, the Settlement Fund shall remain in the Escrow Accounts.

19

Exhibit 1
Page 23

2.9    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agents are authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agents, or any transaction executed by the Escrow Agents.

2.10    All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.11    The settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Proof of Claim and Release forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶7.4 below.

2.12    Prior to the Effective Date and without further order of the Court, up to $150,000 of the Settlement Fund may be used by Settlement Class Counsel,

Exhibit 1
Page 24

following entry of the Preliminary Approval Order, to pay reasonable Notice and Administration Expenses actually incurred.

2.13    It shall be Settlement Class Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Defendants with respect to any claims they may have that arise from any failure of the notice process.

### d.    Taxes

2.14    (a)    To the fullest extent allowed under applicable law, the Qualified Settlement Fund shall be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1 *et seq*.  In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.14, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator"

Exhibit 1
Page 25

shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.14(a) hereof) shall be consistent with this ¶2.14 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.14(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.14 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.14) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendants and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further,

Exhibit 1
Page 26

Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely caused to be paid by Settlement Class Counsel out of the Settlement Fund without prior order from the Court and Settlement Class Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendants nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with Settlement Class Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.14.

### e.    Termination of Settlement

2.15   In the event that the Stipulation is not approved, including if the Court does not grant final approval of the settlement, or the Stipulation is terminated, canceled, or fails to become effective for any reason, including without limitation in the event the Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less Notice and Administration Expenses, Taxes, and Tax Expenses paid, incurred, or due and owing in connection

23

Exhibit 1
Page 27

with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel for Defendants in accordance with ¶7.4 herein.

### 3.    Preliminary Approval Order and Fairness Hearing

3.1    Promptly, but no later than 30 days after execution of this Stipulation, Settlement Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, approval for the mailing of the settlement Notice and publication of the Proof of Claim and Release, and Summary Notice, substantially in the forms of Exhibits A-1, A-3, and A-4 attached hereto, and approval of their form and content. The Notice and/or Long-Form Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Fairness Hearing.

3.2    Defendants shall be responsible for compliance with any Class Action Fairness Act ("CAFA") notice requirements (including the costs of compliance) and shall take steps to comply with such notice requirements in as expeditious a manner as possible (including without limitation by serving the notice required under 28 U.S.C. § 1715 within the statutorily mandated period) so as to not cause delay in the scheduling of a final settlement approval hearing.

Exhibit 1
Page 28

3.3    Settlement Class Counsel shall request that after notice is given, the Court hold the Fairness Hearing and approve the settlement of the Litigation as set forth herein.  At or after the Fairness Hearing, Settlement Class Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.    Releases**

4.1    Upon the Effective Date, as defined in ¶1.4 hereof, Lead Plaintiff and Lead Plaintiff's Counsel shall, and all Settlement Class Members and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants, whether arising under federal, state, or common law, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, whether or not such Settlement Class Member shares in the Settlement Fund, and whether or not such Settlement Class Member objects to the settlement.  Lead Plaintiff and Lead Plaintiff's Counsel shall, and all Settlement Class Members and anyone claiming through or on behalf of any of them are deemed to be aware of California Civil Code § 1542 and to expressly waive and relinquish any rights or benefits available to them under this statute and any law of any state or territory of the United States, or

25

Exhibit 1
Page 29

principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

4.2     Claims to enforce the terms of this Stipulation are not released.

4.3     The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Defendants and shall be substantially in the form contained in Exhibit A-3 attached hereto.

4.4     Upon the Effective Date, as defined in ¶1.7 hereof, Lead Plaintiff, Lead Plaintiff's Counsel and all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any and all Released Claims against any of the Released Defendants (including, without limitation, Unknown Claims).

