# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENOCHIAN BIOSCIENCES INC., et al.,<br><br>Defendants. | Case No. 8:22-cv-01374-JWH-JDE |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR CLASS NOTICE**

**EXHIBIT A**

WHEREAS, a class action is pending before the Court entitled *Chow v. Enochian Biosciences, Inc., et al.*, Case No. 8:22-cv-01374 (C.D. Cal.) (the "Litigation");

WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated November 8, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of

the Litigation on the merits and with prejudice upon the terms and conditions set forth therein; and the Court has read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2).

2. The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of informed, extensive arm's-length, and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Jed Melnick of JAMS; (ii) eliminates the risks to the Parties of continued litigation; (iii) falls within a range of reasonableness warranting final approval; (iv) has no obvious deficiencies; (v) treats Settlement Class Members equitably relative to one another under the proposed Plan of

Allocation; and (vi) warrants notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Fairness Hearing described below. The Court further finds that the confidential agreement establishing the conditions under which Defendants may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement.

3. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against Defendants and their Related Parties (other than continuing proceedings related to the Settlement).

4. **Fairness Hearing**. A hearing (the "Fairness Hearing") shall be held before this Court on _____, 2025, at __:__ _.m., at the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516.

(a) The purposes of the Fairness Hearing shall be to: (i) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.8 of the Stipulation should be entered dismissing the Litigation with prejudice against the Defendants; (iii) determine, for purposes of the Settlement

- 3 -

only, whether the Settlement Class should be finally certified, whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class, and whether Lead Plaintiff's Counsel should be finally appointed as counsel for the Settlement Class; (iv) determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved; (v) consider Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to it representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); (vi) hear any objections by Settlement Class Members to the Settlement, Plan of Allocation, or Lead Plaintiff's Counsel's or Plaintiff's application(s); and (viii) consider such other matters the Court deems appropriate.

(b) The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Fairness Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the

Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

5. **Class Certification for Settlement Purposes**.

(a) Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Enochian common stock between January 17, 2018, and June 27, 2022, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Enochian, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) any entity in which any Defendant has or has had a controlling interest; (4); Serhat Gumrukcu, Anderson Wittekind, and any companies or entities currently or previously controlled by Serhat Gumrukcu and/or Anderson Wittekind, either individually or jointly; and (5) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding four categories. Also excluded from the Settlement Class are any Settlement Class Members that validly and timely request exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action.

(b) Pursuant to Rule 23, and for purposes of settlement only, the Court hereby preliminarily certifies Lead Plaintiff as Settlement Class Representative and Bleichmar Fonti & Auld LLP as Settlement Class Counsel.

6. **Settlement Class Findings**. With respect to the Settlement Class, the Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Lead Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that: the claims of Settlement Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

7. **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the rules of this Court, and all other applicable law and rules. The date and time of the Fairness Hearing shall be included in the Notice, the Long-Form Notice, and the Summary Notice before they are mailed, posted online, and published, respectively.

8. **Retention of Claims Administrator and Manner of Notice**.  Lead Plaintiff's Counsel is hereby authorized to retain Epiq Class & Claims Solutions,

Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

      (a)    No later than _____, 2025 (the "Notice Date") [a date that is twenty-one (21) calendar days from the date of this Order], the Claims Administrator shall commence mailing a copy of the Notice, substantially in the form annexed hereto, by First-Class Mail to (i) all Settlement Class Members who can be identified with reasonable effort, and (ii) brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors. Further, on the Notice Date, the Notice, Long-Form Notice, Proof of Claim, and the Stipulation and its Exhibits shall be posted on the website to be established by the Claims Administrator for the purpose of providing information concerning the Settlement to Settlement Class Members and for online claim submission by Settlement Class Members;

      (b)    No later than _____, 2025 [a date that is fourteen (14) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and *PR Newswire*; and

      (c)    On or before _____, 2025 [a date that is seven (7) calendar days prior to the Fairness Hearing], Lead Plaintiff's Counsel shall cause to

- 8 -

be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

9. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay any amounts incurred and/or disbursed from the Settlement Fund in connection with administering the Settlement, as provided in the Stipulation.

