**BLEICHMAR FONTI & AULD LLP**

Joseph A. Fonti (*pro hac vice*)
George N. Bauer (*pro hac vice*)
300 Park Avenue, Suite 1301
New York, New York 10022
jfonti@bfalaw.com
gbauer@bfalaw.com
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Lead Plaintiff Jean-Pierre Murray,
and Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHOW, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ENOCHIAN BIOSCIENCES INC., MARK DYBUL, RENE SINDLEV, and CARL SANDLER, <br><br> Defendants. | Case No. 8:22-cv-01374-JWH-JDE <br><br> CLASS ACTION <br><br> **LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> JUDGE: Hon. John W. Holcomb <br> DATE:  November 25, 2025 <br> TIME:  9:00 a.m. <br> COURTROOM:  9D – 9th Floor |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED ....................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................2

I.    PRELIMINARY STATEMENT ...............................................2

II.   THE COURT SHOULD APPROVE LEAD PLAINTIFF'S COUNSEL'S REQUESTED FEES .................................................4

    A.    The Percentage-of-Recovery Method Is Appropriate for Awarding Attorney's Fees in Common Fund Cases .............................................4

    B.    Lead Plaintiff's Counsel's Fee Request Is Reasonable and Warranted .............................................5

        1.    The Extraordinary Result Achieved .............................................5

        2.    The Risk of Litigation.............................................6

        3.    The Skill Required and the Quality of Work.............................................8

        4.    The Contingent Nature of the Fee .............................................10

        5.    Awards in Similar Casses .............................................11

    C.    Lead Plaintiff Supports the Fee Request.............................................12

    D.    The Reaction of the Settlement Class to Date Supports the Requested Attorneys' Fees.............................................13

    E.    The Requested Fee Is Reasonable Under a Lodestar Cross-Check ....13

III.  PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED.............................................16

IV.   LEAD PLAINTIFF SHOULD BE REIMBURSED HIS REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. § 78U-4(A)(4) ....................17

V.    CONCLUSION.............................................19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Blum v. Stenson*,
   465 U.S. 886 (1984) ..............................................................................................4

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ..............................................................................................4

*Brown v. China Integrated Energy Inc.*,
   2016 WL 11757878 (C.D. Cal. July 22, 2016) ....................................................18

*Cabiness v. Educ. Fin. Sols., LLC*,
   2019 WL 1369929 (N.D. Cal. Mar. 26, 2019) ....................................................15

*Chun-Hoon v. McKee Foods Corp.*,
   716 F. Supp. 2d 848 (N.D. Cal. 2010)..................................................................14

*Craft v. Cnty. of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008).................................................................11

*Crafton v. Powerwave Techs. Inc.*,
   No. 8:07-cv-00065, ECF No. 165 (C.D. Cal. Oct. 19, 2009)..............................11

*Farrar v. Workhorse Grp., Inc.*,
   2023 WL 5505981 (C.D. Cal. July 24, 2023) ........................................................8

*Glass v. UBS Fin. Servs, Inc.*,
   331 F. App'x 452 (9th Cir. 2009)...........................................................................4

*Grecian v. Meade Instruments Corp.*,
   No. 8:06-cv-00908, ECF No. 44 (C.D. Cal. Dec. 10, 2007)................................11

*Guidano Napoli v. Ampio Pharm., Inc. et al*,
   No. 2:15-CV-03474-TJH-PJW, ECF Nos. 97, 87 (C.D. Cal. Sept. 29, 2017).......6

*Gutierrez v. Amplify Energy Corp.*,
   2023 WL 6370233 (C.D. Cal. Sep. 14, 2023).........................................................5

*Hefler v. Wells Fargo & Co.*,
   2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) .....................................................15

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

ii

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ....................................................................................5

*Hope Med. Enters., Inc. v. Fagrgon Compounding Serv., LLC*,
2022 WL 826903 (C.D. Cal. Mar. 14, 2022) ......................................15

*In re Am. Apparel, Inc. S'holder Litig.*,
2014 WL 10212865 (C.D. Cal. July 28, 2014) ...................................14

*In re Apple Computer Sec. Litig.*,
1991 WL 238298 (N.D. Cal. Sept. 6, 1991).........................................10

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .................................................................15

*In re Broadcom Corp. Sec. Litig.*,
2005 WL 8153007 (C.D. Cal. Sept. 14, 2005).......................................6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .................................................................12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..................................................................12

*In re Extreme Networks, Inc. Sec. Litig.*,
2019 WL 3290770 (N.D. Cal. July 22, 2019) ........................................5

*In re GTT Communications, Inc. Sec. Litig.*,
No 2:21-cv-00270, ECF No. 65 (C.D. Cal. Mar. 21, 2022)................11

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. Cal. June 10, 2005)............................ 9, 13, 14

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007) ................................................13

*In re ImmunityBio, Inc. Sec. Litig.*,
2025 WL 1686263 (S.D. Cal. June 16, 2025) .............................. 18, 19

*In re LJ Int'l, Inc. Sec. Litig.*,
2009 WL 10669955 (C.D. Cal. Oct. 19, 2009) ......................................6

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .................................................................12

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-cv-01374-JWH-JDE

iii

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
768 F. App'x 651 (9th Cir. 2019)....................................................................4