4.5     Upon the Effective Date, as defined in ¶1.4 hereof, the Released Defendants shall fully, finally, and forever release, relinquish, and discharge all of Releasing Defendants' Claims against the Released Plaintiff Parties, whether arising under federal, state, or common law. Upon the Effective Date, the Released Defendants will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting the Releasing

Exhibit 1
Page 30

Defendants' Claims against any of the Released Plaintiff Parties (including, without limitation, Unknown Claims). Released Defendants are aware of California Civil Code § 1542 and expressly waive and relinquish any rights or benefits available to them under this statute and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

### 5. Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    Within ten (10) business days of execution of the Stipulation, Defendants shall, at their sole expense, use best efforts to cause their securities transfer agent to provide to the Claims Administrator a list, in electronic form, of all persons or custodians acting on their behalf (or both persons and custodians, where available) who purchased or otherwise acquired Enochian common stock between January 17, 2018, and June 27, 2022, both inclusive (the "Transfer List").

5.3    In accordance with the schedule set forth in the Preliminary Approval Order, the Claims Administrator will distribute the Notice, substantially in the form of Exhibit A-1 attached hereto, to all shareholders of record identified on the

Exhibit 1
Page 31

Transfer List, all brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors, and all beneficial owners identified by such brokers and nominees who meet the definition of the Settlement Class. The Claims Administrator shall also (1) cause copies of the Notice, Long-Form Notice, Proof of Claim and Release, Summary Notice, and relevant Court documents to be posted on a website to be developed for the litigation, and (2) cause a one-time publication of the Summary Notice, substantially in the form of Exhibit A-4 attached hereto, to be made in *The Wall Street Journal* and *PR Newswire*. The cost of providing such notice shall be paid out of the Settlement Fund.

      5.4    The Settlement Fund shall be applied as follows:

      (a)    to pay all Notice and Administration Expenses;

      (b)    to pay the Taxes and Tax Expenses described in ¶2.14 hereof;

      (c)    to pay attorneys' fees and expenses of Lead Plaintiff's Counsel and the award to Lead Plaintiff of costs and expenses pursuant to 15 U.S.C. § 78u-4(a)(4) (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

      (d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

Exhibit 1
Page 32

5.5    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.6    **Within ninety (90) calendar days after the date specified by the Court to commence mailing of the Notice** (the "Notice Date"), or such other time specified by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-3 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.7    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release within the period specified herein, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Settlement Class Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for

29

Exhibit 1
Page 33

processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. Settlement Class Counsel shall also have the right, but not the obligation, to advise the Claims Administrator to waive what Settlement Class Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim and Release submitted.

5.8    Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under such supervision of Settlement Class Counsel, as necessary, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.9 below.

5.9    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.8 above, or a lesser period of time if the claim was untimely, serve upon the Claims

Exhibit 1
Page 34

Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Settlement Class Counsel shall thereafter present the claimant's request for review to the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's claim to the Net Settlement Fund. All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Settlement Class Members, claimants, and parties to this settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Long-Form Notice and approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $5.00 or such other amount as deemed appropriate by the Claims Administrator. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Settlement

31

Exhibit 1
Page 35

Class Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who would receive a minimum of $5.00 or such other amount as deemed appropriate by the Claims Administrator in an equitable and economic fashion. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund and is not feasible or economical to reallocate and distribute shall be donated to a 501(c)(3) non-profit organization unaffiliated with the Parties or their counsel, subject to the approval of the Court.

5.11   The Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Settlement Class Counsel, the Escrow Agents, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendants with respect to the matters set forth in ¶¶5.1-5.10 hereof; and the Settlement Class Members, Lead Plaintiff, and Settlement Class Counsel release

Exhibit 1
Page 36

the Released Defendants from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.12   Defendants take no position, and shall take no position, with respect to the Plan of Allocation or any other such plan as may be approved by the Court. Defendants shall have no role in adjudicating any claims submitted by Settlement Class Members for participation in distribution of the Settlement Fund.

5.13   No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel or the Claims Administrator, or any other Person designated by Settlement Class Counsel, based on determinations or distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.14   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein.

Exhibit 1
Page 37

5.15    The Claims Administrator, at the direction of Settlement Class Counsel, may retain or engage a third-party to verify or validate any claims submitted in connection with this settlement, and the costs and expenses associated with such third-party verification or validation will be paid from the Settlement Fund.