10. **Participation in the Settlement**. All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically **no later than _____, 2025 [a date that is ninety (90) calendar days after the Notice**

**Date]**.  Any Settlement Class Member who does not submit a Proof of Claim within the time provided for (a) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class, including, without limitation, the Judgment and the releases provided for therein; (b) shall be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Defendants and their Related Parties, as more fully described in the Stipulation; and (c) shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Plaintiff's Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

11.   **Exclusion from the Settlement Class**.  Any Person who desires to request exclusion from the Settlement Class shall do so by submitting a written request for exclusion to the Claims Administrator, which must be timestamped (for online submissions) or received by the Claims Administrator **no later than \_\_\_, 2025 [a date that is forty-five (45) calendar days after the Notice Date]**.  The

request for exclusion must: (i) include the person's or entity's name, address, and telephone number; (ii) state that the person or entity wishes to be "excluded from the Settlement Class" in this Litigation; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number of shares of Enochian common stock purchased and/or sold during the Class Period; and (iv) be signed by the person or entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion shall be effective unless it is timely and provides the required information. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Plaintiff's Counsel of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.  All Persons who submit valid and timely requests for exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.  Lead Plaintiff's Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion promptly upon receipt and as expeditiously as possible and, in any event, not more than five (5) calendar days after receipt by the Claims Administrator.

12.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this

Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Litigation, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Released Defendants, as more fully described in the Stipulation and Notice.

13. **Appearance and Objections at Fairness Hearing**. Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If he, she, or it does not enter an appearance, he, she, or it will be represented by Lead Plaintiff's Counsel.

(a) Any Settlement Class Member who does not timely request exclusion from the Settlement Class may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to

- 12 -

Lead Plaintiff's Counsel or awards granted to Plaintiff; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has mailed or delivered said objections, papers, and/or briefs to the Clerk of the United States District Court for the Central District of California, **on or before _____, 2025 [a date that is twenty-one (21) calendar days prior to the Fairness Hearing]**, and delivered copies of any such papers to Bleichmar Fonti & Auld LLP, George N. Bauer, 300 Park Avenue, Suite 1301, New York, NY 10022, and Cooley LLP, Brett De Jarnette, 3175 Hanover Street, Palo Alto, CA 94304, with emailed copies to enochiansettlement@bfalaw.com and bdejarnette@cooley.com such that they are received on or before the same date. To object, a Settlement Class Member must state that he, she, or it objects to the Settlement in *Chow v. Enochian Biosciences, Inc., et al.*, Case No. 8:22-cv-01374 (C.D. Cal.), and must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the number of shares of Enochian common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (4) identify any other class action settlement(s) in which the

- 13 -

objector or the objector's attorney has objected; (5) include copies of any papers or other documents upon which the objection is based; and (6) include the objector's signature, even if represented by counsel. Any Settlement Class Member who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiff's Counsel or awards to Lead Plaintiff, unless otherwise ordered by the Court.

(b) Attendance at the Fairness Hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Fairness Hearing.

(c) Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

(d) At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiff's Counsel, and any application for attorneys' fees or expenses, shall be approved.

14. **Settlement Fund**. The Court approves the establishment of the Escrow Accounts into which the Settlement Amount will be deposited for the benefit of the Settlement Class. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. No person who is not a Settlement Class Member or Lead Plaintiff's Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15. **Supporting Papers**. All opening papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees and expenses shall be filed and served by Lead Plaintiff's Counsel **on or before _____, 2025** [a date that is thirty-five (35) calendar days prior to the Fairness Hearing]. Any reply papers in response to objections shall be filed and served **on or before** _____**, 2025** [a date that is seven (7) calendar days prior to the Fairness Hearing].

16. Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay any amounts disbursed or incurred pursuant to ¶¶2.12 or 2.14 of the Stipulation.

18. **Use of this Order**.  Neither this Order nor the proposed Settlement (including the Stipulation), nor any of the negotiations or proceedings connected with it:  (a) shall be deemed an admission by any Party concerning any claim or defense in this Litigation; or (b) shall be deemed as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal.

19. **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective

Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. The Parties shall be deemed to have reverted to their respective positions in the Litigation as of November 8, 2024.

20. **Stay of Proceedings**. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Defendants or their Related Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

21. **Taxes.** Lead Plaintiff's Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22. **Jurisdiction**. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

DATED:_____

BY THE COURT:

_____

Judge John W. Holcomb

United States District Court for the Central District of California