*In re Network Assocs., Inc., Sec. Litig.*,
76 F. Supp. 2d 1017 (N.D. Cal. 1999)...........................................................12

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ................................................... *passim*

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015)..........................................................................4

*In re Optical Disk Drive Prods. Antitrust Litig.*,
2016 WL 7364803 (N.D. Cal. Dec. 19, 2016) .............................................16

*In re Oracle Corp. Sec. Litig.*,
2009 WL 1709050 (N.D. Cal. June 19, 2009),
*aff'd*, 627 F.3d 376 (9th Cir. 2010) ..............................................................10

*In re Stable Rd. Acquisition Corp.*,
2024 WL 3643393 (C.D. Cal. Apr. 23, 2024)...............................................18

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) .............................................16

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) ................................................... 4, 5, 7, 10

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
445 F. Supp. 3d 508 (N.D. Cal. Apr. 7, 2020) ...............................................6

*In Re: Retail Group, Inc.*,
No. 3:20-BK-33113, ECF No. 2700 (Bankr. E.D. Va. May 26, 2022) ..............15

*James Rose v. Deer Consumer Prod., Inc. et al*,
No. 2:11-CV-03701-DMG, ECF No. 107 (C.D. Cal. Aug. 9, 2013)....................6

*Jiangchen v. Rentech*,
2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ............................................ *passim*

*Knight v. Red Door Salons, Inc.*,
2009 WL 248367 (N.D. Cal. Feb. 2, 2009)....................................................13

*Morris v. Lifescan, Inc.*,
54 F. App'x 663 (9th Cir. 2003)....................................................................11

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

iv

*Oh v. Hanmi Fin. Corp.*,
  No. 2:20-cv-02844, ECF No. 98 (C.D. Cal. Sep. 17, 2024) ................... 11, 15, 18

*Paul, Johnson, Alston & Hung v. Graulty*,
  886 F.2d 268 (9th Cir. 1989) ...............................................................14

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .................................................................5

*Tait v. BSH Home Appliances Corp.*,
  2015 WL 4537463 (C.D. Cal. July 27, 2015) ........................................5

*Todd v. STAAR Surgical Co.*,
  2017 WL 4877417 (C.D. Cal. Oct. 24, 2017) ........................................18

*Vincent v. Hughes Air West, Inc.*,
  557 F.2d 759 (9th Cir. 1977) ..................................................................4

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ..................................................... *passim*

**STATUTES**

15 U.S.C. § 78u-4(a)(4) ......................................................... 3, 17

15 U.S.C. § 78u-4(f)(2) ..............................................................8

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

v

## NOTICE OF MOTION AND MOTION[1]

PLEASE TAKE NOTICE THAT Lead Plaintiff's Counsel hereby respectfully moves this Court for an entry of an Order, pursuant to Federal Rule of Civil Procedure 23(h): (1) awarding attorneys' fees; (2) awarding litigation expenses; and (3) granting Lead Plaintiff Jean-Pierre Murray's request for a service award for his representation of the Class.

This Motion is based on the Memorandum of Points and Authorities below, the Declaration of George N. Bauer, the Declaration of Brian Schall, the Declaration of Jean-Pierre Murray, all filed contemporaneously herewith, and all other papers, pleadings, and proceedings in the Litigation.

## STATEMENT OF THE ISSUES TO BE DECIDED

The issues to be decided on this Motion are:

1.    Whether the Court should approve Lead Plaintiff's Counsel's application for an award of attorneys' fees of 27.5%, or $687,500.00, of the Settlement Fund, plus interest at the same rate and for the same period as earned by the Settlement Fund, until paid (the "Fee Application");

2.    Whether Lead Plaintiff's Counsel should be reimbursed for the reasonable and necessary litigation expenses incurred in this action in the amount of $175,588, plus interest at the same rate and for the same period as earned by the Settlement Fund, until paid (the "Expense Application"); and

3.    Whether the Court should award Lead Plaintiff a service award for his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class, in the amount of $7,500, pursuant to 15 U.S.C. § 78u-4(a)(4).

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement, dated November 8, 2024 (the "Stipulation," ECF No. 106-2). Unless otherwise stated, all emphasis is added and internal citations and quotations are omitted.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

The Court has preliminarily approved the Settlement to resolve this securities class action in exchange for a cash payment of $2.5 million—an outstanding result given Enochian's precarious financial condition, the maximum theoretical damages, and the risks and delay of further litigation.

Lead Plaintiff's Counsel achieved the Settlement after litigation since mid-2022, including defeating Defendants' motion to dismiss.  Over the course of this action, Lead Plaintiff's Counsel shouldered significant risks, including the risk of outright dismissal at the pleading stage, Defendants' anticipated opposition to class certification, and the risks associated with summary judgment and trial. Significantly, Enochian—which no longer has a commercial product or revenue source—was rapidly depleting its remaining cash and insurance and warned that it may need to pursue bankruptcy.  (*See* Preliminary Approval Order, ECF No. 114 at 10.)  This raised a substantial risk that the Class would not be able to recover a judgment after trial, and that Lead Plaintiff's Counsel would obtain no compensation for its work.  Despite these risks, Lead Plaintiff's Counsel invested 835.5 hours (or $773,534) of work on a fully contingent basis to achieve the Settlement.