## 6.    Lead Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1    Settlement Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

6.2    Any fees and expenses awarded by the Court shall be paid to Settlement Class Counsel from the Settlement Fund, as ordered, immediately after the Court enters an order awarding such fees and expenses, notwithstanding any appeals. Settlement Class Counsel may thereafter allocate the attorneys' fees among Lead Plaintiff's Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this

34

Exhibit 1
Page 38

Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Settlement Class Counsel, shall be obligated to make appropriate refund or repayment of the Fee and Expense Award. Such repayment or refund shall be made no later than (i) thirty (30) days after Lead Counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or litigation expenses, or (ii) fourteen (14) days after receipt of appropriate payment instructions for the return of such funds, whichever is later. Any refunds required pursuant to this ¶6.3 shall be the several obligation of Settlement Class Counsel and Lead Plaintiff's Counsel that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Settlement Class Counsel and each Lead Plaintiff's Counsel receiving fees and expenses, as a condition of receiving such fees and expenses, agree that they are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by Settlement Class Counsel and any Lead Plaintiff's Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and

35

Exhibit 1
Page 39

adequacy of the settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this settlement. The approval of the settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiff, Settlement Class Counsel, and/or any Lead Plaintiff's Counsel, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. Released Defendants shall not take any position concerning, have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including taxes) to Settlement Class Counsel or Lead Plaintiff's Counsel. Defendants are not entitled to any award of fees or expenses from the Settlement Fund.

6.6    Released Defendants shall not take any position concerning, have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

Exhibit 1
Page 40

6.7     The Released Defendants shall not take any position concerning, have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order;

(b)     the Settlement Amount has been deposited into the Escrow Accounts;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto (and, for the avoidance of doubt, any non-substantive departure from Exhibit B shall not be a basis for any party to fail to perform under this Stipulation);

(d)     the Parties have not exercised their options to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

37

Exhibit 1
Page 41

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3     If the conditions specified in ¶7.1 hereof are not met and are unlikely to be met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Settlement Class Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by counsel for any Defendant or Settlement Class Counsel to the Escrow Agents, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.12 and 2.14 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.12 and 2.14 hereof, less any notice and administration costs actually incurred, paid or payable and less any taxes paid, due or owing, shall be refunded by the Escrow Agents based upon written instruction from Settlement Class Counsel pursuant to written instructions from Defendants' counsel.  Such written instructions shall be provided by Defendants' counsel within five (5) business days before any refund is to be made, provided that, in the event Defendants' counsel provides such written instructions fewer than five (5) business days before any refund is required

38

Exhibit 1
Page 42

to be made under the first sentence of this paragraph, the deadline to make the refund payment shall be extended to five (5) business days from the date that Defendants' counsel provides such written instructions.  Settlement Class Counsel or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel.

7.5    In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date this Stipulation is executed.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.34, 2.11-2.15, 6.3-6.4, 7.1, 7.3-7.6, 7.7, 8.2, 8.6, 8.9, 8.10, 8.11, 8.12, 8.14, 8.15, and 8.17-8.20 hereof, shall be null and void, have no further force and effect, and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and shall not be used in this Litigation or in any other proceeding for any purpose.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court shall

Exhibit 1
Page 43

operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.12 or 2.14.  In addition, any expenses already incurred pursuant to ¶¶2.12 or 2.14 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid from the Settlement Fund upon written instruction by Settlement Class Counsel to the Escrow Agents in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.15 and 7.4 hereof.

7.7    Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement in the event that the Settlement Class Members who timely and validly request exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other matter (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiff and Defendants concerning its

Exhibit 1
Page 44

interpretation or application, in which event Plaintiff and Defendants shall submit the Supplemental agreement to the Court in camera and request that the Court afford it confidential treatment.

### 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties agree that this Stipulation is intended to inure to the benefit of, and be enforceable by, all Released Parties.