Consistent with the Notice, Lead Plaintiff's Counsel now respectfully seeks (1) an award of attorneys' fees in the amount of 27.5% of the Settlement Fund (plus interest at the same rate and for the same period as earned by the Settlement Fund, until paid); (2) payment of litigation expenses in the amount of $175,588 (plus interest at the same rate and for the same period as earned by the Settlement Fund, until paid); and (3) an award of $7,500 to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4).

First, the requested 27.5% fee is reasonable and comparable to fee percentages awarded in this Circuit.  Perhaps the most important factor in assessing the request is the result achieved for the benefit of the Settlement Class.  By investigating and

drafting a compelling and detailed complaint and vigorously prosecuting this action, Lead Plaintiff's Counsel achieved a Settlement that represents 5.3% of Plaintiff's estimated range of recoverable damages. (Bauer Decl. ¶28.) More importantly, this recovery was extracted from a defendant that had only $220,571 in cash at the time of Settlement (a figure that has since fallen to $92,700).

As to comparable fee awards, fees of 27.5% or higher have regularly been awarded in securities class actions in this District and Circuit. (*Infra* Sec. II, B.5.) Other relevant factors also support the requested fee, including the risks of the litigation; the quality of representation; the time and labor expended by counsel; and the support of Lead Plaintiff and the Class. (*Infra* Sec. II, C.)

Second, the requested reimbursement of $175,588 in litigation expenses is reasonable because these expenses were necessarily incurred to prosecute this case, which required Lead Plaintiff's Counsel to, among other things: (i) investigate, draft, and file an amended complaint; (ii) engage experts on loss causation and damages; (iii) overcome Defendants' motion to dismiss; and (iv) engage in lengthy arm's-length mediation under the auspices of Jed Melnick of JAMS, while addressing Enochian's financial condition and the threat of bankruptcy.

Finally, Lead Plaintiff requests an award of $7,500 pursuant to the PSLRA's provision for "award[s] of reasonable costs and expenses (including lost wages) directly relating to the representation of the class," 15 U.S.C. § 78u-4(a)(4). The requested award is reasonable given Lead Plaintiff's approximately 19 hours of time devoted to prosecuting this action on behalf of the Settlement Class, and supported by prior awards to lead plaintiffs in this District and Circuit.

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

3

## II.    THE COURT SHOULD APPROVE LEAD PLAINTIFF'S COUNSEL'S REQUESTED FEES

### A.    The Percentage-of-Recovery Method Is Appropriate for Awarding Attorney's Fees in Common Fund Cases

The Supreme Court has recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "The common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). The "equitable notion that those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it" is the guiding principle of the common fund doctrine. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*").

"[U]nder the common fund doctrine … a reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Ninth Circuit has repeatedly approved the use of the percentage method in common-fund cases. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("the primary basis of the fee award remains the percentage method"); *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 768 F. App'x 651, 653 (9th Cir. 2019) (approving district court's use of the "percentage-of-the-fund method"); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015) (same); *Glass v. UBS Fin. Servs, Inc.*, 331 F. App'x 452, 457 (9th Cir. 2009) (same).

Courts in the Ninth Circuit recognize that "[t]here are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the highest award

for the class members, and reducing the burden on the courts that a complex lodestar calculation requires." *Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, at *11 (C.D. Cal. July 27, 2015).

**B.    Lead Plaintiff's Counsel's Fee Request Is Reasonable and Warranted**

The requested 27.5% fee award is reasonable and justified in this challenging, risky case. Although the Ninth Circuit has stated that "25% of the common fund" is a "benchmark award for attorney fees," *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003), the Circuit has also recognized that "district court[s] should be guided by the fundamental principle that fee awards out of common funds be '*reasonable under the circumstances*.'" *WPPSS*, 19 F.3d at 1296 (emphasis in the original). Courts in this District have regularly awarded fees of 27.5% or higher in securities class settlements. (*Infra* at Sec. II, B.5.) Indeed, "Absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%." *Gutierrez v. Amplify Energy Corp.*, 2023 WL 6370233, at *3 (C.D. Cal. Sep. 14, 2023) (citing *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008)).

Here, the relevant factors confirm that a 27.5% fee award is fair and reasonable in the circumstances of this case. Those factors include "(1) the results achieved for the class; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee; and (5) awards made in similar cases." *Jiangchen v. Rentech*, 2019 WL 5173771, at *9 (C.D. Cal. Oct. 10, 2019); *see also Vizcaino*, 290 F.3d at 1048–50; *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *10 (N.D. Cal. July 22, 2019).

**1.    The Extraordinary Result Achieved**

Courts typically consider the results achieved to be the most important factor when assessing a request for attorneys' fees. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained"); *In re*

*Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 522 (N.D. Cal. Apr. 7, 2020) ("The first and 'most critical factor [in determining attorneys' fees] is the degree of success obtained.'").