8.3    Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Litigation as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

8.4    To the extent permitted by law, the commencement by or against any Defendant of a case or proceeding under Title 11 of the United States Code (including Chapter 15 thereunder) or any foreign equivalent, any foreign or state

Exhibit 1
Page 45

insolvency or receivership law, or any foreign or state law relating to general assignment for the benefit of creditors, composition, marshaling, or other similar arrangements and procedures, shall not operate to stay, terminate, cancel, suspend, excuse, delay, impede, or otherwise interfere with or impair (i) the rights, if any, of any other Settling Parties to receive the Settlement Fund pursuant to this Stipulation, or (ii) the duties of the Escrow Agents under this Stipulation, including but not limited to the Escrow Agents' obligation to release the Settlement Fund from escrow consistent with this Stipulation.

8.5    Upon the payment of the Settlement Amount into the Escrow Accounts, (a) this Stipulation shall not be, and shall not be deemed or considered to be, executory, as that term has been interpreted under 11 U.S.C. § 365, and (b) no further obligations of any of the Defendants pursuant to this Stipulation or any further effort or responsibility to defend against any appeal or proceeding seeking judicial review of any order contemplated by this Stipulation shall render the Settlement or all or any portion of this Stipulation executory, as that term has been interpreted under 11 U.S.C. § 365.

8.6    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement resolves claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties and their

42

Exhibit 1
Page 46

respective counsel (Lead Plaintiff's Counsel and all counsel for Defendants) shall not contest good faith or assert or pursue any action, claim, or rights that any Party or their respective counsel violated Rule 11 of the Federal Rules of Civil Procedure or the Private Securities Litigation Reform Act ("PSLRA") relating to this Litigation, and no Settling Party or its counsel will object to any finding by the Court in the Final Judgment or otherwise that the Settling Parties and their respective counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure or the PSLRA in connection with the institution, prosecution, defense, and settlement of the Litigation. The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily, at arms-length, and after consultation with competent legal counsel.

8.7    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement (a) shall be deemed an admission by any Party concerning any claim or defense in this Litigation; or (b) shall be deemed as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal.

Exhibit 1
Page 47

8.8     The Released Defendants may file this Stipulation and/or the Judgment from this Litigation in any other action brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.9     The Settling Parties jointly request that the Judgment include the broadest bar order permissible by law barring all future claims for contribution or indemnity (the "Bar Order").  The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act.

8.10    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents and information shall survive this Stipulation.

8.11    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.12    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.13    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-

44

Exhibit 1
Page 48

interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.14    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.15    Settlement Class Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

8.16    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.17    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly

45

Exhibit 1
Page 49

given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or the Settlement Class: | Bleichmar Fonti & Auld LLP<br>Attn: George N. Bauer, Esq.<br>300 Park Avenue, Suite 1301<br>New York, New York 10022<br>Tel : 212-789-1340<br>Email : gbauer@bfalaw.com |
| If to Defendants : | Cooley LLP<br>Attn : Brett de Jarnette, Esq.<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Tel : 650-843-5000<br>Email : bdejarnette@cooley.com |

8.18    Neither the Settlement Class Members nor Defendants shall be bound by this Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the settlement if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or this Stipulation with respect to attorneys' fees or expenses, Released Defendants shall be entitled to all

Exhibit 1
Page 50

benefits of the settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

8.19    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or PDF via e-mail shall be deemed originals.

8.20    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.21    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation and matters related to the settlement.

8.22    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to any choice-of-law principles that would result in applying substantive laws other than those of the State of California.

47

Exhibit 1
Page 51

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 8, 2024.

Dated:    November 8, 2024    **BLEICHMAR FONTI & AULD LLP**

By:_____

Attorneys for Lead Plaintiff Jean-Pierre Murray

Dated:    November 8, 2024    **COOLEY LLP**

By:_____

Attorneys for Defendants
Enochian Biosciences Inc., Dr. Mark Dybul, Carl Sandler, and René Sindlev

48

Exhibit 1
Page 52