Here, Lead Plaintiff's Counsel recovered $2.5 million, amounting to 5.3% of Plaintiff's estimated range of recoverable damages of $47 million.  (Bauer Decl. ¶28.) The recovery here compares favorably to securities class action settlements in this District.  *See, e.g.*, *Guidano Napoli v. Ampio Pharm., Inc. et al*, No. 2:15-CV-03474-TJH-PJW, ECF No. 97 (C.D. Cal. Sept. 29, 2017) and ECF No. 87 at 11 (granting final approval of $3.4 million settlement,  constituting 5.36% of estimated $63.4 million damages);  *James Rose v. Deer Consumer Prod., Inc. et al*, No. 2:11-CV-03701-DMG, ECF No. 107 (C.D. Cal. Aug. 9, 2013) and ECF No. 100 at 5 (granting final approval of $2.125 million settlement, constituting 4% of estimated $52.6 million damages); *In re LJ Int'l, Inc. Sec. Litig.*, 2009 WL 10669955, at *4–5 (C.D. Cal. Oct. 19, 2009) (approving settlement with recovery of 4.5% of maximum damages); *In re Broadcom Corp. Sec. Litig.*, 2005 WL 8153007, at *6 (C.D. Cal. Sept. 14, 2005) ("In any event, even a 2.7 cent recovery for every dollar of claimed damages would not be inconsistent with the average recovery in securities class action cases."); *see also Rentech*, 2019 WL 5173771, at *9 ("median recovery in securities class actions in 2018 was approximately 2.6% of estimated damages").

This result is especially noteworthy given Enochian's material financial constraints and the risk of bankruptcy, detailed below, which greatly diminished the prospect of any meaningfully larger recovery.  And continued litigation would have only further depleted Enochian's already dwindling ability to fund any settlement.

### 2.    The Risk of Litigation

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly [in] a case involving complicated legal issues, is a significant factor in the award of fees." *Rentech*, 2019 WL 5173771, at *9 (quoting *Omnivision*, 559 F.

Supp. 2d at 1046–47); *see also Vizcaino*, 290 F.3d at 1048; *WPPSS*, 19 F.3d at 1299–1301.

Here, as discussed in the Bauer Declaration, Lead Plaintiff's Counsel faced significant risks in prosecuting this complex Action on a fully contingent basis. (Bauer Decl. ¶¶32-33, 35-38.) As the Court noted in its Preliminary Approval Order, Defendants' precarious financial condition posed an almost existential risk to further litigation. (ECF No. 114 at 10-11.) With no commercial product and no meaningful revenue source, Enochian's cash position rapidly diminished during the course of the Litigation.[2] By March 31, 2024, Enochian's cash and cash equivalents had diminished to $312,697, a figure that dropped to $220,571 by the time of the Settlement in November 2024.[3] Since then, Enochian's cash reserves have diminished even further to a cash position totaling $92,700, as reported in Enochian's Form 10-K filed on September 29, 2025.[4] Enochian's financial position was so risky that shortly before the Settlement, Enochian warned in its Form 10-K, "If we do not have sufficient funds to continue operations, we could be required to seek bankruptcy protection or other alternatives that could result in our stockholders losing some or all of their investment in us."[5] The prospect of a near-term Chapter 11 filing significantly raised the risk that this action would never reach summary judgment (much less trial), and that Lead Plaintiff's Counsel would receive no compensation, regardless of the strength of the merits.

---

[2] In August 2023, Enochian changed its name to Renovaro Biosciences, Inc. On August 20, 2025, Enochian changed its name again to Lunai Bioworks, Inc. For continuity, Plaintiff will continue to refer to Enochian.

[3] Enochian Form 10-Q for the quarterly period ended March 31, 2024, at 2, 7, 11, 46, available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001527728/0cb607ef-695e-4a01-9277-eef139869e37.pdf; Enochian Form 10-Q for the quarterly period ended Sept 30, 2024, at 6, available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001527728/feff0e70-26d2-482f-bb8f-a58d23775b4f.pdf .

[4] Enochian Form 10-K for the fiscal year ended June 30, 2025, at 61, available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001527728/fc14ce51-90a1-4a10-aef3-0d4a2245f1b6.pdf.

[5] *Id.* at 11.

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

7

On the merits, Defendants vigorously denied scienter, and at the motion to dismiss hearing the Court described this case as "a close one." Litigating scienter further posed the risk of depleting Enochian's limited cash reserves as "[n]umerous depositions and document and other written discovery would be required if the case continued"—including potential depositions of Serhat Gumrukcu in prison—and "[e]xtensive and expensive expert discovery would also be necessary." *Farrar v. Workhorse Grp., Inc.*, 2023 WL 5505981, at *7 (C.D. Cal. July 24, 2023). Additionally, "there would be significant costs and risks associated with class certification, summary judgment, and trial." *Id.*

Further, had the Litigation proceeded to trial, the Class faced an additional risk from the PSLRA's proportionate liability provision, which states that defendants may be "liable solely for the portion of the judgment" corresponding to the percentage of responsibility a jury assigns to each defendant. 15 U.S.C. § 78u-4(f)(2)(B)(i). This posed the risk that a jury could assign most or all fault to a defendant with limited assets from which to recover a judgment.

### 3.    The Skill Required and the Quality of Work

Courts also often consider the skill required of, and quality of work performed by, counsel. The "'prosecution and management of a complex national class action requires unique legal skills and abilities. This is particularly true in securities cases because the [PSLRA] makes it much more difficult for securities plaintiffs to get past a motion to dismiss.'" *Rentech*, 2019 WL 5173771, at *10 (quoting *Omnivision*, 559 F. Supp. 2d at 1047).

This action's complexity demanded heightened skill. On the merits, Lead Plaintiff's Counsel conducted a robust investigation, prepared a detailed complaint, briefed, argued, and defeated Defendants' motion to dismiss, and negotiated a Settlement that achieved a significant recovery for the Settlement Class. Lead Plaintiff's Counsel devoted substantial amounts of attorney and staff time in vigorously prosecuting this action. As a result of these efforts, the Settlement Class

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

8

was able to plead detailed allegations and defeat Defendants' motion to dismiss—a result of what the Court observed was "thoroughly investigat[ing] Defendants' conduct and financial position, including through consultations with experts." (ECF No. 114 at 13.)  The Court also commended the parties' excellent briefing and argument at the hearing on Defendants' motion to dismiss, (ECF No. 93 at 55:9-11.) Enochian's financial condition and the threat of bankruptcy demanded further skill and experience to navigate.

Lead Plaintiff's Counsel's reputation and experience further support the requested fee.  BFA partners have litigated dozens of securities actions that have contributed to the recovery of billions of dollars for investors, including nearly $2 billion since the founding of the firm in 2014, and BFA serves as lead counsel in a number of significant pending securities class actions.  (Bauer Decl. ¶¶46-48.) Additional counsel The Schall Law Firm ("Schall") are also highly experienced in prosecuting complex securities class actions and brought their skill and experience to bear in this case.  (*See* Bauer Decl., Ex. H.)

Additionally, "the quality of opposing counsel is important in evaluating the quality of Plaintiff's counsel's work."  *In re Heritage Bond Litig.*, 2005 WL 1594403, at *20 (C.D. Cal. June 10, 2005); *see also Rentech*, 2019 WL 5173771, at *10 (finding the "requested fee" supported because "Lead Counsel faced a vigorous defense" from "a respected national law firm").  Here, Lead Plaintiff's Counsel faced highly skilled and experienced opposition from one of the nation's largest and most sophisticated defense firms, Cooley LLP.  Defendants' counsel litigated the Litigation skillfully and aggressively, with defense costs funded by insurance coverage.  In the face of this formidable and well-financed opposition, Lead Plaintiff's Counsel strongly developed the proof to persuade Enochian and Defendants' insurance carriers to settle for a significant sum given Enochian's financial constraints.

### 4. The Contingent Nature of the Fee

The contingent nature of the fee, the financial burden on counsel throughout the litigation, and the risk they will receive little or no compensation for their efforts is an important consideration when determining an award of attorneys' fees. *See WPPSS*, 19 F.3d at 1299 ("It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases."); *see also Rentech*, 2019 WL 5173771, at *10 ("The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee.") (quoting *Omnivision*, 559 F. Supp. 2d at 1047).

The risks to recovery are significant in a complex securities class action such as this one. There are numerous examples of cases where plaintiffs' counsel expended thousands of hours and millions of dollars to prosecute claims, yet ultimately lost the cases and received no compensation at all. *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 2009 WL 1709050 (N.D. Cal. June 19, 2009), *aff'd*, 627 F.3d 376 (9th Cir. 2010) (granting summary judgment to defendants after eight years of litigation). Even plaintiffs who defeat motions for summary judgment and succeed at trial may have judgment in their favor overturned on a post-trial motion or on appeal. *See, e.g.*, *In re Apple Computer Sec. Litig.*, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991) (after jury verdict for plaintiffs, court entered judgment for individual defendants and ordered new trial with respect to corporation).

Here, the fully contingent nature of the representation supports the requested fee. Lead Plaintiff's Counsel committed significant time and expense (discussed further below) to vigorously prosecute this Litigation since mid-2022. Lead Plaintiff's Counsel undertook the representation of the Class knowing that the Litigation could last for years, would require the substantial investment of time by

attorneys and support staff, and provided no guarantee of any compensation. Lead Plaintiff's Counsel also assumed the risk of advancing all costs and expenses necessary to successfully prosecute the Litigation with no guarantee of reimbursement. And Enochian's limited and rapidly decreasing cash position posed risks well beyond a normal contingency-fee representation. Accordingly, the contingent nature of Lead Plaintiff's Counsel's representation favors the requested fee.

### 5.    Awards in Similar Casses

A 27.5% fee is fair, reasonable, and adequate given the fee awards in similar actions of this size and complexity, including prior awards in this District.

As noted above, "in most common fund cases, the award exceeds [the 25%] benchmark" in this Circuit. *Omnivision*, 559 F. Supp. 2d at 1047. Indeed, the Ninth Circuit has upheld awards of 28% and 33%. *See, e.g.*, *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee award in $14.8 million settlement); *see also Vizcaino*, 290 F.3d at 1050 (affirming 28% fee in $96.885 million settlement). That is especially true of cases, like this one, with seven-figure settlements: "Cases of under $10 Million will often result in fees above 25%." *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008).

Courts in this District have also awarded fees of 27.5% or higher in similarly sized securities class settlements. *See, e.g.*, *Rentech*, 2019 WL 5173771, at *11 (awarding one-third of $2.05 million settlement); *Oh v. Hanmi Fin. Corp.*, No. 2:20-cv-02844, ECF No. 98 at 2 (C.D. Cal. Sep. 17, 2024) (awarding 31.82% of $3 million settlement); *In re GTT Communications, Inc. Sec. Litig.*, No 2:21-cv-00270, ECF No. 65 at 8 (C.D. Cal. Mar. 21, 2022) (awarding 30% of $2 million settlement); *Crafton v. Powerwave Techs. Inc.*, No. 8:07-cv-00065, ECF No. 165 at 1 (C.D. Cal. Oct. 19, 2009) (awarding one-third of $3.15 million settlement); *Grecian v. Meade Instruments Corp.*, No. 8:06-cv-00908, ECF No. 44 (C.D. Cal. Dec. 10, 2007) (awarding 30% of $2,960,647 settlement). The Ninth Circuit has also affirmed even

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

11

larger fees in similarly sized securities class settlements. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee of one-third, or 33.3%, of $1,725,000 settlement).

The requested 27.5% fee is thus reasonable in the circumstances of this case, particularly in light of the result, risk, quality, and other factors analyzed herein.

### C.   Lead Plaintiff Supports the Fee Request

Lead Plaintiff's approval further supports the requested fee.  As indicated in his declaration, Lead Plaintiff Murray has reviewed Lead Plaintiff's Counsel's fee application and supports it.  (Bauer Decl., Ex. A ("Murray Decl."), ¶10.)  In addition, the request is consistent with Lead Plaintiff Murray's retention agreement with counsel, which memorialized the requested fee percentage.  (*Id.*, ¶11.)  This *ex ante* fee agreement made well before any recovery was achieved, and Lead Plaintiff's extensive involvement in the Litigation, confirm the Fee Application's reasonableness.   The PSLRA encourages investors with significant financial interests in the litigation—such as Murray—to serve as lead plaintiffs and play an active role in supervising and directing the litigation, including selecting, retaining, and overseeing counsel.  *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1020 (N.D. Cal. 1999). Thus, "under the PSLRA, courts should accord a presumption of reasonableness to any fee request submitted pursuant to a retainer agreement that was entered into between a properly-selected lead plaintiff and a properly-selected lead counsel." *In re Cendant Corp. Litig.*, 264 F.3d 201, 282 (3d Cir. 2001); *see also In re Cavanaugh*, 306 F.3d 726, 734 n.14 (9th Cir. 2002) (noting the "Reform Act's underlying assumption that, at least in the typical case, a properly-selected lead plaintiff is likely to do as good or better job than the court at [choosing counsel and a retainer agreement]").

Lead Plaintiff's Counsel's Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Award
Case No. 8:22-cv-01374-JWH-JDE

12

**D.** **The Reaction of the Settlement Class to Date Supports the Requested Attorneys' Fees**

Courts also consider the reaction of the class when deciding whether to award the requested attorneys' fees. *See, e.g.*, *Rentech*, 2019 WL 5173771, at *10 ("no objections filed to the requested attorney's fees…supports granting the requested fee by any Class Members also supports" the fee award); *Heritage Bond*, 2005 WL 1594403, at *21 ("[t]he existence or absence of objectors to the requested attorneys' fee is a factor [in] determining the appropriate fee award"); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("the lack of objection from any Class Member supports the attorneys' fees award").

The reaction of the Class to date overwhelmingly supports the Fee Application. First, as already noted, Lead Plaintiff, who has committed to actively prosecuting the Litigation in the best interest of the Class, has reviewed and supports the Fee Application. (Murray Decl., ¶10.) Further, as of October 20, 2025, the Claims Administrator has disseminated 33,796 copies of the Notice to potential Settlement Class Members advising them that Class Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund—which is greater than the current request. (Bauer Decl., Ex. E ("Kimball Decl.") ¶11 & Ex. A.) While the deadline for objections does not expire until November 4, 2025, to date, no objections to the requested fee set forth in the Notice have been received. (*Id.* ¶¶27, 29.) This lack of objections further confirms that the requested fee is reasonable. *See, e.g.*, *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *7 (N.D. Cal. Feb. 2, 2009) (lack of objections supported 30% fee award); *Omnivision*, 559 F. Supp. 2d at 1048 (three objections supported 28% fee award).

**E.** **The Requested Fee Is Reasonable Under a Lodestar Cross-Check**

"In cases where courts apply the percentage-of-the-fund method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *In re Am. Apparel, Inc. S'holder Litig.*,

2014 WL 10212865, at *20 (C.D. Cal. July 28, 2014); *Vizcaino*, 290 F.3d at 1050 ("the lodestar may provide a useful perspective on the reasonableness of a given percentage award"). Courts calculate lodestar "by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." *Paul, Johnson, Alston & Hung v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). "In securities class actions, it is common for a counsel's [lodestar] figure to be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel." *Heritage Bond*, 2005 WL 1594403, at *22.

Here, the lodestar cross-check method confirms the reasonableness of Lead Plaintiff's Counsel's requested fee.  Lead Plaintiff's Counsel has spent 835.5 hours, or $773,534, in connection with the Litigation.  (Bauer Decl. ¶38.)  Of this, 783.5 hours and $723,334 is attributed to BFA, excluding the time incurred by BFA before appointment as Lead Counsel on October 22, 2023, all time incurred after Preliminary Approval was granted on August 18, 2025, all time incurred by timekeepers with fewer than 100 hours devoted to the matter, and any additional time that counsel determined was not material to the resolution achieved.  (*Id.* ¶¶39, 44 & Ex. C.)  And 52 hours and $50,200 is attributable to the Schall firm.  (Bauer Decl., Ex. H ("Schall Decl.") ¶7.)  As explained in the Bauer Declaration and the Schall Decl., the lodestar information is based on contemporaneous time records prepared and maintained in the ordinary course by each firm.  (Bauer Decl. ¶40; Schall Decl. ¶6.)

The requested 27.5% represents a fee of $687,500 (plus interest).  Thus, the fee request represents a multiplier of approximately 0.89.  (Bauer Decl. ¶41.)  A "multiplier of less than one … suggests that the negotiated fee award is a reasonable and fair valuation of the services rendered to the class." *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010) (requested fee award was not

unreasonable when lodestar cross-check revealed a multiplier of 0.59); *Cabiness v. Educ. Fin. Sols., LLC*, 2019 WL 1369929, at *7 (N.D. Cal. Mar. 26, 2019) ("an award exceeding 25 percent is reasonable where the total fee award is lower than the lodestar calculation" and does "not 'yield windfall profits for class counsel in light of the hours spent on the case.'") (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)); *see also Rentech*, 2019 WL 5173771, at *11 (awarding fees with 0.51 multiplier); *Oh*, No. 2:20-cv-02844, ECF No. 98 at 2 (awarding fees with 0.89 multiplier). The lodestar crosscheck, therefore, supports Lead Plaintiff's Counsel's request for 27.5% the Settlement Amount in attorney's fees.

BFA's hourly rates used to calculate the lodestar, which range from $695 to $1,250 for attorneys (Bauer Decl. ¶41), are also reasonable. These rates are the usual and customary rates set by each firm for each individual timekeeper, and they are comparable to rates set by peer firms for attorneys of similar skill and experience. (*id.* ¶42.) They also compare favorably to the non-contingent rates charged by Defendants' counsel in this Litigation. For example, Defendants' counsel (Cooley LLP) indicated in a 2022 bankruptcy court filing that the firm's rates reached up to $1,420 for partners and $1,115 for associates. *In Re: Retail Group, Inc.*, No. 3:20-BK-33113, ECF No. 2700 (Bankr. E.D. Va. May 26, 2022).

These rates are within the range of reasonable fees for attorneys working on sophisticated class action litigation in this District and comparable jurisdictions. *See, e.g.*, *Hope Med. Enters., Inc. v. Fagron Compounding Serv., LLC*, 2022 WL 826903, at *3 (C.D. Cal. Mar. 14, 2022) (finding "rates of $895 to $1,295 per hour for partners and counsel, and between $565 and $985 for associates" to be reasonable); *see also Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (in securities class action settled in 2018, finding rates ranging "from $650 to $1,250 for partners or senior counsel, from $400 to $650 for associates, and from $245 to $350 for paralegals" to be reasonable); *In re Volkswagen "Clean Diesel"*

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-cv-01374-JWH-JDE

15

*Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving fee award in 2017 with billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals).

## III.   PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Rentech*, 2019 WL 5173771, at *11 (quoting *Omnivision*, 559 F. Supp. 2d at 1048); *see also In re Optical Disk Drive Prods. Antitrust Litig.*, 2016 WL 7364803, at *10–11 (N.D. Cal. Dec. 19, 2016) ("Attorneys who create a common fund for the benefit of a class are entitled to be reimbursed for their out-of-pocket expenses incurred in creating the fund so long as the submitted expenses are reasonable, necessary and directly related to the prosecution of the action.").

The Notice apprised Settlement Class Members that Lead Plaintiff's Counsel would seek expenses in an amount not to exceed $300,000. Lead Plaintiff's Counsel has incurred expenses of $175,588 in prosecuting this Litigation, and respectfully requests reimbursement of that amount, plus accrued interest. (Bauer Decl. ¶52.)

Here, the expenses for which Lead Plaintiff's Counsel seeks reimbursement were required to prosecute this Litigation and are of the type routinely charged to hourly clients. Lead Plaintiff's Counsel's expenses are summarized and categorized in the Bauer Declaration and Exhibit F.

As explained therein, the Expense Application consists primarily of the following categories:

- $94,711.58, or approximately 54% of total expenses, relates to experts in the fields of accounting, loss causation, and damages (*see* Bauer Decl. ¶57 & Ex. F);

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-cv-01374-JWH-JDE

16

- $53,732.54, or 31%, relates to the retention of an experienced private investigator in connection with Lead Plaintiff's Counsel factual investigation and drafting of the operative complaint (*id.*);

- $17,032.81, or 10%, relates to Lead Plaintiff's Counsel's share of the mediation fees paid to JAMS for the services of Mr. Melnick and his team (*id.*);

- $3,687.60, or 2%, relates to case-related travel expenses (*id.*);

- $3,492.67, or 2%, relates to on-line legal and factual research (*id.*); and

- $2,016.00, or 1%, for service and filing fees. (*Id.*)

Notably, Lead Plaintiff's Counsel's request for $175,588 in expenses is substantially lower than the maximum of approximately $300,000 estimated in the Notice disseminated to the Class. (*Id.* ¶52.) To date, there have been no objections by Class Members to Lead Plaintiff's Counsel's expense request. (Kimball Decl. ¶29.) Moreover, Lead Plaintiff Murray supports Lead Plaintiff's Counsel's request for reimbursement of expenses as reasonable. (Murray Decl., ¶¶13-14.)

## IV. LEAD PLAINTIFF SHOULD BE REIMBURSED HIS REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. § 78U-4(A)(4)

The PSLRA authorizes the Court to allow reimbursement to a representative plaintiff for "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4). Accordingly, courts routinely reimburse lead plaintiffs and class representatives in PSLRA actions for their reasonable costs and expenses, including the time devoted to the action. This includes "the significant time and effort Lead Plaintiff expended," including "reviewing and commenting on the complaints and significant briefs" and "communicating with counsel to oversee

the litigation." *Todd v. STAAR Surgical Co.*, 2017 WL 4877417, at *6 (C.D. Cal. Oct. 24, 2017).

Thus, Lead Plaintiff Jean-Pierre Murray seeks $7,500 for the time and effort he devoted to participation in and supervision of this Litigation. This includes time spent communicating with Lead Plaintiff's Counsel, reviewing pleadings and briefs, and consulting with counsel concerning settlement negotiations and the mediator's recommendation. (Murray Decl., ¶¶5, 19.) These efforts required Lead Plaintiff to dedicate considerable time and resources to the Litigation that he would have otherwise devoted to his regular duties and thus represented a cost to Lead Plaintiff. *Id*. The award sought by Lead Plaintiff is reasonable and justified under the PSLRA based on the active involvement of Lead Plaintiff in the Litigation, and should be granted. *See Oh*, No. 2:20-cv-02844, ECF No. 98 at 2 (awarding $10,000 to lead plaintiff for time spent on the litigation); *In re Stable Rd. Acquisition Corp.*, 2024 WL 3643393, at *16 (C.D. Cal. Apr. 23, 2024) (awarding $10,000 to lead plaintiff for "(i) moving to serve as Lead Plaintiff in the Action; (ii) producing his trading records to my attorneys; (iii) regularly communicating with his attorneys regarding the posture and progress of the case; (iv) reviewing significant pleadings and briefs filed in this Action; (v) reviewing the Court's orders and discussing them with his attorneys; (vi) consulting with his attorneys regarding the settlement negotiations; and (vii) evaluating and approving the proposed Settlement); *Brown v. China Integrated Energy Inc.*, 2016 WL 11757878, at *14 (C.D. Cal. July 22, 2016) (awarding $10,000 to each lead plaintiff); *see also In re ImmunityBio, Inc. Sec. Litig.*, 2025 WL 1686263, at *16 (S.D. Cal. June 16, 2025) (awarding $10,000 award to lead plaintiff).

In addition, the Notice disclosed to Settlement Class Members that Lead Plaintiff would seek an award not to exceed $7,500 (ECF No. 106-4 at 2), and no objections to that request have been received. The "lack of any objections to the

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-cv-01374-JWH-JDE

18

proposed award to Lead Plaintiff also supports the reasonableness of the award. *In re ImmunityBio, Inc.*, 2025 WL 1686263, at \*16.

## V.    CONCLUSION

For the reasons set forth above, Lead Plaintiff respectfully moves the Court to (i) award Lead Plaintiff's Counsel attorneys' fees of 27.5% of the Settlement Fund, or $687,500.00, plus interest at the same rate and for the same period as earned by the Settlement Fund, until paid; (ii) reimburse Lead Plaintiff's Counsel for litigation expenses in the amount of $175,588, plus interest at the same rate and for the same period as earned by the Settlement Fund, until paid; and (iii) award Lead Plaintiff for his representation of the Class in the amount of $7,500, pursuant to 15 U.S.C. § 78u-4(a)(4).

Dated: October 21, 2025

Respectfully submitted,

By: */s/ Joseph A. Fonti*
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

George N. Bauer (*pro hac vice*)
gbauer@bfalaw.com
75 Virginia Road, 2nd Floor
New York, New York 10603
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Lead Plaintiff Jean-Pierre Murray and Lead Counsel for the Putative Class*

LEAD PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD
CASE NO. 8:22-CV-01374-JWH-JDE

19

– and –

Brian Schall (SBN 290685)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jean-Pierre Murray*

Lead Plaintiff's Counsel's Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Award
Case No. 8:22-cv-01374-JWH-JDE

20

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 11-6.2, the undersigned, counsel of record for Lead Plaintiff and Lead Counsel, certifies that this brief contains 5,830 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 21, 2025

Respectfully submitted,

By: */s/ Joseph A. Fonti*
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

George N. Bauer (*pro hac vice*)
gbauer@bfalaw.com
75 Virginia Road, 2nd Floor
New York, New York 10603
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Lead Plaintiff Jean-Pierre Murray and Lead Counsel for the Putative Class*

– and –

Brian Schall (SBN 290685)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jean-Pierre Murray*